**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERONICA TURNER<br>and KEVIN TURNER<br>6663 SW 179th Avenue<br>Dunnellon, Florida 34432<br><br>        *Plaintiffs,*<br>                    v.<br><br>AVCO CORPORATION<br>1275 King Street<br>Greenwich, Connecticut, 06830 and<br><br>TEXTRON, INC.<br>40 Westminster Street<br>Providence, Rhode Island 02903 and<br><br>BLANK ROME LLP,<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103<br><br>JAMES T. SMITH, ESQUIRE, and<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103 and<br><br>REBECCA WARD, ESQUIRE<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103 and<br><br>HEIDI G. CRIKELAIR, ESQUIRE and<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103<br><br>        *Defendants.* | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

1

**CIVIL ACTION COMPLAINT**
**(WRONGFUL USE OF CIVIL PROCEEDINGS)**

The above-named Plaintiffs, by and through the undersigned counsel, hereby asserts the following claims against the above-named Defendants:

## I. Introduction

1. Plaintiff Veronica Turner (hereinafter "Ms. Turner"), an accomplished civil trial attorney, has initiated the instant action to seek damages incurred due to the wrongful filing and continuation of an utterly baseless "breach of fiduciary duty" and "injunction" case filed against her in August of 2020 in the United States District Court for the Eastern District of Pennsylvania, and subsequently dismissed as meritless.

2. Ms. Turner maintained a spotless ethical record in her thirty-plus years of law practice.

3. Ms. Turner formerly represented Defendant Avco Corporation's unincorporated Lycoming Engines division in major aircraft crash litigation.

4. In their meritless Complaint, the several Defendants wrongfully accused Ms. Turner of ethical breaches and other improper conduct, falsely asserting that she had used information allegedly gleaned in her representation of Avco Corporation in representing plaintiffs against it.

5. Defendants were well aware they had no evidence to support their meritless claims, and their true purpose for filing and continuing their meritless action against Ms. Turner was to destroy her career and subject her to a lengthy, painful, and unnecessary discovery and

2

fact finding process that would cause (and was specifically intended to cause) significant expense, embarrassment, and humiliation to a solo practitioner with limited resources who did nothing meriting the issuance of an injunction (or any other relief).

6. Outrageously, Defendants sought their requested injunction based solely on a single discreet assignment carried out by Ms. Turner on *a case in which Avco Corporation was not even a party,* and in which it *had previously admitted Ms. Turner did not act adversely to it*.

7. Based entirely upon an absurd, nonsensical and fabricated factual predicate, Defendants sought a broad, sweeping injunction prohibiting Ms. Turner from representing *any plaintiff* in *any case* filed against it in *any court* against it in the future.

8. Defendants' intent in filing and continuing the aforesaid case was to financially ruin Ms. Turner and destroy her reputation by bringing the resources of a large law firm to bear against her to send a message to her and to other current and former outside counsel who worked with Defendant Avco Corporation and Defendant Textron  – *don't even think of switching sides.*

9. But things did not go as planned for Defendants, and, rather than capitulating to their nonsensical demands, Ms. Turner mounted an aggressive defense, and the Federal District Court judge assigned to the aforesaid case saw through Defendants' retaliatory charade and dismissed their case as meritless (twice), finding that they had failed to prove their baseless

3

claims - and noting that they had filed their case because they sought a "pound of flesh" from Ms. Turner.

10. Defendants' case was dismissed *twice,* and three sitting Federal Judges strongly criticized its lack of merit during its pendency.

11. During oral argument on Defendants' appeal of the first dismissal, the Third Circuit panel asked counsel for Avco/Textron to identify exactly what Ms. Turner did to breach her fiduciary duty, and Defendant Avco's counsel had no answer:

> Q. (Judge D. Brooks Smith): What did she do, disclose, misuse, violate, what have you . . . that actually constitutes a breach here?
>
> A. So there are several things, and I think that at a bare minimum there were issues of material fact on this issue, but what she did is she appeared in the *Torres* Arizona case armed with all of the confidential and proprietary information she had received over the course of her representation of Avco.
>
> Q. (Judge Thomas M. Hardiman): For example, she said what? She said what that she shouldn't have said?
>
> A. She engaged in briefing and in examination . . .
>
> Q. (Judge Thomas M. Hardiman): What did she say in the brief that she shouldn't have said?
>
> A. She, in the brief, opposed one of Avco's experts, an expert who she had worked very closely with . . .
>
> Q. (Judge D. Brooks Smith): *So what? She has to misuse some information that she had, right*?

> Third Circuit Oral Argument recording, (https://www2.ca3.uscourts.gov/oralargument/audio/21-2750_AvcoCorpv.SaltzTurner.mp3) at 7:26 - 8:20 (emphasis added).

12. The Hon. D. Brooks Smith of the United States Court of Appeals for the Third Circuit also noted during oral argument that there was a glaring lack of authority supporting Defendants' liability arguments against Ms. Turner, and that:

> [g]iven this breathtaking absence of authority, this case looks to me like a warning to Ms. Turner: *"Stay away from litigation that involves us."*
>
> Third Circuit Oral Argument recording, (https://www2.ca3.uscourts.gov/oralargument/audio/21-2750_AvcoCorpv.SaltzTurner.mp3) at 17:32 – 17:52 (emphasis added).

13. Defendants' case against Ms. Turner was illegitimate from the day it was filed, was nothing more than an ill-conceived "hit job," and was intended from its inception to damage and destroy Ms. Turner personally and professionally.

## II.     Parties

14. Ms. Turner is an adult individual and resident of the state of Florida with an address at 6663 SW 179th Avenue Road Dunnellon, Florida 34432.

15. Plaintiff Kevin Turner ("Mr. Turner") is the lawful spouse of Ms. Turner, an adult individual, and a resident of the state of Florida with an address at 6663 SW 179th Avenue Road Dunnellon, Florida 34432.

16. Plaintiffs are residents of Florida.

17. Defendant Avco Corporation (hereinafter "Defendant Avco") is a Delaware corporation with a business address at 1275 King Street, Greenwich, Connecticut, 06830.

18. Defendant Avco is a resident of Connecticut and also maintains a large manufacturing facility in Williamsport, Pennsylvania.

19. Avco is a wholly-owned subsidiary of Textron Inc., and specializes in the manufacture of piston aircraft engines.

20. Defendant Textron Inc. (hereinafter "Defendant Textron") is a Delaware corporation with a business address at 40 Westminster Street, Providence, Rhode Island 02903.

21. Defendant Textron is a resident of Rhode Island.

22. Defendant Textron is the sole shareholder of Defendant Avco.

23. Defendant Textron, at all times relevant hereto, regularly directed, managed, controlled, and supervised all civil litigation filed by or against Defendant Avco.

24. Defendant Textron made the decision to initiate and pursue the meritless litigation against Ms. Turner.

25. At all times relevant hereto, Defendant Textron directed, managed, controlled and supervised the litigation filed against Ms. Turner.

26. Defendant Blank Rome LLP (*see infra*) prosecuted the meritless litigation against Ms. Turner under a "retention and billing agreement" with Defendant Textron which was produced by Defendant Avco during the discovery process.

27. No "retention and billing agreement" was produced between Defendant Avco and its legal counsel during the underlying case.

28. Defendant Textron used Defendant Avco as a "straw plaintiff" in the litigation against Ms. Turner, and made all decisions relating to the prosecution of the meritless case against her.

29. On April 13, 2021, Defendant Blank Rome LLP (*see infra*) admitted in correspondence to Ms. Turner that it was prosecuting the meritless case against her pursuant to "[Defendant] Textron's billing guidelines."

30. Defendant Blank Rome LLP (hereinafter "Defendant Blank Rome") is a Pennsylvania limited liability partnership with an address at One Logan Square, 130 North 18th Street, Philadelphia, PA 19103.

31. Defendant Blank Rome is a "Am Law 100" law firm with 15 offices and 700 attorneys.

32. Defendant Blank Rome is a resident of the Commonwealth of Pennsylvania.

33. Defendant James T. Smith (hereinafter "Defendant Smith") is an attorney at law and a partner in Defendant Blank Rome with an address as captioned above.

34. Defendant Smith is a resident of the Commonwealth of Pennsylvania.

35. Defendant Rebecca D. Ward (hereinafter "Defendant Ward") is an attorney at law and a partner in Defendant Blank Rome with an address as captioned above.

36. Defendant Ward is a resident of the Commonwealth of Pennsylvania.

37. Defendant Heidi G. Crikelair (hereinafter "Defendant Crikelair") is an attorney at law and a partner employed by Defendant Blank Rome with an address as captioned above.

38. Defendant Crikelair is a resident of the Commonwealth of Pennsylvania.

39. Defendants Smith, Ward and Crikelair filed, entered appearances in, and litigated the meritless case against Ms. Turner, knowing at all times relevant herein that: (a) the case against her was utterly meritless; (b) that there was no evidence supporting it; and (c) that the true purpose in filing and litigating it was to harm Ms. Turner and destroy her professionally.

40. At all times relevant hereto, all of the named Defendants acted through their agents, servants, and employees, each of whom was in the course and scope of their employment at all times relevant hereto.

### III.     Jurisdiction and Venue

41. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

42. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

43. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) because it is between citizens of different

states and involves an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

44. Venue is properly laid in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants regularly conduct business in this judicial district and because the acts and omissions giving rise to the claims set forth herein (including specifically the filing and prosecution of the meritless civil litigation from which this case arises) occurred exclusively in this judicial district.

### IV.   Factual Background

45. The foregoing paragraphs are incorporated as if set forth at length.

   ***a. Ms. Turner's prior representation and aviation litigation work.***

46. From 2005 through November of 2017, Ms. Turner defended Lycoming Engines ("Lycoming"), an unincorporated division of Defendant Avco, in aviation crash cases.

47. Ms. Turner ended her representation of Defendant Avco and Lycoming in November of 2017 and Defendant Avco terminated her representation in her sole remaining case (a trademark matter) in June of 2018.

48. At the time Ms. Turner ended her representation, her aviation cases (and complete case files) were transferred to Defendant Blank Rome at the direction of Defendant Avco, and Defendant Black Rome subsequently assumed representation of Defendant Avco and Lycoming.

9

### b. *The Torres Arizona assignment.*

49. In March of 2020 (several years after her work with Defendant Avco and Lycoming had ended), Ms. Turner accepted a discreet assignment from The Wolk Law Firm (a preeminent plaintiffs' aviation litigation firm) in the case of *Torres v. Honeywell et al.,* No. BC661226, in the Superior Court of Arizona/Maricopa County Division (hereinafter "the *Torres* Arizona litigation").

50. At the time Ms. Turner accepted the assignment, Defendant Avco was not a party to the *Torres* Arizona litigation and had been dismissed from the case over a year before on personal jurisdiction grounds.

51. The discrete assignment required Ms. Turner's assistance in preparing responses to the *Daubert* motions of defendants Honeywell and Copper State, preparation of *Daubert* motions against defendants Honeywell and Copper State's experts, drafting replies, arguing several of the motions and responses, and examining several witnesses at an evidentiary hearing.

52. None of the foregoing work involved Defendant Avco or its Lycoming division.

53. After she remotely attended a July 22, 2020, evidentiary hearing on the foregoing motions (in which Defendant Avco did not participate, since it had been dismissed from the case over a year before), Ms. Turner's discrete assignment on the *Torres* Arizona litigation concluded and she performed no further work on the case.

    *c.*       *Defendants' meritless case against Ms. Turner.*

54. On August 20, 2020, the several Defendants, at the direction of Defendant Textron, filed a Civil Action Complaint against Ms. Turner in the United States District Court for the Eastern District of Pennsylvania under the caption *Avco v. Turner,* E.D. Pa., No. 2:20-cv-04073.

55. The Complaint was served upon Ms. Turner on August 24, 2020.

56. Count I of the Complaint asserted a claim for breach of fiduciary duty.

57. Count II of the Complaint asserted a claim for declaratory relief.

58. Count III of the Complaint asserted a claim for injunctive relief.

59. The Complaint actually *admitted* that Ms. Turner's work on the *Torres* Arizona litigation did not involve or implicate Defendant Avco.

60. The Complaint unequivocally stated that Defendant Avco was not a party to the litigation on which Ms. Turner worked, and that it had already been dismissed on personal jurisdiction grounds when she performed her work. *See* Civil Action No. 2:20-cv-04073, ECF No. 1, ¶ 17.

61. The Complaint also admitted that Ms. Turner' work on the *Torres* case did not " . . . involve or implicate  . . . " Defendant Avco. *See* Civil Action No. 2:20-cv-04073, ECF No. 1-6, p. 4 of 8, lines 1-6 and p. 5 of 8, lines 24-25.

62. The Complaint also admitted that Ms. Turner's work concerned "other defendants." ECF No. 1, ¶ 57.

63. Contemporaneously with the Complaint, Defendants also filed a meritless "motion for preliminary injunction", which Ms. Turner opposed.

64. On September 21, 2020, after briefing on the motion for preliminary injunction, the District Court denied it (without holding a hearing).

65. In its Memorandum denying Avco's Motion for Preliminary Injunction, the Court stated as follows:

> Avco has not demonstrated that Ms. Turner is engaging in any conduct that will cause it an immediate, irreparable injury. Ms. Turner has declared, under penalty of perjury, that she is not working on any cases adverse to Avco. Instead, she worked on a single, discrete assignment that has now concluded in a case in which Avco was no longer a party. Because Avco has no basis to claim that Ms. Turner is working on any matters adverse to it, it cannot satisfy its burden of demonstrating that Ms. Turner will disclose Avco's confidential material to any of Avco's adversaries . . . .

66. Rather than taking the hint that their case was going nowhere and abandoning their meritless claims, Defendants doubled down and continued to press those claims.

67. On September 24, 2020, despite their awareness that Ms. Turner had no interest in settling the matter, Defendants took the highly-unusual step of filing a motion to compel Ms. Turner to attend a settlement conference *she had no wish to attend* and to place the case in administrative suspense.

68. The foregoing request was made because Defendants recognized that their case against Ms. Turner was factually and legally meritless.

69. Ms. Turner opposed the foregoing request and the District Court denied it.

12

70. Ms. Turner filed her Answer to the Complaint, denying any and all wrongdoing or liability on Defendants' claims.

71. Defendants, again not taking the hint, continued to press their frivolous claims.

72. The claims initiated and prosecuted by Defendants were meritless. By way of example, Defendants ignored the applicable law and the facts relating to Ms. Turner's work on the *Torres* Arizona litigation in that:

    a. It was admitted in the Complaint (*the day the meritless case against Ms. Turner was initiated*) that Ms. Turner's work on the *Torres* Arizona case neither "involved" not "implicated" Defendant Avco;

    b. Defendants falsely claimed Ms. Turner had obtained confidential information from Defendant Avco and then used it in the *Torres* Arizona litigation when they knew this claim was untrue and unsupported by any evidence. The attorney-Defendants knew this assertion was false because they had full access to the case files Ms. Turner had handled when she performed legal work for Defendant Avco. Defendant Blank Rome had taken over representation of Defendant Avco in all the cases Plaintiff had previously handled, and had taken possession of her former case files. Those files demonstrated beyond cavil that no confidential or proprietary information of Defendant Avco was obtained by Ms. Turner that was  - *or could have been* - later misused in the *Torres* Arizona litigation;

    c. During discovery, Defendant Avco admitted through its corporate designee deponent that it could not identify *any case* Ms. Turner worked on for it that was related in any way to the issues underlying the *Torres* Arizona litigation.

    d. Defendants falsely stated that Ms. Turner committed a Third Degree Felony (unauthorized practice of law in Florida) in their summary judgment filings when they were aware she had *never practiced law in Florida;*

    e. Defendants sought to recover attorneys' fees against Ms. Turner despite the fact that such recovery was flatly barred by the well-established "American Rule".

73. During the discovery process, Defendants falsely accused Ms. Turner of repeatedly "lying" and took an all-day "deposition" of her that was calculated to humiliate and embarrass her rather than to obtain information relevant to their meritless claims.

74. The deposition, rather than focusing on the facts relevant to Defendants' claims, turned into a grueling argument in which Defendant Smith repeatedly engaged in verbal abuse of Ms. Turner and went so far as to advise her on the record that he did not believe her testimony.

75. Discovery in the case against Plaintiff closed on July 2, 2021.

76. Motions for summary judgment were subsequently filed by the parties.

77. On August 23, 2021, the Federal District Court granted Ms. Turner's motion for summary judgment, denied Defendant Avco's motion, and dismissed the case against Ms. Turner.

78. In dismissing Defendant Avco's claims, the Federal District Court noted that it filed its action against Ms. Turner because it " . . . feels aggrieved . . . and it wants to exact a pound of flesh."

79. Defendants, still not taking the hint that their "hit job" against Ms. Turner had failed miserably, appealed the District Court's ruling to the Third Circuit Court of Appeals, which, after briefing and argument, remanded the case to the District Court on the narrow issue of whether Defendant Avco could recover "disgorgement" damages and whether there was a basis for a finding of liability against Ms. Turner.

80. The District Court dismissed the case against Ms. Turner a second time on November 28, 2022.

81. Defendants subsequently took a second meritless appeal.

82. The Third Circuit Court of Appeals affirmed the District Court on January 10, 2024, bringing a long-overdue end to Defendants' baseless three-year vendetta against Ms. Turner.

## COUNT ONE
## WRONGFUL USE OF CIVIL PROCEEDINGS
## (MS. TURNER v. ALL DEFENDANTS)

83. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

84. Ms. Turner asserts a cause of action for wrongful use of civil proceedings against Defendants pursuant to 42 Pa. C.S.A. § 8351(a).

85. Defendants individually and collectively took part in the procurement, initiation and continuation of civil proceedings against Ms. Turner without any probable cause or reasonable basis for filing or continuing the underlying action against her.

86. Defendants individually and collectively acted in an intentional and/or grossly negligent manner and without probable cause in the procurement, initiation and continuation of civil proceedings against Ms. Turner for the improper purpose of retaliating against her, intimidating her, and harassing her because she had accepted work with the Wolk Law Firm, a longstanding adversary of Defendants.

87. Defendants' primary purpose in procuring, initiating and continuing the underlying action was to humiliate, embarrass and defame Ms. Turner, and make an example of her as a warning to Avco's other outside counsel not to "change sides".

88. As described *supra,* Defendants knew that there were no viable causes of action against Ms. Turner in the underlying action, but nevertheless continued to litigate it despite this knowledge.

89. Defendants' improper and wrongful conduct has caused Ms. Turner substantial harm, including but not limited to harm to her reputation, expense including reasonable attorney fees and costs, pecuniary loss that has resulted from the proceedings, loss of employment and employment opportunities, and pain and suffering caused by the baseless proceedings against her.

90. Ms. Turner is a prevailing party under the *Dragonetti* Act because the proceedings against her were dismissed as baseless.

91. Defendants' conduct was willful, wanton, and/or reckless, meriting an award of punitive damages.

    WHEREFORE, Ms. Turner respectfully requests entry of judgment in her favor and against Defendants for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars, as well as any other relief the Court deems just and proper.

**COUNT TWO**
**CIVIL CONSPIRACY**
**(MS. TURNER V. ALL DEFENDANTS)**

92. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

93. The several Defendants knowingly and intentionally conspired for improper purposes to engage in tortious conduct, including fraud and misrepresentation and violations of 42 Pa. C.S.A. § 8351(a), in an effort to retaliate against, embarrass and humiliate Ms. Turner.

94. The several Defendants also conspired to violate 18 Pa. Cons. Stat § 5109 (Pennsylvania's criminal Barratry statute) and other statutes of the Commonwealth of Pennsylvania by harassing Plaintiff with an unjust and vexatious lawsuit.

95. As a direct and proximate result of Defendants' conduct as aforesaid, Ms. Turner has suffered severe and substantial damages including but not limited to harm to her reputation, expenses including reasonable attorney fees and costs, pecuniary loss, and emotional distress caused by the frivolous and baseless proceedings.

96. Defendants' conduct was willful, wanton and/or reckless, meriting an award of punitive damages.

WHEREFORE, Ms. Turner respectfully requests entry of judgment in her favor and against Defendants for compensatory and punitive damages in an amount exceeding Seventy-Five Thousand Dollars, as well as any other relief the Court deems just and proper.

17

**COUNT THREE**
**LOSS OF CONSORTIUM**
**(KEVIN TURNER V. ALL DEFENDANTS)**

97. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

98. As a direct and proximate result of Defendants' conduct as aforesaid, Mr. Turner has suffered severe and substantial damages including but not limited to loss of consortium and loss of the marital services of Ms. Turner, caused by the frivolous and ungrounded proceedings initiated by Defendants.

99. Defendants' conduct was willful, wanton and/or reckless, meriting an award of punitive damages.

WHEREFORE, Kevin Turner respectfully requests entry of judgment in his favor and against Defendants for compensatory and punitive damages in an amount exceeding Seventy-Five Thousand Dollars, as well as any other relief the Court deems just and proper.

Respectfully submitted,

S/ Wayne A. Ely
Attorney for Plaintiffs
PA ID 69670
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

February 19, 2024