**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VERONICA TURNER *et al.*, | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | Case No. 2:24-cv-00715-TJS |
| | : | |
| AVCO CORPORATION *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS AVCO CORPORATION AND TEXTRON INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

**<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

INTRODUCTION ................................................................................................ 1

FACTS ............................................................................................................. 2

    I.    The Underlying Litigation ...................................................................... 2

        A.  Avco Filed a Complaint Alleging Breach of Fiduciary Duty and Sought
              Declaratory and Injunctive Relief to Protect the Confidential Information it
              Had Entrusted to its Attorney of More than 10 Years. .................................... 2

        B.  The District Court Determined that Avco Plausibly Alleged a Cause of Action
              Against Ms. Turner and Denied Ms. Turner's Motion to Dismiss. .................. 4

        C.  The District Court Determined that Avco Had a "Good Faith Basis" to Seek
              Attorneys' Fees and Disgorgement from Ms. Turner and Denied Ms. Turner's
              Motion to Dismiss for Lack of Subject Matter Jurisdiction. ........................... 5

        D.  The District Court Concluded that a Breach of Fiduciary Duty Was Not Itself
              an Actionable Injury and Granted Summary Judgment for Ms. Turner. ........... 5

        E.  Avco Appealed, the Third Circuit Denied Ms. Turner's Motion for Summary
              Dismissal, and Avco Prevailed Before a Panel of the Third Circuit. .............. 6

        F.  On Remand, the Court Concluded that Avco Met its Evidentiary Burden as to
              "Material Adversity," But Not as to "Substantial Relation."............................ 7

           1.  The District Court Confirmed that Avco Had Met its Burden on the First
                 Prong of the Breach of Fiduciary Duty Analysis:
                 "Material Adversity."................................................................................. 8

           2.  The District Court Determined that Avco's Evidence was Insufficient on
                 the Second Prong of the Breach of Fiduciary Duty Analysis: "Substantial
                 Relation." ................................................................................................. 8

        G.  Avco Again Appealed; the Third Circuit Denied Ms. Turner's Motion for
              Summary Dismissal but Affirmed Summary Judgment Against Avco. ........... 9

        H.  Plaintiffs' Dragonetti Act Complaint................................................................10

    STANDARD OF REVIEW ................................................................................11

I.      A Complaint Must Contain Sufficient Factual Matter to State a Claim for Relief
        that is Plausible on its Face to Withstand Dismissal..................................................11

II.     In Ruling on a Motion to Dismiss a Dragonetti Act Claim, a Court
        May Consider the Underlying Pleadings, Orders and Decisions............................11

ARGUMENT ......................................................................................................................12

I.      The Second Amended Complaint Fails to State a Claim Under the Dragonetti
        Act. ...............................................................................................................................12

        A.    To State a Claim Under the Dragonetti Act, a Complaint Must Contain
              Sufficient Factual Matter to Plausibly Demonstrate the Defendant Procured,
              Initiated or Continued the Civil Proceedings Without Probable Cause............12

        B.    The District Court's Determination in the Underlying Litigation that Avco
              Stated a *Prima Facie* Case Conclusively Demonstrates that Avco Had *More
              Than* Probable Cause as a Matter of Law. .......................................................15

        C.    That Avco Did Not Ultimately Meet Its Entire Evidentiary Burden Does Not
              Dispossess the Underlying Litigation of its Probable Cause. ...........................16

        D.    Avco's Good Faith Reliance on the Opinion of a Well-Credentialed Expert
              Defeats any Challenge to the Existence of Probable Cause. ............................19

        E.    The Second Amended Complaint Is Devoid of Sufficient Factual Matter to
              Plausibly Demonstrate Avco/Textron Procured, Initiated or Continued
              Civil Proceedings Against Ms. Turner Without Probable Cause. ....................22

              1.    The District Court and the Third Circuit Expressly Found that Ms.
                    Turner's Work in *Torres* Arizona Was Adverse to Avco............................22

              2.    The District Court Already Determined Avco Had a Good Faith Basis to
                    Seek its Attorneys' Fees and Costs Incurred Due to Ms. Turner's
                    Breach .......................................................................................................23

              3.    Intra-Case Filings Cannot Establish a Lack of Probable Cause. .................23

              4.    A Motion for a Preliminary Injunction Cannot Establish a Lack of
                    Probable Cause as a Matter of Law; Nor Do Plaintiffs' Allegations
                    Plausibly Demonstrate a Lack of Probable Cause.   ...................................24

              5.    Appeals Do Not Give Rise to Liability Under the Dragonetti Act. .............25

6.   The Court Must Disregard Factual Claims That Are Contradicted by the District Court's Orders and Decisions and the Third Circuit's Opinions. .................................................................................. 26

F.   The Second Amended Complaint Does Not Contain Any Allegations to Show that Avco/Textron Acted in a Grossly Negligent Manner in Procuring, Initiating or Continuing the Underlying Litigation. ........................................... 27

II.   The Second Amended Complaint Fails to State a Claim for Civil Conspiracy. ....... 28

A.   Ms. Turner's Civil Conspiracy Claim Fails in the Absence of an Underlying Unlawful Act ................................................................... 28

B.   Ms. Turner's Civil Conspiracy Claim Fails Because She Has Not Pled Facts that Could Plausibly Establish the Requisite Agreement. ................................ 30

C.   Ms. Turner's Civil Conspiracy Claim Fails Under the Intracorporate Conspiracy Doctrine. ................................................................... 31

III.   The Second Amended Complaint Fails to State a Claim for Loss of Consortium .. 33

IV.   The Two Dismissal Rule Bars Plaintiffs' Claims. ................................................... 34

A.   The Two Dismissal Rule Establishes a Strict Bar Prohibiting Repeat Litigation Against the Same Party and Those In Privity With That Party. ........ 34

B.   Plaintiffs' Amended Complaint Dropping Blank Rome As a Party Is the Equivalent of a Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1)(B). ......... 35

C.   An Adjudication on the Merits in Favor of Blank Rome Precludes a Finding That Blank Rome Acted Without Probable Cause or Improper Purpose. ......... 37

D.   Plaintiffs' Claims Against Avco/Textron Are Barred by *Res Judicata*. ............ 38

CONCLUSION .................................................................................................................... 40

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Adams v. Wells Fargo Bank, N.A.*,
    No. 16-0907, 2017 U.S. Dist. LEXIS 57000 (E.D. Pa. Apr. 13, 2017) ................13, 14

*AeroTech, Inc. v. Estes*,
    110 F.3d 1523 (10th Cir. 1997) .................................................................................36

*Arader v. Dimitrov*,
    No. 11-3626, 2011 U.S. Dist. LEXIS 116857 (E.D. Pa. Oct. 7, 2011) ...........12, 14, 23

*Argen v. AG*,
    No. 21-2571, 2022 U.S. App. LEXIS 22706 (3d Cir. Aug. 16, 2022) .......................37

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................11, 28

*Avco Corp. v. Turner*,
    No. 21-2750, 2022 U.S. App. LEXIS 20256 (3d Cir. July 22, 2022).........................7

*Avco Corp. v. Turner*,
    No. 22-3448, 2024 U.S. App. LEXIS 1130 (3d Cir. Jan. 17, 2024)............................9

*Bada v. Comcast Corp.*,
    2015 Phila. Ct. Com. Pl. LEXIS 198 (Phila. Ct. Comm. Pl. Jan. 20, 2015)...............33

*Bainbridge v. U.S. Bank*, N.A.,
    No. 22-1521, 2023 U.S. App. LEXIS 29631 (3d Cir. 2023) ......................................13

*Barchfeld v. Nunley*,
    577 A.2d 910 (Pa. Super. Ct. 1990)..........................................................................33

*Beckmann v. Bank of America, N.A.*,
    2015 WL 11578509 (N.D. Ga. 2015) ......................................................................35

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................11, 16

*Bobrick Corp. v. Santana Prods., Inc.*,
    698 F. Supp. 2d 479 (M.D. Pa. 2010)...........................................................12, 14, 28

*Braswell v. Invacare Corp.*,
    760 F. Supp. 2d 679 (S.D. Miss. 2010)....................................................................36

*Brown v. Bureau of Prof'l & Occupational Affairs*,
　　18 A.3d 1256 (Pa. Commw. Ct. 2011) .......................................................................29

*Buck v. Hampton Twp. Sch. Dist.*,
　　452 F.3d 256 (3d Cir. 2006).....................................................................................38

*Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*,
　　575 F. App'x 216 (5th Cir. 2014) ...........................................................................35

*Chambers v. Time Warner, Inc.*,
　　Case No. 00-cv-2839, 2003 WL 1107790 (S.D.N.Y. Mar. 12, 2003) ......................36

*City of Phila. v. Wells Fargo & Co.*,
　　No. 17-2203, 2018 U.S. Dist. LEXIS 6443 (E.D. Pa. Jan. 16, 2018) ........................37

*Cooter & Gell v. Hartmarx Corp.*,
　　496 U.S. 384 (1990)...................................................................................................35

*Commonwealth v. BASF Corp.*,
　　2001 Phila. Ct. Com. Pl. LEXIS 95 (Phil. Ct. Com. Pl. Mar. 15, 2001) ...................31

*Commonwealth v. Lewis*,
　　453 A.2d 982 (Pa. Super. Ct. 1982)..........................................................................29

*Crooked Creek Properties, Inc. v. Ensley*,
　　2009 WL 3644835 (M.D. Ala. 2009) .........................................................................39

*Dana v. Lofts at 1234 Condo. Ass'n*,
　　225 A.3d 942 (Pa. Commw. Ct. 2020) ......................................................................28

*Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*,
　　177 F.R.D. 351 (E.D. Va. 1998) ................................................................................37

*DeGroat v. Rickard*,
　　No. 3:16-CV-01186, 2018 WL 8756047 (M.D. Pa. Dec. 19, 2018)...........................36

*Doe v. Indep. Blue Cross*,
　　No. 23-1530, 2023 U.S. Dist. LEXIS 209063 (E.D. Pa. Nov. 21, 2023) ...................11

*Dzwonkowski v. Dzwonkowski*,
　　No. 05-cv-0544, 2008 WL 2163916 (S.D. Ala. May 16, 2008) .................................36

*EEOC v US Steel Corp.*
　　921 F.2d 489 (3d Cir. 1990)......................................................................................38

*Gamebooks v. Yelencsics*,
  468 F.2d 837 (3d Cir. 1972)...................................................................................39

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*,
  337 F.3d 297 (3d Cir. 2003)..............................................................................32, 33

*Gillespie v. Dring*,
  No. 3:15-CV-00950, 2019 WL 5260381 (M.D. Pa. Oct. 17, 2019) ..........................35

*Goldstein v. Phillip Morris, Inc.*,
  854 A.2d 585 (Pa. Super. Ct. 2004)....................................................................29

*Gross-Quatrone v. Mizdol*,
  811 F. App'x 95 (3d Cir. 2020) ..........................................................................30

*Hart v. O'Malley*,
  781 A.2d 1211 (Pa. Super. Ct. 2001)..................................................................27

*Hartford Steam Boiler Inspection & Ins. Co. v. Int'l Glass Prods., LLC*,
  No. 2:08cv1564, 2016 U.S. Dist. LEXIS 135045 (W.D. Pa. Sep. 29, 2016) .............29

*Heffernan v. Hunter*,
  189 F.3d 405 (3d Cir. 1999)...............................................................................32

*Hvizdak v. Linn*,
  190 A.3d 1213 (Pa. Super. Ct. 2018)..................................................................12

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997)..............................................................................11

*In re Corn Derivatives Antitrust Litig.*,
  748 F.2d 157 (3d Cir. 1984)..................................................................................7

*In re Jamuna Real Estate, LLC*,
  365 B.R. 540 (Bankr. E.D. Pa. 2007) ..................................................................28

*In re SRC Liquidation, LLC*,
  765 F. App'x 726 (3d Cir. 2019) .........................................................................16

*In re Pittsburgh Corning Corp.*,
  308 B.R. 716 (Bankr. W.D. Pa. 2004) ...................................................................8

*In re Teltronics Services*,
  762 F.2d 185 (2d Cir. 1985)...............................................................................39

iii

*Jenn Ching-Luo v. Owen J. Roberts Sch. Dist.*,
　　No. 19-3997, 2022 U.S. App. LEXIS 26971 (3d Cir. Sept. 27, 2022) .................30, 32

*Jett v. Beech Interplex, Inc.*,
　　No. CIV.A.02-9131, 2004 WL 1595734 (E.D. Pa. 2004) ...........................................37

*Koger v. Allegheny Cty. Intermediate Unit*,
　　C.A. No. 10-1466, 2011 U.S. Dist. LEXIS 45330 (W.D. Pa. Apr. 27, 2011) .............25

*Kozel v. Kozel*,
　　299 F. Supp. 3d 737 (D.S.C. 2018)............................................................................12

*Laventhol & Horwath v. First Penn. Bank, N.A.*,
　　18 Phila. 580 (Phila. Ct. Com. Pl., Nov. 10, 1988).........................................16, 17, 19

*Lawton v. Wells Fargo Bank, N.A.*,
　　No. 22-3294, 2023 U.S. Dist. LEXIS 44181 (E.D. Pa. Mar. 16, 2023)................30, 31

*Lubrizol Corp. v. Exxon Corp.*,
　　929 F.2d 960 (3d Cir. 1991).......................................................................................38

*Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*,
　　602 A.2d 1277 (Pa. 1992) .......................................................................................7, 8

*Martinez v. UPMC Susquehanna*,
　　986 F.3d 261 (3d Cir. 2021).......................................................................................11

*McIver v. Jones*,
　　209 Ga. App. 670, 434 S.E.2d 504 (1993).................................................................40

*McNeil v. Jordan*,
　　894 A.2d 1260 (Pa. 2006) .........................................................................................15

*McTernan v. City of York*,
　　577 F.3d 521 (3d Cir. 2009).......................................................................................11

*Miller v. Moldovsky*,
　　C.A. No. 21-2219, 2022 U.S. Dist. LEXIS 76994 (E.D. Pa. Apr. 15, 2022) .............19

*Morley v. Farnese*,
　　178 A.3d 910 (Pa. Commw. Ct. 2018) .......................................................................28

*Murdaugh Volkswagen, Inc. v. First Nat'l Bank*,
　　741 F.2d 41 (4th Cir. 1984) .......................................................................................26

iv

*Noga v. Fulton Fin. Corp. Emp. Benefit Plan*,
    19 F.4th 264 (3d Cir. 2021) ..................................................35

*Orman v. Citimortgage*,
    No. 15-3432, 2016 WL 1592948 (E.D. Pa. Apr. 21, 2016)...................................34, 37

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3d Cir. 1994)..................................................12

*Padmanabhan v. Healey*,
    159 F. Supp. 3d 220 (D. Mass. 2016) ..................................................29

*Pedrina v. Chun*,
    987 F.2d 608 (9th Cir. 1993) ..................................................36

*Pendergrass v. Pendergrass*,
    518 F. Supp. 3d 839 (E.D. Pa. 2021) ..................................................14, 15, 23

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)..................................................12

*Phila. Contributionship Ins. Co. v. Wright*,
    237 A.3d 447 (Pa. Super. Ct. 2020)..................................................12, 16

*Raynor v. D'Annunzio*,
    243 A.3d 41 (Penn. 2020) ..................................................23, 24, 25

*Romero v. Allstate*,
    No. 16-4037, 2017 U.S. Dist. LEXIS 31965 (E.D. Pa. Mar. 7, 2017)......................33

*Rosen v. Tesoro Petroleum Corp.*,
    582 A.2d 27 (Pa. Super. Ct. 1990) ..................................................12

*Rush v. City of Philadelphia*,
    No. 2:19-CV-00932-JDW, 2020 WL 3412548 (E.D. Pa. June 22, 2020) ..................36

*Russomanno v. Dugan*,
    No. 21-2004, 2021 U.S. App. LEXIS 26956 (3d Cir. Sep. 8, 2021) ..........................38

*Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*,
    143 F.R.D. 102 (W.D. Pa. 1992) ..................................................37

*Schmidt v. Currie*,
    217 F. App'x 153 (3d Cir. 2007) ..................................................13, 14

*Semtek Int'l v. Lockheed Martin Corp.*,
531 U.S. 497 (2001)............................................................................34, 37

*Shared Communs. Servs. of 1800-80 Jfk Boulevard v. Bell Atl. Props.*,
692 A.2d 570 (Pa. Super. Ct. 1997)...........................................................31

*Skipworth by Williams v. Lead Indus. Ass'n*,
690 A.2d 169 (Pa. 1997)..............................................................................28

*Smith, Kline & French Lab'ys v. A. H. Robins Co.*,
61 F.R.D. 24 (E.D. Pa. 1973).......................................................................35

*Somerville House Mgmt., Ltd. v. Arts & Ent. Television Network*,
No. 92-CIV-4705 (LJF), 1993 WL 138736 (S.D.N.Y. Apr. 28, 1993) ......................40

*Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*,
826 F.2d 637 (7th Cir. 1987) .......................................................................35

*Torres v. Honeywell, Inc., et al.*,
Case No. CV2017-007542 (Ariz. Super. Ct. Maricopa Cty.)............................ *passim*

*Touraine, L.P. v. Spruce 1530, LLC*,
307 A.3d 663 (Pa. Super. Ct. 2023).....................................................17, 19

*U.S. Express Lines Ltd. v. Higgins*,
281 F.3d 383 (3d Cir. 2002).........................................................................13

*U.S. v. Cocivera*,
104 F.3d 566 (3d Cir. 1996).........................................................................39

*Vacanti v. Apothaker & Assocs., P.C.*,
No. CIV.A. 09-5827, 2010 WL 4702382 (E.D. Pa. Nov. 12, 2010) .........................39

*Villari Brandes & Giannone, PC v. Wells Fargo Fin. Leasing, Inc.*,
C.A. No. 13-297, 2013 U.S. Dist. LEXIS 141391 (E.D. Pa. Sept. 30, 2013)..............14

*Waris v. Mackey*,
No. 09-1103, 2009 WL 4884204 (E.D. Pa. Dec. 15, 2009).........................................39

*West v. Keve*,
721 F.2d 91 (3d Cir. 1983)............................................................................26

*Westminster Am. Ins. Co. v. Spruce 1530, LLC*,
853 F. App'x 793 (3d Cir. 2021) ................................................................23

vi

*Young v. Wilky Carrier Corp.*,
  150 F.2d 764 (3d Cir.)..........................................................................35, 36

**Statutes and Rules**

42 Pa. C.S.A. § 8351 ...............................................................................17, 28

42 Pa. Cons. Stat. § 8352 .................................................................13, 19, 38

42 Pa. Cons. Stat. § 8354 ................................................................................13

Pa. R. Prof. Cond. 1.9(a) .........................................................................6, 8

Fed. R. Civ. P. 12(b)(6)......................................................................4, 11, 38

Fed. R. Civ. P. 41 .................................................................................. *passim*

Fed. R. Civ. P. 60(b) ....................................................................................35

**Other**

8 Moore's Federal Practice - Civil § 41.13 (2024) ....................................35

9 C.J.S., *Barratry*, § 1 ...................................................................................29

Restatement (Second) of Torts, § 674....................................................23

Defendants Avco Corporation ("Avco") and Textron Inc. ("Textron") (collectively "Avco/Textron") submit this memorandum in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint.

## INTRODUCTION

Plaintiff Veronica Turner, a citizen of the State of Florida, has brought this action against Avco and Textron, as well James T. Smith, Rebecca Ward and Heidi G. Crikelair who are attorneys with Blank Rome LLP (the "Individual Defendants"). Ms. Turner's claims arise out of a civil action that Avco brought against her in this Court captioned *Avco Corp. v. Turner*, C.A. No. 2:20-cv-04073-JDW (the "Underlying Litigation"). In the Underlying Litigation, Avco alleged, *inter alia*, that Ms. Turner, an attorney who had represented Avco for more than a decade, breached her fiduciary duties when she began representing plaintiffs asserting claims against Avco.

Ms. Turner advances a claim under the Dragonetti Act, which was enacted to protect citizens of the Commonwealth from maliciously brought lawsuits. Ms. Turner, by her own admission, was not a citizen of Pennsylvania when the Underlying Litigation was commenced, nor at any time since. Even so, the Dragonetti Act is not violated if the plaintiff in the underlying suit had probable cause to bring one or more of its claims. Here, the orders and decisions of the District Court and the Third Circuit demonstrate that Avco had probable cause for the Underlying Litigation as a matter of law. Those courts:

- denied Ms. Turner's multiple motions to dismiss Avco's Complaint and appeals;

- determined that Avco's damages arguments were made in good faith; and

- found that Ms. Turner had represented clients that were materially adverse to Avco.

Ms. Turner's Dragonetti Act claim also fails because she has not pled any *facts* that would plausibly demonstrate that Avco lacked probable cause for the Underlying Litigation.

Ms. Turner's claim for civil conspiracy fails because it does not state facts that could plausibly demonstrate a violation of any underlying crime or tort (Dragonetti Act or otherwise), nor does it allege the requisite agreement for a civil conspiracy.  In any event, the intracorporate conspiracy doctrine bars Ms. Turner's claims as pled.  Ms. Turner's husband, Kevin Turner, also a citizen of Florida, alleges a claim for loss of consortium.  That claim is derivative of Ms. Turner's Dragonetti Act claim and it fails for the same reasons.

For all of these reasons, this Court should dismiss Ms. Turner's Dragonetti Act claim.  As an additional and independent basis for dismissal, Avco/Textron adopts the arguments advanced by the Individual Defendants in their Motion to Dismiss under Rule 41(a)(1)(b)'s two dismissal rule. An adjudication on the merits that Blank Rome did not violate the Dragonetti Act, by virtue of the two dismissal rule, is dispositive of Plaintiffs' claims against Avco/Textron. As Avco/Textron has asserted an advice-of-counsel defense and could only act in the underlying litigation through its attorneys, with whom they were in privity, Plaintiffs' claims against Avco/Textron are barred by *res judicata*.

## FACTS

I.      **The Underlying Litigation**

   A.  **Avco Filed a Complaint Alleging Breach of Fiduciary Duty and Sought Declaratory and Injunctive Relief to Protect the Confidential Information it Had Entrusted to its Attorney of More than 10 Years.**

On August 20, 2020, Avco commenced the Underlying Litigation.  **Ex. A**, Underlying Litigation, Compl. (Doc. 1).  Avco's 24-page Complaint alleged that Ms. Turner represented Avco for over a decade in more than 20 lawsuits involving allegations of defects in aircraft engines, their ignition systems, and fuel delivery systems, or the components thereof designed and/or manufactured by Avco.  *Id.*  Avco alleged that during that relationship it regularly provided Ms.

2

Turner with access to trade secrets and other confidential information, and she participated in the litigation management and strategy decisions. *Id*. at 1-2. Ms. Turner also worked closely with Avco's experts to develop their opinions. *Id*. at 2. Ms. Turner ceased representing Avco in June 2018. **Ex. B**, Underlying Litigation, Turner Dep. (Doc. 77-4) at 81.

Avco alleged that while Ms. Turner was its outside counsel in cases involving piston engine aircraft, the Wolk Law Firm filed four identical actions against Avco arising out of an accident involving a piston engine aircraft in Laughlin, Arizona (the "*Torres* Accident"). **Ex. A**, Underlying Litigation, Compl. (Doc. 1) ¶¶ 15-16, 51-53. Those identical actions were filed in Arizona, California, New Jersey, and Delaware. *Id*. ¶ 16. In 2020, Avco became aware that Ms. Turner was assisting the Wolk Law Firm, one of the plaintiff's law firms she previously opposed on Avco's behalf, in *Torres* Arizona.[1] *Id*. ¶¶ 56-73.

Avco alleged that the subject matter of Ms. Turner's work on the *Torres* Arizona case was the same as the subject matter of Ms. Turner's prior work for Avco, namely, allegations of defect affecting the air/fuel mixture for Avco piston engine. *Id*. ¶ 73. Avco maintained that it was "reasonable to believe that Turner could not act as plaintiffs' counsel without taking advantage of – or even sharing – extensive confidential information, learned only in her role as Avco's attorney, with the plaintiffs' counsel with whom she is now aligned." *Id*. at 2-3. Based on the facts pled, Avco advanced claims against Ms. Turner for (1) breach of fiduciary duty, (2) declaratory judgment, and (3) injunctive relief. **Ex. A**, Underlying Litigation, Compl. (Doc. 1) ¶¶ 86-102. Avco simultaneously moved for a preliminary injunction. **Ex. C**, Underlying Litigation, Mot. for

---

[1] Although Avco had been dismissed from *Torres* Arizona on personal jurisdiction grounds, that dismissal was then on appeal. **Ex. A**, Underlying Litigation, Compl. (Doc. 1) ¶ 18. Moreover, Avco remained a defendant on the identical *Torres* claims in two other states – it was very much a party to the *Torres* actions when it filed its complaint in Underlying Litigation, and it today remains a party to those claims in Delaware (stayed) and in California (on appeal). *Id*. ¶ 19.

Preliminary Injunction (Doc. 2) at 2.

The District Court denied Avco's motion for preliminary injunction based on Ms. Turner's declaration "under penalty of perjury, that she is not working on any cases adverse to Avco" to conclude that Avco could not "show a risk of an immediate, irreparable injury." **Ex. D**, Underlying Litigation, Mem. (Doc. 24) at 1, 7. The Court recognized that if Avco had evidence "that called Ms. Turner's declaration into doubt," expedited discovery might be warranted. *Id*. at 8. The Court noted: "The most that Avco can show is that Ms. Turner already undertook—and completed—such a representation. When she did so, it is possible that she breached a fiduciary duty to Avco, as Avco contends." *Id.* at 1.

### B. The District Court Determined that Avco Plausibly Alleged a Cause of Action Against Ms. Turner and Denied Ms. Turner's Motion to Dismiss.

Ms. Turner moved to dismiss Avco's Complaint pursuant to Rule 12(b)(6). **Ex. E**, Underlying Litigation, Mtn. to Dismiss (Doc. 27). Ms. Turner argued that Avco's Complaint did not state a plausible claim, describing it as "meritless," as she does here. *Id*. at 10.

The District Court denied Ms. Turner's Motion to Dismiss. **Ex. F**, Underlying Litigation, Order (Doc. 35). The District Court found that Ms. Turner "does not dispute that she owed a fiduciary duty to Plaintiff Avco Corp. as a result of the attorney-client relationship she had with Avco." *Id*. ¶ 3. As to a breach of that duty, the District Court concluded that "Avco has pled facts that state a plausible claim that Ms. Turner breached her duty to Avco by working on litigation that was adverse to Avco's interests. Although Avco had been dismissed from the case in which Ms. Turner appeared, it was litigating against the same plaintiffs regarding the same accident in other states." *Id*. ¶ 4. On the issue of injury, the District Court concluded:

> [w]here an attorney takes on a representation that is adverse to a
> former client, that representation can damage the former client's

4

position, either in the market or in litigation.  Avco has alleged that
Ms. Turner's work has had such a consequence.  That allegation
suffices to establish an injury.  Now Avco must prove it.

*Id*. ¶¶ 6, 7.

**C.  The District Court Determined that Avco Had a "Good Faith Basis" to Seek Attorneys' Fees and Disgorgement from Ms. Turner and Denied Ms. Turner's Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Ms. Turner then moved to dismiss Avco's Complaint for lack of subject matter jurisdiction.

**Ex. G**, Underlying Litigation, Mot. to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 63).

The District Court denied that motion too.  **Ex. H**, Underlying Litigation, Order (Doc. 71).  The

District Court found that Avco had "a good faith basis to seek its attorneys' fees" incurred as a

result of a breach of fiduciary duty."  *Id*. at 1-2 (also noting that "[w]hile the right to such fees is

not a legal certainty, it is enough to give a plaintiff a good faith basis to seek such fees").  It

recognized that "[t]he possibility that Pennsylvania law allows for the recovery of attorneys' fees

means that some other exception to the American Rule might apply."  *Id*. at 2.  The District Court

next found that Avco had "a good faith basis to seek disgorgement, though its right to that remedy

[was] also an open legal question."  *Id*.  The Court concluded:  "The Court cannot resolve Avco's

right to these damages remedies now.  It can only determine whether they are in dispute and

whether Avco has a good faith basis to pursue them."  *Id*.  The Court unequivocally determined

that such a good faith basis did exist.

**D.  The District Court Concluded that a Breach of Fiduciary Duty Was Not Itself an Actionable Injury and Granted Summary Judgment for Ms. Turner.**

Thereafter, the parties cross moved for summary judgment.  The District Court granted Ms.

Turner's motion and denied Avco's.  **Ex. I**, Underlying Litigation, Mem. (Doc. 106).  The District

Court recognized that under Pennsylvania common law "'an attorney owes a fiduciary duty to his

5

client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable.'" *Id*. at 6 (quoting *Dougherty v. Pepper Hamilton LLP*, 133 A.3d 792, 797 (Pa. Super. Ct. 2016)).  The District Court also recognized that "[t]his duty of loyalty survives termination of the attorney-client relationship, and Pennsylvania's Rule of Professional Conduct 1.9 outlines the duties that an attorney owes to her former clients."  *Id*. The District Court then proceeded to assume, without deciding, that Ms. Turner violated Rule 1.9(a) by representing the plaintiffs in *Torres* Arizona and that her violation amounted to a breach of her fiduciary duty of loyalty to Avco, but determined that Avco had not established damages. *Id*. at 7.  The District Court observed:

> It is possible, though by no means certain, that Ms. Turner violated an ethical duty to Avco when she accepted the assignment in the Torres Arizona case.  But without proof that any ethical violation damaged Avco, the Court has no basis to remedy the solution.  If Avco believes Ms. Turner's conduct was improper, it remains free to pursue a disciplinary complaint against her.

*Id*. at 13.

### E. Avco Appealed, the Third Circuit Denied Ms. Turner's Motion for Summary Dismissal, and Avco Prevailed Before a Panel of the Third Circuit.

Avco appealed the District Court's decision and order.  **Ex. J**, Underlying Litigation, Not. of Appeal (Doc. 108) (the "2021 Appeal").  Ms. Turner moved for summary dismissal of the 2021 Appeal pursuant to Local Rule 27.4 and the Third Circuit's Internal Operating Procedure 10.6 and argued that Avco's appeal did not present a "substantial question."  **Ex. K**, 2021 Appeal, Mot. for Sum. Dismissal (Doc. 16-1) at 1.  As in this case, Ms. Turner argued that "[t]he instant case was meritless from its inception, and dismissed by the District Court, because Avco *established no damages*."  *Id*. at 2 (emphasis in original).  Ms. Turner protested that "Avco wasted the time and resources of the District Court (and Ms. Turner) for a year with its meritless and legally

unsupportable case, and there is no reason for this Court to allow it to do the same with a meritless appeal." *Id*. at 6.  Circuit Judges Smith, Kruse and Restrepo disagreed and denied Ms. Turner's motion for summary dismissal.  **Ex. L**, 2021 Appeal, Order (Doc. 18).

After briefing and argument, Avco prevailed in the 2021 Appeal.  A panel of the Third Circuit recognized that "'[a] lawyer may not undertake a representation adverse to a former client in a matter "substantially related" to that in which the lawyer previously had served the client.'" *Avco Corp. v. Turner*, No. 21-2750, 2022 U.S. App. LEXIS 20256, at *1-2 (3d Cir. July 22, 2022) (non-precedential) (quoting *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992)).  The panel reaffirmed the Third Circuit's prior holding that "the duty 'is not merely a matter of revealing or using the client's confidences and secrets, but a duty of continuing loyalty to the client.'" *Id*. (quoting *In re Corn Derivatives Antitrust Litig*., 748 F.2d 157, 161-62 (3d Cir. 1984)).  The panel agreed with Avco that under Pennsylvania law, Avco "need not show injury beyond the breach of fiduciary duty itself" to be entitled to disgorgement or forfeiture of fees or a permanent injunction, and vacated the entry of summary judgment on Avco's breach of fiduciary duty claim and the denial of injunctive relief, and remanded the case for further proceedings.  *Id*. at *4, *7-9.

### F.  On Remand, the Court Concluded that Avco Met its Evidentiary Burden as to "Material Adversity," But Not as to "Substantial Relation."

On remand, after supplemental briefing, the District Court again granted summary judgment in favor of Ms. Turner.  **Ex. M**, Underlying Litigation, Mem. (Doc. 126).  The Court confirmed that "[a]n attorney breaches the duty of loyalty when she represents 'a subsequent client whose interests are materially adverse to a former client in a matter substantially related to matters in which [she] represented the former client.'"  *Id*.  at 5 (quoting *Maritrans GP Inc.*, 602 A.2d at

1282 and citing Pa. R. Prof. Cond. 1.9(a)).  The Court recognized that "[d]etermining whether an attorney has breached her duty of loyalty is a fact-intensive inquiry that 'must be decided from case to case and depends on a number of factors.'"  *Id.* (quoting *Maritrans*, 602 A.2d at 1286).

### 1. The District Court Confirmed that Avco Had Met its Burden on the First Prong of the Breach of Fiduciary Duty Analysis: "Material Adversity."

The District Court concluded Avco had met its burden on the material adversity prong, recognizing that "[w]hen Ms. Turner accepted her assignment in [*Torres* Arizona] she represented clients whose interests were materially adverse to Avco's interests."  *Id.* at 5-6.  The District Court also recognized that "[t]he fact that the *Torres* court had dismissed Avco from the matter by the time plaintiffs engaged Ms. Turner does not change that fact," because Ms. Turner's clients were appealing that decision and trying to bring Avco back into the case.  *Id.* at 6.  Thus, the District Court concluded that "[b]ecause there was a realistic possibility that Avco could have come back into the case, a jury could determine that Avco's interests were materially adverse to the plaintiffs that Ms. Turner represented in *Torres*."  *Id.*

### 2. The District Court Determined that Avco's Evidence was Insufficient on the Second Prong of the Breach of Fiduciary Duty Analysis: "Substantial Relation."

On the "substantially related" prong, however, the District Court concluded that Avco had not come forth with sufficient evidence.  *Id.* at 6-7.  The Court stated that "[a]ssessing whether matters are substantially related 'entails the determination of (1) whether the subject matter of the former and current representations are the same and (2) whether the attorney might have acquired **<u>confidential</u>** information related to the subject matter of the present action."  *Id.* at 6 (quoting *In re Pittsburgh Corning Corp.*, 308 B.R. 716, 730 (Bankr. W.D. Pa. 2004)) (emphasis in original).

The Court recognized that "Ms. Turner received confidential information while working

as Avco's outside counsel, and she also learned about the air/fuel delivery system for piston engines during the course of representing Avco in various product liability matters including its piston engines." *Id*. at 8-9. However, the Court required that Avco demonstrate Ms. Turner actually used or was in a position to use confidential information she received from Avco. *Id*. (requiring evidence that Ms. Turner "drew upon, or even needed to draw upon" the confidential information she received while representing Avco). Finding that Avco failed to link "what Ms. Turner did in the *Torres* matter" to "confidential information she gained in the course of her work for Avco," the District Court again granted Ms. Turner's Motion for Summary Judgment. **Ex. N**, Underlying Litigation, Order (Doc. 127).

### G. Avco Again Appealed; the Third Circuit Denied Ms. Turner's Motion for Summary Dismissal but Affirmed Summary Judgment Against Avco.

Avco appealed the District Court's decision. **Ex. O**, Underlying Litigation, Not. of Appeal (Doc. 128) (the "2022 Appeal"). Ms. Turner again moved for summary dismissal of the 2022 Appeal, arguing "[t]his is a meritless case" and protesting that "Avco wasted the time and resources of the District Court (and Ms. Turner) for a year with its meritless and legally unsupportable case, and there is no reason for this Court to allow it to do the same with a meritless appeal where, as the District Court found, it simply produced no evidence to support its claims." *Id*. **Ex. P,** 2022 Appeal, Mot. for Sum. Dismissal (Doc. 15-1) at 1, 5. Circuit Judges Jordan, Montgomery-Reeves and Smith disagreed and denied Ms. Turner's second motion for summary dismissal. **Ex. Q**, 2022 Appeal, Order (Doc. 18). A Third Circuit panel later affirmed the District Court's entry of summary judgment against Avco. *Avco Corp. v. Turner*, No. 22-3448, 2024 U.S. App. LEXIS 1130(3d Cir. Jan. 17, 2024) (non-precedential). The panel did not vindicate Ms. Turner, finding

there was "no question Turner's representation of the Torres plaintiffs was adverse to Avco" but the evidence was insufficient to conclude that she had breached those duties. *Id*. at *5 n.4, *7-8.

### H.  Plaintiffs' Dragonetti Act Complaints

While Avco's 2021 Appeal was pending, Plaintiffs brought suit against Avco, Blank Rome, and the Individual Defendants in the Philadelphia Court of Common Pleas ("*Dragonetti I*"). **Ex. R**, *Dragonetti I*, Compl.  As in this case, in *Dragonetti I*, Ms. Turner pled claims for wrongful use of civil proceedings, abuse of process, and civil conspiracy against all defendants, while Mr. Turner advanced a claim for loss of consortium. *Id*.  Avco filed Preliminary Objections, arguing that Plaintiffs' claims were not ripe while Avco's 2021 Appeal was pending. **Ex. S**, *Dragonetti I*, Prelim. Obj.  Before the Court heard or decided the Preliminary Objections, Plaintiffs voluntarily dismissed *Dragonetti I*.  **Ex. T**, *Dragonetti I*, Praecipe for Discontinuance.

After the Third Circuit issued its January 2024 opinion, Plaintiffs filed this litigation—a second suit against Avco, Textron, Blank Rome, and the Individual Defendants ("*Dragonetti II*"). Ms. Turner again advanced claims for wrongful use of civil proceedings and civil conspiracy against all defendants, while Mr. Turner again advanced a claim for loss of consortium. *See* **Ex. U**, *Dragonetti II*, Compl. (Doc. 1). Before any defendant appeared or responded, on February 29, 2024, Plaintiffs filed a First Amended Complaint as a matter of right, dropping all claims against Blank Rome and dropping the law firm as a defendant. *See* **Ex. V**, *Dragonetti II*, First Amend. Compl. (Doc. 15).

## STANDARD OF REVIEW

**I.  A Complaint Must Contain Sufficient Factual Matter to State a Claim for Relief that is Plausible on its Face to Withstand Dismissal.**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient ***factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added); *accord Doe v. Indep. Blue Cross*, No. 23-1530, 2023 U.S. Dist. LEXIS 209063, at *7-8 (E.D. Pa. Nov. 21, 2023).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "[L]abels, conclusions, and 'formulaic recitation[s] of the elements'" are disregarded.  *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, "[a]ll well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor."  *Doe*, 2023 U.S. Dist. LEXIS 209063, at *7 (citing *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)).  "'The plaintiff must allege ***facts*** necessary to make out each element.'" *Id.* (quoting *Iqbal*, 556 U.S. at 669, 679) (emphasis added).  As this Court has recognized, that means "the complaint must contain facts which support a conclusion that a cause of action can be established."  *Id.*

**II.  In Ruling on a Motion to Dismiss a Dragonetti Act Claim, a Court May Consider the Underlying Pleadings, Orders and Decisions.**

Regarding matters outside the pleadings, "an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  A court may "consider

11

matters of public record, orders, exhibits attached to the complaint and items appearing in the record." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

For these reasons, courts have "taken notice of [their] own rulings when those proceedings subsequently form the basis for a Dragonetti action." *Phila. Contributionship Ins. Co. v. Wright*, 237 A.3d 447 (Pa. Super. Ct. 2020) (citing *Hvizdak v. Linn*, 190 A.3d 1213 (Pa. Super. Ct. 2018)); *see also Arader v. Dimitrov*, No. 11-3626, 2011 U.S. Dist. LEXIS 116857, at *13 (E.D. Pa. Oct. 7, 2011) (considering plaintiff's state court pleadings when granting a motion to dismiss Dragonetti suit); *Bobrick Corp. v. Santana Prods., Inc.*, 698 F. Supp. 2d 479, 491-92 (M.D. Pa. 2010) (considering the state court record when granting a motion to dismiss Dragonetti suit), *aff'd*, 2011 U.S. App. LEXIS 7089 (3d Cir. Apr. 6, 2011).

## <u>ARGUMENT</u>

I. **The Second Amended Complaint Fails to State a Claim Under the Dragonetti Act.**

A. **To State a Claim Under the Dragonetti Act, a Complaint Must Contain Sufficient Factual Matter to Plausibly Demonstrate the Defendant Procured, Initiated or Continued the Civil Proceedings Without Probable Cause.**

The Dragonetti Act is a statute enacted by the Pennsylvania legislature to protect citizens of the Commonwealth from maliciously brought lawsuits. *Rosen v. Tesoro Petroleum Corp.*, 582 A.2d 27, 31 (Pa. Super. Ct. 1990); *see also Kozel v. Kozel*, 299 F. Supp. 3d 737 (D.S.C. 2018) (recognizing "Pennsylvania's governmental interest in protecting its citizens").

To state a claim under the Dragonetti Act, a plaintiff must allege "sufficient facts, if true, that would indicate defendants lacked probable cause to initiate litigation against plaintiff[], and

that the proceedings were initiated primarily for improper purposes." *Adams v. Wells Fargo Bank, N.A.*, No. 16-0907, 2017 U.S. Dist. LEXIS 57000, at *7 (E.D. Pa. Apr. 13, 2017) (granting motion to dismiss where allegations fell short of that standard).

"'[A] party seeking redress under [the] Dragonetti [Act] bears a heavy burden.'" *Schmidt v. Currie*, 217 F. App'x 153, 155 (3d Cir. 2007) (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir. 2002)).   A Dragonetti Act plaintiff bears the burden of proving:

> (1) Defendant has procured, initiated or continued the civil proceedings against him.
>
> (2) The proceedings were terminated in his favor.
>
> (3) The defendant did not have probable cause for his action.
>
> (4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.
>
> (5) Plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa. Cons. Stat. Ann. § 8354; *see also Schmidt*, 217 F. App'x at 155.

Under the Act, "[p]robable cause exists if there is a reasonable belief in the existence of the facts upon which the claim is based, and the person either:

> (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;
>
> (2) Believes to this effect in reliance on the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or
>
> (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party."

42 Pa. Cons. Stat. § 8352.[2]

---

[2] Probable cause is distinct from improper purpose under the Dragonetti Act.  *See Bainbridge v. U.S. Bank, N.A.*, No. 22-1521, 2023 U.S. App. LEXIS 29631, at *5-6 (3d Cir. 2023) (non-precedential).  Plaintiffs'

13

"The court decides the existence of probable cause, gross negligence, or improper purpose as a matter of law when the facts are not in dispute." *Schmidt*, 217 F. App'x at 155; *accord Pendergrass v. Pendergrass*, 518 F. Supp. 3d 839, 849 (E.D. Pa. 2021).   "Questions of probable cause and improper purpose may be determined on a motion to dismiss." *Arader*, 2011 U.S. Dist. LEXIS 116857, at *13; *see also Adams*, 2017 U.S. Dist. LEXIS 57000, at *7; *Villari Brandes & Giannone, PC v. Wells Fargo Fin. Leasing, Inc.*, C.A. No. 13-297, 2013 U.S. Dist. LEXIS 141391 (E.D. Pa. Sept. 30, 2013); *Bobrick Corp.*, 698 F. Supp. 2d at 491-92 (all granting motions to dismiss Dragonetti Act claims).

Ms. Turner was not a citizen of Pennsylvania when the Underlying Litigation was commenced,[3] she was not a citizen of the Commonwealth during the pendency of the Underlying Litigation,[4] and she is not now a citizen of the Commonwealth.[5]   Even if she could avail herself of the protections of the Dragonetti Act, her complaint fails to plausibly demonstrate that Avco procured, initiated, or continued the civil proceedings without probable cause.

---

Second Amended Complaint conflates the two, but the Court must separately analyze whether Avco had probable cause.  *Id*.  The absence of probable cause cannot be inferred from an alleged improper purpose.

[3] **Ex. Y,** Underlying Litigation, Ans. (Doc. 36) ¶ 4 ("It is denied that Defendant is a citizen of the Commonwealth of Pennsylvania and domiciled in Phoenixville, Pennsylvania.").

[4] **Ex. B,** Underlying Litigation, Turner Dep. (Doc. 77-4) at 76 ("Q.  And you're now a permanent resident of the state of Florida?  A.  Yes.").

[5] **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶ 14 ("Ms. Turner is an adult individual and resident of the state of Florida with an address at 6663 SW 179th Avenue Road Dunnelon, Florida 34432."); *Id.* ¶ 16 ("Plaintiffs are residents of Florida").

**B.  The District Court's Determination in the Underlying Litigation that Avco Stated a *Prima Facie* Case Conclusively Demonstrates that Avco Had *More Than* Probable Cause as a Matter of Law.**

In denying Ms. Turner's Motion to Dismiss, the District Court held that Avco stated a *prima facie* case for breach of fiduciary duty, entitling it to claim attorneys' fees, disgorgement, and injunctive relief.  That denial confirms Avco had probable cause for the Underlying Litigation.

Probable cause under the Dragonetti Act is a *less rigorous* standard than that necessary to set forth a *prima facie* case to survive a motion to dismiss in federal court or preliminary objections in state court.  *See McNeil v. Jordan*, 894 A.2d 1260, 1273-74 (Pa. 2006) (addressing preliminary objections in state court); *Pendergrass*, 518 F. Supp. 3d at 849-50 (finding probable cause where the trial justice had found that a will was *prima facie* valid, despite later finding that the witnesses were untruthful, and recognizing that the *prima facie* standard is higher than showing probable cause under Dragonetti).  It follows that when a complaint states a *prima facie* case, that complaint does not lack probable cause as a matter of law.  *See Pendergrass*, 518 F. Supp. 3d at 849-50; *McNeil*, 894 A.2d at 1273-74.

Ms. Turner's Motion to Dismiss in the Underlying Litigation argued that Avco's Complaint did not state a plausible claim for relief.  **Ex. E**, Underlying Litigation, Mot. to Dismiss (Doc. 27).  Ms. Turner claimed there, as she does here, that Avco's Complaint was meritless.  *Id*. at 10.  The District Court's rejection of Ms. Turner's arguments and its finding that Avco had "pled facts that state a plausible claim that Ms. Turner breached her duty to Avco by working on litigation that was adverse to Avco's interests"[6]  conclusively establishes the existence of probable cause.

---

[6] **Ex. F**, Underlying Litigation, Order (Doc. 35).

Probable cause was further confirmed when Ms. Turner urged the Third Circuit to dismiss Avco's 2021 Appeal and later, its 2022 Appeal, claiming they were baseless, and two separate panels of circuit judges rejected Ms. Turner's contention by denying her motions for summary dismissal.  **Ex. L**, 2021 Appeal, Order (Doc. 18); **Ex. Q**, 2022 Appeal, Order (Doc. 18).

No matter how many times Plaintiffs allege that the Underlying Litigation was "baseless" or "meritless,"[7] a plausible Dragonetti Act claim "requires more than labels and conclusions."  *In re SRC Liquidation, LLC*, 765 F. App'x 726, 728 (3d Cir. 2019) (citing *Twombly*, 550 U.S. at 555).  Plaintiffs' labels and conclusions cannot override the District Court's and the Third Circuit's findings and holdings, which conclusively establish the existence of probable cause.

### C. That Avco Did Not Ultimately Meet Its Entire Evidentiary Burden Does Not Dispossess the Underlying Litigation of its Probable Cause.

The fact that a plaintiff that has survived a motion to dismiss is later unable to demonstrate each and every element of its case does not mean the suit was without probable cause.

That "a Pennsylvania court does not find in favor of a claimant . . . does not render the claim so suspect that a Dragonetti action should follow."  *Phila. Contributionship Ins. Co.*, 237 A.3d at 447.  "This argument, if accepted, could have a substantial and pernicious chilling effect on many types of litigation" and is "[r]epugnant to this Court as a matter of public policy."  *Id.*; *see also Laventhol & Horwath v. First Penn. Bank, N.A.*, 18 Phila. 580, 586 (Phila. Ct. Com. Pl., Nov. 10, 1988), *aff'd.*, 573 A.2d 626 (Pa. Super. Ct.), *app. denied*, 593 A.2d 420 (Pa. 1990) (imposing liability because a legal claim is rejected "would eventually leave our legal system on a stagnant legal plain").

---

[7] **Ex. AA**, Second Amend. Compl. (Doc. 15) ¶¶ 1, 4, 5, 9, 24, 26, 28, 29, 36, 41, 60, 63, 69, 70, 78, 79, 86, 87, 92.

In *Laventhol & Horwath*, the court concluded the plaintiffs had probable cause for an underlying suit even where the judge's findings and conclusions showed that plaintiffs' case failed "because their evidence fell short of the legal requirements to support their cause of action." 18 Phila. at 586. The court considered "whether the fact that one element of a pleading may have been alleged without sufficient probable cause, may be used as a basis for initiating a suit against the attorney, of a party, under 42 Pa. C.S.A. § 8351, et seq., where the other elements and theories of that pleading alleged by the party are supported by probable cause." *Id*. at 583. Answering in the negative, the court held that simply because the evidence falls short of what is legally required, "does not warrant an instant finding that the suit was groundless" or that "the attorneys of the plaintiff initiated the cause of action without probable cause." *Id*. at 586.

Similarly, in *Touraine, L.P. v. Spruce 1530, LLC*, the court observed that the plaintiffs in the underlying suit had a reasonable belief in the existence of circumstantial facts to support their property claims, but ultimately lacked adequate independent and direct evidence sufficient to prevail on those claims. 307 A.3d 663 (Pa. Super. Ct. 2023). In these circumstances, the court could not conclude that the plaintiffs in the underlying suit "lacked probable cause or were grossly negligent in believing they possessed circumstantial facts to bring their claims." *Id*.

Here, the District Court and Third Circuit repeatedly determined that Ms. Turner's representation of the *Torres* plaintiffs was adverse to Avco, and thus that Avco had probable cause for the Underlying Action.

- The District Court rejected Ms. Turner's motion to dismiss, finding that Avco had "pled facts that state a plausible claim that Ms. Turner breached her duty to Avco by working on litigation that was adverse to Avco's interests." **Ex. F**, Underlying Litigation, Order (Doc. 35), ¶¶ 3, 4, 6, 7. The District Court concluded that "[w]hen Ms. Turner accepted

17

her assignment in *Torres v. Honeywell, Inc., et al*., Case No. CV2017-007542 (Ariz. Super. Ct. Maricopa Cty.) she represented clients whose interests were materially adverse to Avco's interests." **Ex. M**, Underlying Litigation, Mem. (Doc. 126) at 5.

- The District Court then dismissed Ms. Turner's motion to dismiss for lack of subject matter jurisdiction, finding that Avco had "a good faith basis to seek its attorneys' fees" incurred as a result of a breach of fiduciary duty" and that Avco had "a good faith basis to seek disgorgement." **Ex. H**, Underlying Litigation, Order (Doc. 71) at 1-2.

- A Third Circuit panel rejected Ms. Turner's motion to summarily dismiss the 2021 Appeal as meritless. **Ex. L**, 2021 Appeal, Order (Doc. 18).

- Another Third Circuit panel then ruled in favor of Avco, reversed summary judgment, and held that under Pennsylvania law, Avco "need not show injury beyond the breach of fiduciary duty itself" to be entitled to disgorgement or forfeiture of fees or a permanent injunction. *Avco,* 2022 U.S. App. LEXIS 20256, at \*4, \*7-9.

- On remand, and despite granting summary judgment, the District Court concluded Avco had met its burden on the material adversity prong, recognizing that "[w]hen Ms. Turner accepted her assignment in [*Torres* Arizona] she represented clients whose interests were materially adverse to Avco's interests" and that "a jury could determine that Avco's interests were materially adverse to the plaintiffs that Ms. Turner represented in *Torres*." **Ex. M**, Underlying Litigation, Mem. (Doc. 126) at 5-6.

- On the second appeal, another Third Circuit panel denied Ms. Turner's motion to summarily dismiss 2022 Appeal as meritless. **Ex. Q**, 2022 Appeal, Order (Doc. 18).

- Later, another Third Circuit panel held: "There is no question Turner's representation of the Torres plaintiffs was adverse to Avco." *Avco*, 2024 U.S. App. LEXIS 1130, at

18

*5 n.4. While not vindicating Ms. Turner and confirming the legal merit of Avco's claims, the panel found that the evidentiary record was insufficient to conclude that she had breached her fiduciary duties. *Id*. at *7-8

Importantly, both the District Court and the Third Circuit panel found in Ms. Turner's favor and against Avco based on an evidentiary failing, not the absence of probable cause. Both courts determined that as a factual matter Avco failed to meet its factual burden on one element of its claim, the substantial relationship test. As the *Laventhol & Horwath* and *Touraine, L.P.* cases demonstrate, Avco's evidentiary shortcoming on one element of its claim does not dispossess the Underlying Litigation of its probable cause. *See supra* at pp. 16-17.

### D. Avco's Good Faith Reliance on the Opinion of a Well-Credentialed Expert Defeats any Challenge to the Existence of Probable Cause.

The Dragonetti Act provides that probable cause exists when a person reasonably believes in the existence of facts upon which the claim is based and that under those facts the claim may be valid under the existing or developing law. 42 Pa. Cons. Stat. § 8352. A Dragonetti Act defendant may rely on an advice of expert defense to support the existence of probable cause when that party (or its counsel) consulted with an expert and reasonably believed, based on that expert's opinion, there was probable cause for its claims. *See Miller v. Moldovsky*, C.A. No. 21-2219, 2022 U.S. Dist. LEXIS 76994 (E.D. Pa. Apr. 15, 2022) (recognizing availability of an expert defense in a Dragonetti Act case). Where that expert issues a report supporting the plaintiff's claims, it defeats any challenge to the existence of probable cause. *See Keystone Freight Corp. v. Stricker*, 31 A.3d 967, 972-73 (Pa. Super. Ct. 2011) (finding probable cause where accident reconstructions and forensic expert supported plaintiff's claims).

Here, the record in the Underlying Litigation includes two Declarations of Nancy J. Moore.

Professor Moore is a Professor of Law and the Nancy Barton Scholar at Boston University and a well-credentialed expert in professional responsibility. **Ex. W**, Underlying Litigation, Dec. of Nancy J. Moore (Doc. 17-11) at 3. She was the Chief Reporter to the American Bar Association's Commission on Evaluation of Professional Rules of Conduct and served as an advisor to the American Law Institute's Restatement of the Law (Third) Governing Lawyers. *Id.*

Professor Moore's first declaration was signed 19 days after suit was commenced. *Id.* That declaration set forth the facts on which she based her opinions and concluded that Ms. Turner "has already represented and may in the future represent new clients with interests materially adverse to Avco, even when Avco is not a party to a particular lawsuit and even when Turner is not an attorney of record in that lawsuit." *Id.* at 9. Professor Moore also concluded that "Avco has no adequate alternative remedy to avoid [Ms. Turner's] improper disclosure or use of Avco's confidential information." *Id.* Contrary to the new allegations in Plaintiffs' Second Amended Complaint, Professor Moore's September 8, 2020 Declaration specifically states that her opinions are based on her review of the allegations in Avco's complaint, which set forth each of Avco's tort claims. *Id.* ¶¶ 3, 10.[8]

Professor Moore's second declaration, signed on July 14, 2021, was filed with Avco's motion for summary judgment. **Ex. X**, Declaration of Nancy J. Moore (Doc. 77-62). Professor Moore affirmed that after a review of Ms. Turner's deposition, her opinions were not changed and her concerns were heightened by Ms. Turner's failure to understand or appreciate her obligations

---

[8] Plaintiffs allege that Professor Moore never addressed any of the elements of the tort claims filed by Defendants. **Ex. AA,** Second Amend. Compl. ¶ 69(f)-(g). Because that allegation is directly contradicted by Professor Moore's September 8, 2020 Declaration, this Court need not accept that allegation as true. *Koger v. Allegheny Cty. Intermediate Unit*, C.A. No. 10-1466, 2011 U.S. Dist. LEXIS 45330, at *4 (W.D. Pa. Apr. 27, 2011) (the Court need not accept that allegation as true where they are contradicted by the record).

to her former client.  *Id*.

Plaintiffs acknowledge in their Second Amended Complaint that Professor Moore advised Avco/Textron's counsel but claim that her "opinions were *utterly irrelevant* to the tort claims filed by the Defendants and did not support them in the slightest" suggesting that the District Court had concluded that a violation of ethical rules do is irrelevant to Plaintiffs' claims for breach of fiduciary duty.  **Ex. AA**, Second Amend. Compl. ¶ 69(g).

The District Court reached no such conclusion.  Rather, the District Court's first summary judgment decision addressed whether, in addition to establishing a violation of the Rules of Professional Conduct, a plaintiff must also proof damages.  **Ex. I**, Underlying Litigation, Mem. (Doc. 106).  Ultimately, the Third Circuit determined that Avco "need not show injury beyond the breach of fiduciary duty itself" to be entitled to disgorgement or forfeiture or fees or a permanent injunction.  *Avco Corp.*, 2022 U.S. App. LEXIS 20256, at *4, *7-9 (non-precedential).  Thus, the only inquiry that remained was whether Ms. Turner's representation in *Torres* Arizona violated Ms. Turner's common law fiduciary duty, which mirrors the Rules of Professional Conduct.  *Id*. at *4-5.  Professor Moore's Declarations thoroughly addressed that question.  **Ex. W**, Underlying Litigation, Dec. of Nancy J. Moore (Doc. 17-11) at 4-8; **Ex. X**, Declaration of Nancy J. Moore (Doc. 77-62) at 2-3.  To the extent Plaintiffs' allegations conflict with the pleadings in the Underlying Litigation, this Court need not accept them as true.  *Koger*, 2011 U.S. Dist. LEXIS 45330, at *4.

Avco/Textron and their counsel relied on the advice Professor Moore gave to Avco's counsel after full disclosure of all relevant facts within Avco and Avco's counsel's knowledge and

information.[9]  As a result of that consultation and advice, Avco/Textron reasonably believed that Avco's claim was valid under the existing or developing law and, as such, had probable cause for their claims against Ms. Turner.

>    **E.  The Second Amended Complaint Is Devoid of Sufficient Factual Matter to Plausibly Demonstrate Avco/Textron Procured, Initiated or Continued Civil Proceedings Against Ms. Turner Without Probable Cause.**

The foregoing arguments are dispositive of Ms. Turner's Dragonetti Act claim.  However, if the Court were to look further at the specific allegations set forth in Plaintiffs' Second Amended Complaint, none of those allegations plausibly demonstrate that Avco procured, initiated or continued the Underlying Litigation against Ms. Turner without probable cause.  Plaintiffs' allegations concern arguments that the District Court and the Third Circuit expressly rejected and matters that do not give rise to a Dragonetti Act claim as a matter of law.

>    **1.  The District Court and the Third Circuit Expressly Found that Ms. Turner's Work in *Torres* Arizona Was Adverse to Avco.**

Plaintiffs contend that Ms. Turner's work on the *Torres* Arizona litigation was not adverse to Avco.  **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶¶ 46-50, 56-59, 69(a), 69(c).  However, Avco has repeatedly prevailed on that issue in the Underlying Litigation.  *See supra* at Facts § I(F)(1), (G).  Thus, Plaintiffs' allegations regarding the lack of adversity cannot support Ms. Turner's claim that Avco initiated the Underlying Litigation without probable cause.

---

[9] Avco/Textron have advanced a reliance on expert defense based on Blank Rome's consultation with Professor Nancy J. Moore before and during the Underlying Litigation. Ex. Z, Ans. to First Amend. Compl. (Doc. 36).  Avco/Textron has also advanced in their Answer an advice of counsel defense. *See infra* at § V(D).

### 2. The District Court Already Determined Avco Had a Good Faith Basis to Seek its Attorneys' Fees and Costs Incurred Due to Ms. Turner's Breach.

Plaintiffs' allegation that "Defendants sought to recover attorneys' fees against Ms. Turner despite the fact that such recovery was flatly barred by the well-established American Rule," also does not support the absence of probable cause. Second Amed. Compl. ¶ 69(e). The District Court found that Avco had "a good faith basis to seek its attorneys' fees" incurred as a result of a breach of fiduciary duty. **Ex. H**, Underlying Litigation, Order (Doc. 71) at 1-2. The District Court further noted that "[t]he possibility that Pennsylvania law allows for the recovery of attorneys' fees means that some other exception to the American Rule might apply." *Id.* at 2. The law is clear that "'[a] reasonable belief in the *possibility* that the claim may be held valid, is sufficient to give probable cause for the initiation of civil proceedings.'" *Arader*, 2011 U.S. Dist. LEXIS 116857, at *22-24 (quoting Restatement (Second) of Torts, § 674, comment e (emphasis added)). The District Court has already put this issue to bed.

### 3. Intra-Case Filings Cannot Establish a Lack of Probable Cause.

The Dragonetti Act does not extend to intra-case motions and other filings. *See Westminster Am. Ins. Co. v. Spruce 1530, LLC*, 853 F. App'x 793, 796 (3d Cir. 2021); *see also Raynor v. D'Annunzio*, 243 A.3d 41, 54-55 (Penn. 2020) (holding that "'civil proceedings' as referenced in the Act" does not include "the filing of motions within a case"); *Pendergrass*, 518 F. Supp. 3d at 847 (concluding that "the Act should be read as entirely excluding intra-case filings"). Thus, Plaintiffs' allegations concerning intra-case filings and other conduct that purportedly took place during the Underlying Litigation cannot establish the lack of probable cause. **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶¶ 64-68, 69(c)-(d), 70-71.

### 4. A Motion for a Preliminary Injunction Cannot Establish a Lack of Probable Cause as a Matter of Law; Nor Do Plaintiffs' Allegations Plausibly Demonstrate a Lack of Probable Cause.

For the same reason, motions for preliminary injunctions do not give rise to Dragonetti Act liability. *See Raynor*, 243 A.3d at 51-52 n.8.[10]  Thus, Plaintiffs' allegations concerning Avco's motion for preliminary injunction cannot establish a lack of probable cause. **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶¶ 60-63.  Nor do they demonstrate that Avco lacked probable cause.

First, Avco supported its request for injunctive relief with a declaration of Professor Moore, which states, *inter alia*:

> it is my opinion that Turner has already represented and may in the future represent new clients with interests materially adverse to Avco, even when Avco is not a party to a particular lawsuit and even when Turner is not an attorney of record in that lawsuit. Because Turner can actively participate in another lawyer's representation without appearing as an attorney of record, Avco has no adequate alternative remedy to avoid her improper disclosure or use of Avco's confidential information. Moreover, the arguments she makes in her Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction reveal that she seriously misunderstands her obligations to Avco under the Pennsylvania Rules of Professional Conduct.

**Ex. W**, Underlying Litigation, Dec. of Nancy J. Moore (Doc. 17-11) at 9.  Ms. Turner never came forward with any expert contesting Professor Moore's opinion.  Thus, Avco's reliance on Professor Moore's declaration further demonstrates Avco's probable cause for seeking preliminary injunctive relief.  *See Keystone Freight Corp.*, 31 A.3d at 972-73.

---

[10] Although unpublished decisions had, at one time, recognized the right to pursue a Dragonetti Act claim based on a motion for a preliminary injunction, the Pennsylvania Supreme Court's decision in *Raynor* parted ways with those decisions.  243 A.3d at 52 n.8.

Second, the District Court denied Avco a preliminary injunction based on Ms. Turner's declaration, "under penalty of perjury, that she is not working on any cases adverse to Avco." **Ex. D**, Underlying Litigation, Mem. (Doc. 24) at 7.  But the District Court noted that if Avco had evidence "that called Ms. Turner's declaration into doubt," its perspective may be different.  *Id.* at 8.  In discovery, Avco did exactly that:  despite declaring under penalty of perjury that her "discrete assignment" in *Torres* Arizona had ended on July 22, 2020, Ms. Turner later testified that ***her involvement in that case did not end until six months later***, in December 2020, while the Underlying Litigation was pending.  **Ex. B**, Underlying Litigation, Turner Dep. (Doc. 77-4) at 154.  Ms. Turner also testified that ***she would not commit to declining future similar engagements with the Wolk Firm***. *Id.* at 172.

Thus, Avco sought permanent injunctive relief, which the Third Circuit panel deciding the 2021 Appeal determined Avco was legally entitled to pursue if it had sufficient evidence to demonstrate breach of fiduciary duty.  *Avco*, 2022 U.S. App. LEXIS 20256 at *7-8.  Accordingly, Plaintiffs' allegations concerning Avco's unsuccessful motion for preliminary injunction do not plausibly demonstrate that Avco lacked probable cause.

### 5.   Appeals Do Not Give Rise to Liability Under the Dragonetti Act.

Plaintiffs fare no better with their allegations in Paragraphs 10-12, 76 and 78 concerning Avco's 2021 and 2022 Appeals because the Dragonetti Act does not impose liability for appellate proceedings.  *Raynor*, 243 A.3d at 54-55.  The plain language of the Dragonetti Act imposes liability on a person who "takes part in the procurement, initiation or continuation of *civil proceedings* against another."   42 Pa. Const. Stat. § 8351(a) (emphasis added).   "Civil proceedings," under the Dragonetti Act, do not include appeals.  *Raynor*, 243 A.3d at 54-55.

Moreover, a Dragonetti Act violation cannot be inferred from the cherry-picked questions posed by circuit judges who sat on the panel in the 2021 Appeal that Plaintiffs quote in the Second Amended Complaint.  The Third Circuit does not speak through its questions but, rather, "speaks through its written opinions." *West v. Keve*, 721 F.2d 91, 92 n.3 (3d Cir. 1983); *accord Murdaugh Volkswagen, Inc. v. First Nat'l Bank*, 741 F.2d 41, 44 (4th Cir. 1984).  And, notwithstanding the selectively quoted questions posed by the circuit judges sitting on the panel in the 2021 Appeal, Avco prevailed on that appeal.  *Avco*, 2022 U.S. App. LEXIS 20256, at *1-2.[11]

Accordingly, none of Plaintiffs' allegations concerning the 2021 Appeal or the 2022 Appeal plausibly demonstrate that Avco lacked probable cause for the Underlying Litigation.

### 6.  The Court Must Disregard Factual Claims That Are Contradicted by the District Court's Orders and Decisions and the Third Circuit's Opinions.

Plaintiffs also allege that "Ms. Turner is a prevailing party under the Dragonetti Act because the proceedings against her were dismissed as baseless."  **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶ 87.  The Court need not accept that allegation as true where it is contradicted by the decisions of the District Court and the Third Circuit.  *Koger*, 2011 U.S. Dist. LEXIS 45330, at *4.

Neither the District Court nor the Third Circuit made any finding that Avco's claims against Ms. Turner were baseless, let alone dismissed any claims on that basis.  To the contrary, when Ms. Turner urged the District Court to dismiss Avco's claims on the grounds that they were

---

[11] In her motion for summary dismissal of the 2022 Appeal, Ms. Turner argued that the very same cherry-picked questions quoted in the Second Amended Complaint demonstrated that the 2022 Appeal did not present a "substantial question," the Underlying Litigation "was meritless from its inception," and "Avco wasted the time and resources of the District Court (and Ms. Turner) for a year with its meritless and legally unsupportable case."  **Ex. P**, 2022 Appeal, Mot. for Summary Dismissal (Doc. 15-1) at 1-2, 6.  Circuit Judges Jordan, Montgomery-Reeves and Smith disagreed and entered an order denying Ms. Turner's motion for summary dismissal of the 2022 Appeal.  **Ex. Q**, 2022 Appeal, Order (Doc. 18).

"meritless," the Court denied Ms. Turner's motion.   *See* **Ex. E**, Underlying Litigation, Mot. to Dismiss (Doc. 27) and **Ex. F**, Underlying Litigation, Order (Doc. 35).  And when Ms. Turner urged the Third Circuit to dismiss Avco's 2021 Appeal and, later, its 2022 Appeal on the ground that those appeals were baseless, a total of six circuit judges considered and rejected Ms. Turner's contention and, accordingly, denied her motions for summary dismissal.  **Ex. L**, 2021 Appeal, Order (Doc. 18); **Ex. Q**, 2022 Appeal, Order (Doc. 18); *see also supra* Facts § I(E), I(G).  Even when summary judgment was ultimately entered in favor of Ms. Turner, neither the District Court nor the Third Circuit panel made a finding that Avco's claims were baseless.  Rather, the District Court concluded that Avco had failed to meet its evidentiary burden on one prong of the fiduciary duty claim.  *See supra* Facts § I(F)(2).

> **F.  The Second Amended Complaint Does Not Contain Any Allegations to Show that Avco/Textron Acted in a Grossly Negligent Manner in Procuring, Initiating or Continuing the Underlying Litigation.**

While a Dragonetti Act claim may also be maintained when a person takes part in the procurement, initiation or continuation of civil proceedings in a grossly negligent manner, Plaintiffs' Complaint does not plausibly allege those facts either. 42 Pa. Const. Stat. § 8351(a)(1).

"Gross negligence is defined, *inter alia*, as a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party..."  *Hart v. O'Malley*, 781 A.2d 1211, 1218 (Pa. Super. Ct. 2001).  "Gross negligence has also been described as 'the want of even scant care' and 'the failure to exercise even that care which a careless person would use.'"  *Id.* (quoting *Ratti v. Wheeling Pittsburgh Steel Corporation*, 758 A.2d 695, 703 (Pa. Super. Ct. 2000)).

Plaintiffs' Second Amended Complaint contains no allegations of fact that meet that standard.  Plaintiffs allege Avco "acted in an intentional and/or grossly negligent manner" (**Ex.**

**AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-5) ¶ 83) but cannot proceed on this conclusory allegation alone. *See Bobrick Corp.*, 698 F. Supp. 2d at 498 (plaintiff's intonation of the phrase "defendants were grossly negligent" did not insulate its Dragonetti action from a motion to dismiss). "[C]onclusory assertions are entitled to no assumption of truth." *Id*. (citing *Iqbal*, 129 S. Ct. at 1950-51). In contrast, the findings of the District Court and Third Circuit, Avco's reliance on counsel and on Professor Moore, and Avco's reliance on Blank Rome all clearly demonstrate that Avco did not act with reckless disregard. *See supra* Argument § I(D).

For all of these reasons, this Court should dismiss Ms. Turner's claim under the Dragonetti Act.

## II.     The Second Amended Complaint Fails to State a Claim for Civil Conspiracy.

### A.   Ms. Turner's Civil Conspiracy Claim Fails in the Absence of an Underlying Unlawful Act.

Civil conspiracy is a derivative but independent cause of action. *In re Jamuna Real Estate, LLC*, 365 B.R. 540, 561 (Bankr. E.D. Pa. 2007). To claim civil conspiracy, "[a] plaintiff must show that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Skipworth by Williams v. Lead Indus. Ass'n*, 690 A.2d 169, 174 (Pa. 1997). "'No civil cause of action for conspiracy can exist unless the conduct that was the subject of the conspiracy is actionable.'" *Dana v. Lofts at 1234 Condo. Ass'n*, 225 A.3d 942 (Pa. Commw. Ct. 2020) (quoting *Morley v. Farnese*, 178 A.3d 910 (Pa. Commw. Ct. 2018)).

Ms. Turner's civil conspiracy claim is predicated, in part, on her allegation that "[t]he several Defendants knowingly and intentionally conspired for improper purposes to engage in tortious conduct, including fraud and misrepresentation and violations of 42 Pa. C.S.A. § 8351(a), in an effort to retaliate against, embarrass and humiliate Ms. Turner." **Ex. AA**, *Dragonetti II*,

Second Amend. Compl. (Doc. 44-5) ¶ 90.[12]  Thus, if Ms. Turner's Dragonetti Act claim fails for any of the foregoing reasons, her civil conspiracy claim predicated on the same conduct also fails.

Ms. Turner's civil conspiracy claim is also predicated, in part, on her allegation that "[t]he several Defendants also conspired to violate 18 Pa. Cons. Stat. § 5109 (Pennsylvania's criminal Barratry statute) and other statutes of the Commonwealth of Pennsylvania[13] by harassing Plaintiff with an unjust and vexatious lawsuit."  **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-5) ¶ 90.  18 Penn. Const. Stat. § 5109 provides: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits."  In Pennsylvania, "[b]arratry was an indictable offense at common law."  *Commonwealth v. Lewis*, 453 A.2d 982, 985 (Pa. Super. Ct. 1982).  It was defined as "the crime or offense of frequently stirring up suits and quarrels between individuals, either at law or otherwise."  *Id*. (quoting 9 C.J.S., *Barratry*, § 1, p. 1546).  Although the Pennsylvania barratry statute differs in some respects from the common law definition, Pennsylvania courts have held that "there is no difference in meaning" and "the statutory language 'vexes others with unjust and vexatious suits,' must be read as restating the established common law standard which has long existed in this Commonwealth."  *Id*.[14]

---

[12] The Second Amended Complaint does not include any allegations of fraud or misrepresentation, apart from this statement.  As such, Plaintiffs' Second Amended Complaint does not plausibly state a claim for civil conspiracy pursuant to any purported fraud or misrepresentation.  *See Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (dismissing civil conspiracy claim where plaintiffs failed to plead or develop an intentional or underlying criminal act to support its civil conspiracy claim).

[13] Plaintiffs' Second Amended Complaint does not plausibly state a claim for civil conspiracy pursuant to unidentified Pennsylvania statutes.  *See Padmanabhan v. Healey*, 159 F. Supp. 3d 220, 226 (D. Mass. 2016) (reviewing a claim for civil conspiracy and observing that "[c]onclusory statements that defendants deliberately committed regulatory and statutory violations and accessed information under the pretext of legitimate investigative activity do not, by themselves, set forth a plausible claim for relief.").

[14] Under the rule of lenity and 1 Pa. C.S. § 1928, the barratry statute must be strictly construed strictly. *Brown v. Bureau of Prof'l & Occupational Affairs*, 18 A.3d 1256, 1259 (Pa. Commw. Ct. 2011); *accord Hartford Steam Boiler Inspection & Ins. Co. v. Int'l Glass Prods., LLC*, No. 2:08cv1564, 2016 U.S. Dist. LEXIS 135045, at *53 (W.D. Pa. Sep. 29, 2016).

Plaintiffs have alleged that Avco brought a single lawsuit against Ms. Turner.   **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-5) ¶ 1. This falls far short of the frequent or multitudinous nature of litigation required to maintain a claim for barratry. Accordingly, in the absence of allegations of an underlying unlawful action, Plaintiffs have not stated a claim for civil conspiracy.

### B.   Ms. Turner's Civil Conspiracy Claim Fails Because She Has Not Pled Facts that Could Plausibly Establish the Requisite Agreement.

"Under Pennsylvania law, [a] civil conspiracy is a combination or agreement between two or more persons to commit an unlawful act or a lawful act by unlawful means." *Jenn Ching-Luo v. Owen J. Roberts Sch. Dist.*, No. 19-3997, 2022 U.S. App. LEXIS 26971, at *7 (3d Cir. Sept. 27, 2022) (non-precedential).   When a plaintiff fails to allege "facts showing a combination, agreement, or confederation among the Defendants" and only sets forth conclusory assertions, a civil conspiracy claim must be dismissed.   *Gross-Quatrone v. Mizdol*, 811 F. App'x 95, 100 (3d Cir. 2020) (non-precedential) (affirming district court's dismissal of civil conspiracy claim and also noting that "mere labels and conclusions" are not sufficient to state a civil conspiracy claim. *Jenn Ching-Luo*, 2022 U.S. App. LEXIS 26971, at *7 (affirming district court's dismissal of civil conspiracy claim); *Lawton v. Wells Fargo Bank, N.A.*, No. 22-3294, 2023 U.S. Dist. LEXIS 44181, at *10-11 (E.D. Pa. Mar. 16, 2023) (dismissing civil conspiracy claim where plaintiffs failed to plead any specifics about an agreement or understanding among defendants but, rather, made conclusory allegations of wrongdoing).

Here, the only agreement Plaintiffs reference in their Second Amended Complaint is Blank Rome's retention and billing agreement with Textron.   **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶ 26.   That allegation regarding a standard law firm/client document comes

nowhere close to the requisite specific factual allegations of a combination, agreement or understanding among all or between any of the defendants to plot, plan or conspire to carry out unlawful activities.  *See Lawton*, 2023 U.S. Dist. LEXIS 44181, at *10-11.

### C. Ms. Turner's Civil Conspiracy Claim Fails Under the Intracorporate Conspiracy Doctrine.

Ms. Turner's civil conspiracy claim also fails because, based on the allegations in Plaintiffs' Second Amended Complaint, Avco and Textron are incapable of conspiring with themselves or with the Individual Defendants, pursuant to the intracorporate conspiracy doctrine.

Ms. Turner cannot demonstrate a plausible claim for civil conspiracy based on any allegation that Textron conspired with its wholly owned subsidiary, Avco.  Under Pennsylvania law, the intracorporate conspiracy doctrine recognizes that in "circumstances where a parent and its subsidiary are essentially corporate alter egos, a count for civil conspiracy will not lie because of the absent requisite plurality of actors."  *Commonwealth v. BASF Corp*., 2001 Phila. Ct. Com. Pl. LEXIS 95, *51-52 (Phil. Ct. Com. Pl. Mar. 15, 2001) (citing *Shared Communs. Servs. of 1800-80 Jfk Boulevard v. Bell Atl. Props.*, 692 A.2d 570, 574 (Pa. Super. Ct. 1997)).

To be clear, Avco and Textron deny they are alter egos of one another.  However, ***Textron was not a party to the Underlying Litigation***, and its inclusion in this lawsuit is solely based on Plaintiffs allegation that Textron and Avco are alter egos.  The Second Amended Complaint alleges that "Avco is a wholly-owned subsidiary of Textron Inc. and specializes in the manufacture of piston aircraft engines."  **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶ 19.  It further alleges that "Defendant Textron is the sole shareholder of Defendant Avco."  *Id*. ¶ 22.  It then alleges that "Defendant Textron, at all times relevant hereto, regularly directed, managed, controlled, and supervised all civil litigation filed by or against Defendant Avco" and that

31

"Defendant Textron made the decision to initiate and pursue the meritless litigation against Ms. Turner" and "[a]t all times relevant hereto, Defendant Textron directed, managed, controlled and supervised the litigation filed against Ms. Turner." *Id.* ¶¶ 22, 24-25.  Plaintiffs' latest allegations reiterate that "Defendants Textron and Avco have admitted that Defendant Textron made the decision to sue Ms. Turner." *Id.* ¶ 29.  Plaintiffs claim that "Defendant Textron used Defendant Avco as a 'straw plaintiff' in the litigation against Ms. Turner, and made all decisions relating to the prosecution of the meritless case against her." *Id.* ¶ 28.

Plaintiffs cannot have it both ways. If the allegations in Plaintiffs' Second Amended Complaint that Textron and Avco are corporate alter egos that have coordinated the activity at issue are accepted as true for purposes this motion only, a count for civil conspiracy is barred by the intracorporate conspiracy doctrine and will not lie.

Neither can Ms. Turner demonstrate a plausible claim for civil conspiracy based on any allegation that Avco/Textron conspired with the Individual Defendants.  Under the intracorporate conspiracy doctrine, "an entity cannot conspire with one who acts as its agent." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (citing *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999)).  Thus, a plaintiff fails to plead an actionable conspiracy where the allegedly unlawful actions of the attorneys and their client are—ethical or not—within the scope of the attorney-client relationship. *Heffernan*, 189 F.3d at 411, 413 (recognizing the compelling policy concerns warranting a ban on conspiracies in the attorney-client context); *accord Jenn Ching-Luo*, 2022 U.S. App. LEXIS 26971, at *7 n.5.

Here, Plaintiffs' Second Amended Complaint alleges that Blank Rome LLP, by and through the Individual Attorneys, prosecuted the Underlying Litigation on behalf of Avco pursuant to a retention and billing agreement with Textron. **Ex. AA**, *Dragonetti II*, Second Amend. Compl.

32

(Doc. 44-2) ¶¶ 26, 29.  The First Amended Complaint does not allege, let alone plead facts that would allow the Court to draw the inference that the Individual Attorneys were acting outside the scope of representation for their own sole personal benefit.  It pleads just the opposite: "[a]t all times relevant hereto, all of the named Defendants acted through their agents, servants, and employees, each of whom was in the course and scope of their employment at all times relevant hereto."  *Id.* ¶ 37.  Accordingly, under the intracorporate conspiracy doctrine, no conspiracy can exist between Avco and Textron and the Individual Defendants as a matter of law.  *See Gen. Refractories Co.*, 337 F.3d at 314.

For all of these reasons, this Court should dismiss Ms. Turner's civil conspiracy claim.

### III.    The Second Amended Complaint Fails to State a Claim for Loss of Consortium.

Under Pennsylvania law, a loss of consortium claim is "a separate and distinct cause of action, although derivative, from the injured spouse's claim."  *Barchfeld v. Nunley*, 577 A.2d 910, 912 (Pa. Super. Ct. 1990).  That means that "a defendant cannot be liable to a spouse for his loss of consortium caused by injuries to the other spouse if the defendant is not actually liable for those injuries."  *Romero v. Allstate*, No. 16-4037, 2017 U.S. Dist. LEXIS 31965, at *7 (E.D. Pa. Mar. 7, 2017); *see also Bada v. Comcast Corp*., 2015 Phila. Ct. Com. Pl. LEXIS 198, *18 (Phila. Ct. Comm. Pl. Jan. 20, 2015) (recognizing that under Pennsylvania law, a derivative loss of consortium claim fails if the originating claim fails).

Plaintiffs' Second Amended Complaint pleads Mr. Turner's claim for loss of consortium as a derivative claim, alleging that "[a]s a direct and proximate result of Defendants' conduct aforesaid, Mr. Turner has suffered severe and substantial damages including but not limited to loss of consortium and loss of the marital services of Ms. Turner, caused by the frivolous and ungrounded proceedings initiated by Defendants."  **Ex. AA**, *Dragonetti II*, Second Amend. Compl.

33

(Doc. 45-2) ¶ 95.  Thus, because Ms. Turner's allegations do not plausibly state claims under the Dragonetti Act or for civil conspiracy, Mr. Turner's derivative loss of consortium claim fails, this Court should dismiss Mr. Turner's claim for loss of consortium.

## IV.    The Two Dismissal Rule Bars Plaintiffs' Claims.

The foregoing arguments are dispositive of the entirety of Plaintiffs' Second Amended Complaint.  However, Fed. R. Civ. P. 41(a)(1)(b) provides a separate and independent basis for dismissal.

Plaintiffs made the voluntary, unilateral decision to drop their claims against Avco's counsel, Blank Rome, twice.  After Plaintiffs sued Blank Rome, the Individual Defendants, and Avco in state court in *Dragonetti I*, Plaintiffs filed a notice of dismissal as to all defendants after realizing that their claims were not ripe (the first dismissal).  Then, in this action, Plaintiffs amended their complaint to drop all of their claims against Blank Rome, which is the substantive equivalent of a dismissal under Rule 41(a)(1)(A)(i) because it rescinded all claims against a single party.  Accordingly, under the "two dismissal" rule, the amendment (a second dismissal) operates as a judgment on the merits in favor of Blank Rome, on whose advice Avco/Textron expressly and exclusively relied.

### A.    The Two Dismissal Rule Establishes a Strict Bar Prohibiting Repeat Litigation Against the Same Party and Those In Privity With That Party.

"[U]nder Rule 41 and its Two Dismissal Rule, a plaintiff has the benefit of voluntarily dismissing his claims against a defendant without prejudice only once; any subsequent voluntarily dismissal of those claims will bar the plaintiff from bringing them again."  *Orman v. Citimortgage*, No. 15-3432, 2016 WL 1592948, at *4 (E.D. Pa. Apr. 21, 2016); *see also* Fed. R. Civ. P. 41(a). This is known as the two dismissal rule. *Id.* at *4 (applying two dismissal rule to bar claim for

nominally different parties who were nevertheless in privity).  Thus, a second voluntary dismissal "has a claim-preclusive effect" as an adjudication on the merits.  *Id.*  (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 501, 505-06 (2001)); *see also* 8 Moore's Federal Practice - Civil § 41.13 (2024) (second dismissal is as a final judgment within the meaning of Rule 60(b)).

The two dismissal rule is thus "'aimed at curbing abuses of the judicial system' so as to prevent duplicative or serial litigation."  *Gillespie v. Dring*, No. 3:15-CV-00950, 2019 WL 5260381, at *3 (M.D. Pa. Oct. 17, 2019), *aff'd*, No. 19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)); *accord Smith, Kline & French Lab'ys v. A. H. Robins Co.*, 61 F.R.D. 24, 30 (E.D. Pa. 1973); *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co*., 826 F.2d 637, 640 (7th Cir. 1987).

While courts acknowledge that Rule 41(a)(1)(B)'s penalty is strict, they also consistently hold that its terms are clear and compulsory.  *See, e.g.*, *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218-19 (5th Cir. 2014) ("[A]lthough the rule may be harsh under these circumstances, the language is clear, and we must apply it as written."); *Beckmann v. Bank of America, N.A.,* 2015 WL 11578509 (N.D. Ga. 2015) ("application is not discretionary."), *report and recommendation adopted*, 2015 WL 11605516 (N.D. Ga. 2015).  A party seeking to disregard the two dismissal rule faces a heavy burden.  *Cabot Golf CL-PP 1, LLC*, 575 F. App'x at 219.

### B. Plaintiffs' Amended Complaint Dropping Blank Rome As a Party Is the Equivalent of a Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1)(B).

On February 29, 2024, Plaintiffs filed a First Amended Complaint that dropped all claims[15] alleged against Blank Rome, removing the law firm as a defendant in this action.  *See* **Ex. V,** First

---

[15] The Third Circuit recognizes that the word "action" in Rule 41(a) is not limited to the entire lawsuit, but can encompass all claims against a single defendant. *Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 n.3 (3d Cir. 2021); *Young*, 150 F.2d at 764. Thus, Plaintiffs' decision to drop only claims against Blank Rome does not preclude application of the two dismissal rule.

Am. Compl (Doc. 15).  Plaintiffs made this decision freely and unilaterally without seeking the consent of any defendant. The effect of amending the pleadings was tantamount to a *second* voluntary dismissal; it released Blank Rome in its entirety, effectively dismissing it from the action.  And it triggered the two dismissal rule, resulting in an adjudication on the merits in favor of Blank Rome.

Pennsylvania federal courts have consistently held that amending the pleadings to drop all claims against a defendant is—in all but name—equivalent to a Rule 41(a) dismissal.  *See Rush v. City of Philadelphia*, No. 2:19-CV-00932-JDW, 2020 WL 3412548, at *1 (E.D. Pa. June 22, 2020) ("[A]n amendment that dismisses a party invokes Rule 41(a), not Rule 15."); *DeGroat v. Rickard*, No. 3:16-CV-01186, 2018 WL 8756047, at *2 (M.D. Pa. Dec. 19, 2018) (construing plaintiffs' motion to amend as a motion to voluntarily dismiss brought under Rule 41(a)(2) to the extent it sought to drop a number of defendants); *see also Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir.), *cert. denied*, 326 U.S. 786 (1946) (interpreting Rule 41(a) as the means for dismissing all claims against a single defendant).

These rulings accord with the overwhelming weight of authority holding that a plaintiff's decision to amend the pleadings under Rule 15(a) to eliminate even a single defendant is the same as a dismissal under Rule 41(a), whether by notice or motion.  *See, e.g., AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-28 (10th Cir. 1997); *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Braswell  v. Invacare Corp.*, 760 F. Supp. 2d 679, 682-83 (S.D. Miss. 2010);  *Dzwonkowski v. Dzwonkowski*, No. 05-cv-0544, 2008 WL 2163916, at *12 (S.D. Ala. May 16, 2008);  *Chambers v. Time Warner, Inc.,* Case No. 00-cv-2839, 2003 WL 1107790, at *2 (S.D.N.Y. Mar. 12, 2003);

*Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355-56 (E.D. Va. 1998).[16]

Plaintiffs' decision to amend was voluntary, without Blank Rome's consent, and without the Court's approval. It operated to dismiss every claim Plaintiffs had against Blank Rome. In every material way, it had exactly the same result as a voluntary notice of dismissal under Rule 41(a)(1)(A)(i). The filing of the First Amended Complaint should therefore be treated as an adjudication on the merits in favor of Blank Rome.

### C. An Adjudication on the Merits in Favor of Blank Rome Precludes a Finding That Blank Rome Acted Without Probable Cause or Improper Purpose.

The two dismissal rule is claim-preclusive. *See Orman*, 2016 WL 1592948, at *4 (citing *Semtek Int'l*, 531 U.S. at 501, 505-06). It is also expansive in impact. As the Third Circuit recently held: "*Res judicata* is applicable if there has been a final judgment on the merits in a suit involving the same parties ***or their agents***, and the other suit in which *res judicata* is asserted is based on the same occurrence or series of occurrences." *Argen v. AG*, No. 21-2571, 2022 U.S. App. LEXIS 22706, at *10 (3d Cir. Aug. 16, 2022) (emphasis added); *see also City of Phila. v. Wells Fargo & Co.*, No. 17-2203, 2018 U.S. Dist. LEXIS 6443, at *6 (E.D. Pa. Jan. 16, 2018) ("For purposes of res judicata, privity applies when different parties would be 'vicariously responsible for the conduct of another, such as principal and agent or master and servant.'").

Because Plaintiffs dismissed Blank Rome, the Court is precluded from finding that the firm acted with gross negligence, without probable cause, or for an improper purpose and must enter a judgment "on the merits." Rule 41(a)(1)(B). Because Blank Rome was acting in privity with Avco/Textron, those same preclusions apply, and the action must be dismissed.

---

[16] Enforcing the two dismissal rule when a plaintiff has exercised one-sided discretion to dismiss a defendant multiple times is consistent with the more "restrictive" approach of the Third Circuit, which has historically favored dismissals with prejudice when a request is made by motion under Rule 41(a)(2). *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 103 (W.D. Pa. 1992).

**D.  Plaintiffs' Claims Against Avco/Textron Are Barred by *Res Judicata*.**

Good faith reliance on the advice of counsel is a complete defense under the Dragonetti Act.  *See* 42 Pa. Cons. Stat. Ann. § 8352 (reliance on advice of counsel provides "probable cause")[17] and Plaintiffs allege that Textron, as the sole shareholder of Avco, "at all times relevant hereto, regularly directed, managed, controlled and supervised all civil litigation filed by or against Defendant Avco."   **Ex. AA**, *Dragonetti II*, Second Amend. Compl. (Doc. 44-2) ¶ 23.   Those allegations must be accepted as true for the purpose of Rule 12(b)(6).  The only question is whether Avco/Textron is in privity with Blank Rome and thus entitled to the *res judicata* shield.  The answer is yes.

Under Third Circuit law, "[a] party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Russomanno v. Dugan*, No. 21-2004, 2021 U.S. App. LEXIS 26956, at *3 (3d Cir. Sep. 8, 2021) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).  Privity is "'merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.'"  *Russomanno*, 2021 U.S. App. LEXIS 26956, at *6-7 (quoting *EEOC v US Steel Corp*. 921 F.2d 489, 493 (3d Cir. 1990)).  Privity is more readily found when it is used for a defendant to benefit from claim preclusion (defensive *res judicata*) than for a plaintiff to bind a new defendant in a later action (offensive *res judicata*).  *Id.*

---

[17] Avco/Textron has asserted an advice of counsel defense.  Ex. Z, Ans. to First Amend. Compl. (Doc. 36). This Court may rely on Avco/Textron's assertion of that defense in ruling on their motion to dismiss.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (recognizing that when ruling on a motion to dismiss a court may consider "items appearing in the record of the case").

Courts in this district have routinely concluded that attorneys and clients are in privity for *res judicata* purposes. *See, e.g.*, *Vacanti v. Apothaker & Assocs., P.C.*, No. CIV.A. 09-5827, 2010 WL 4702382, at \*5 (E.D. Pa. Nov. 12, 2010) (concluding as all the allegations against the attorney stemmed from his representation of the client, he was in privity with the client and that the plaintiffs' claim was barred by *res judicata*); *Jett v. Beech Interplex, Inc.*, No. CIV.A.02-9131, 2004 WL 1595734, at \*14 (E.D. Pa. 2004) (holding that attorney acted as an "agent" for client based upon the representation in prior lawsuit and therefore was in privity with the client for *res judicata* purposes, and that "voluntary dismissal with prejudice operates as a final judgment on the merits"); *accord Waris v. Mackey*, No. 09-1103, 2009 WL 4884204, at \*8 (E.D. Pa. Dec. 15, 2009); *Crooked Creek Properties, Inc. v. Ensley*, 2009 WL 3644835, 18 (M.D. Ala. 2009).

Blank Rome and its client were subject to identical claims and have identical legal interests with respect to those claims. The advice-of-counsel defense by Avco/Textron further shows that their interests are indistinguishable. The link between Blank Rome and Avco/Textron is particularly strong given that—as a corporate plaintiff—Avco had no ability to act on its own in litigation; it could *only* act by and through its counsel. *U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) ("[A] corporation may not be represented by other than licensed counsel.").

If an attorney-client relationship and identical interests were not enough, Plaintiffs allege that Avco/Textron were co-conspirators with all other defendants. Despite the lack of merit to this claim *see supra* Argument § II, Plaintiffs are bound by their pleadings, and courts—including the Third Circuit—have routinely concluded that co-conspirators are in privity for the purposes of *res judicata*. *See Gamebooks v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972) (relationship of alleged co-conspirators in second complaint was "so close to parties to the first" that second action was barred by *res judicata*); *see also In re Teltronics Services,* 762 F.2d 185, 192 (2d Cir. 1985) (newly

added defendant "was alleged to be a co-conspirator in the second Southern District action filed against the [other] defendants, and is entitled to the *res judicata* effect of that decision"); *accord McLaughlin v. Bradlee*, 599 F. Supp. 839, 847–48 (D.D.C. 1984); *Somerville House Mgmt., Ltd. v. Arts & Ent. Television Network*, No. 92-CIV-4705 (LJF), 1993 WL 138736, at *3 (S.D.N.Y. Apr. 28, 1993); *McIver v. Jones*, 209 Ga. App. 670, 672, 434 S.E.2d 504, 506 (1993).

The result is clear and unyielding: Blank Rome is entitled to an adjudication on the merits under the Two Dismissal Rule because Plaintiffs' voluntary amendment is the equivalent of a notice of dismissal under Rule 41(a)(1)(A)(i).  Inherent in such a judgment is a legal determination that Blank Rome did not act with gross negligence, without probable cause, or for an improper purpose.  Because Avco/Textron has asserted an advice-of-counsel defense and could only act in the underlying litigation by and through the actions of its attorneys at Blank Rome, with whom it was in privity, Plaintiffs' claims against Avco/Textron are also barred by *res judicata*.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiffs' Second Amended Complaint in its entirety.

## REQUEST FOR ORAL ARGUMENT
## PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 7.1(f)

Avco/Textron, by and through their undersigned counsel, hereby respectfully request oral argument on their Motion for Dismiss pursuant to Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(f).

**ADLER POLLOCK & SHEEHAN P.C.**

By: */s/ Nicole J. Benjamin*
John A. Tarantino, Esq. (*pro hac vice*)
Nicole J. Benjamin, Esq. (*pro hac vice*)
Daniel J. Procaccini, Esq. (*pro hac vice*)
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel.: (401) 274-7200
jtarantino@apslaw.com
nbenjamin@apslaw.com

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Joseph E. O'Neil*
Joseph E. O'Neil, Esq.
Katherine A. Wang, Esq.
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Tel.: (610) 964-1900
Fax: (610) 964-1981
joneil@campbell-trial-lawyers.com
kwang@campbell-trial-lawyers.com

*Counsel for Defendants,*
*Textron Inc. and Avco Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, a copy of the foregoing Memorandum was served via ECF on all counsel of record.

/s/ Nicole J. Benjamin

4876-2427-4867, v. 2