# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA TURNER | : | CIVIL ACTION |
| KEVIN TURNER | : | |
| | : | |
| v. | : | |
| | : | |
| AVCO CORPORATION, TEXTRON, | : | |
| INC., JAMES T. SMITH, Esquire, | : | |
| REBECCA WARD, Esquire and | : | |
| HEIDI CRIKELAIR, Esquire | : | NO. 24-715 |

## MEMORANDUM OPINION

Savage, J.                                                                                                           July 9, 2024

### Background

After attorney Veronica Saltz Turner ("Turner") switched sides from defending Avco Corporation and Textron, Inc. to representing plaintiffs in aviation crash litigation, Avco and Textron sued her for breach of fiduciary duty. They lost. Turner responded by bringing this action for wrongful use of civil proceedings under Pennsylvania's "Dragonetti Act". She names as defendants Avco and Textron, and three Blank Rome, LLP lawyers, James Smith, Rebecca Ward, and Heidi Crikelair ("the attorney defendants") who represented Avco in the action against her.

The defendants have moved to dismiss the Second Amended Complaint. They argue that it fails to state a claim under the Dragonetti Act because Turner did not plead facts showing that Avco lacked probable cause to bring the action against her.

Accepting the facts alleged in the Second Amended Complaint as true and drawing all reasonable inferences from them in Turner's favor, we conclude that she has stated a Dragonetti cause of action.

**Facts**

The facts are drawn from the Second Amended Complaint and matters of public record referred to in the Second Amended Complaint.

For 12 years, Turner defended Lycoming Engines, a division of Avco, in aviation crash litigation.[1] Avco is a wholly owned subsidiary of Textron.[2] In November 2017, Turner terminated her representation of Lycoming.[3] Her attorney-client relationship with Avco ended in June 2018.[4]

In March 2020, the Wolk Law Firm, which had been opposing counsel in several Lycoming products liability actions Turner had defended, retained Turner to assist in the *Torres v. Honeywell et al.* case in the Superior Court of Arizona in Maricopa County.[5] Wolk represented plaintiffs against Avco and other engine manufacturers in that crash case.

In the *Torres* case, Turner argued *Daubert* motions and responses to *Daubert* motions involving two defendants, Honeywell and Copper State, and she examined expert witnesses at an evidentiary hearing.[6] Her work concluded on July 22, 2020. When Turner was retained, Avco had already been dismissed for lack of personal jurisdiction.[7] On November 24, 2020, the Arizona Court of Appeals affirmed Avco's dismissal.

---

[1] Second Am. Compl. ¶ 43, ECF No. 44-2.

[2] *Id.* ¶ 19.

[3] *Id.* ¶ 44.

[4] *Id.*

[5] *Id.* ¶ 46.

[6] *Id.* ¶ 48.

[7] *Id.* ¶ 47.

*Action Against Turner*

On August 20, 2020, the defendants brought an action against Turner for breach of her fiduciary duty.[8] On August 23, 2021, Judge Wolson granted summary judgment in favor of Turner. *Avco Corp. v. Turner*, No. 2:20-cv-04073, 2021 WL 3722274, at *5 (E.D. Pa. Aug. 23, 2021). He held that Avco did not establish that it suffered an actionable injury as a result of her work in *Torres*. *Id.* Avco appealed. The Third Circuit Court of Appeals vacated and remanded, finding that Judge Wolson did not determine whether there was a dispute of fact as to the breach of a fiduciary relationship. *Avco Corp. v. Turner*, No. 21-2750, 2022 WL 2901015, at *4 (3d Cir. July 22, 2022).

On remand, Judge Wolson again granted Turner summary judgment, holding that Avco had failed to present evidence that Turner had breached her fiduciary duty of loyalty. He reasoned that although she represented plaintiffs in *Torres* with materially adverse interests to Avco, her representation was not "substantially related" to the work she had done for Avco. *Avco Corp. v. Turner*, No. 2:20-cv-04073, 2022 WL 17251250, at *3 (E.D. Pa. Nov. 28, 2022). Avco appealed.

The Third Circuit Court of Appeals affirmed judgment in favor of Turner. It held that Avco did not identify evidence that Turner's adverse representation was "substantially related" to the work she had previously performed for Avco. *Avco Corp. v. Turner,* No. 22-3448, 2024 WL 185678, at *1 (3d Cir. Jan. 17, 2024)*.* The Court explained, "[w]ithout evidentiary support of a relationship between the confidential information Turner obtained

---

[8] *Id.* ¶¶ 51, 53.

3

from Avco and the substance of the work she did for Torres, Avco's appeal amounts to an argument that all [aircraft engine product liability] cases are the same." *Id.* at *3.

## Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). Then, we determine whether the alleged facts make out a plausible claim for relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

In deciding a motion to dismiss, courts generally consider only the allegations of the complaint, exhibits attached to the complaint, documents incorporated by reference in the complaint, and matters of public record. *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420, 1426 (3d Cir. 1997)); *Pension Benefit Guar. Corp. v. White Consol. Indus.*,

*Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Courts "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (citations omitted). They include those that are "*integral to or explicitly relied* upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis in original)).

## Analysis

### Rule 41

The attorney defendants contend that when Turner dropped Blank Rome as a defendant in her amended complaint, she effectively dismissed them as members of the firm.[9] They rely on Federal Rule of Civil Procedure 41(a)(1), which provides:

> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (a)(1)(A)-(B).

---

[9] Individual Defs.' Mot. To Dismiss First Amended Compl. at 11-20, ECF No. 34 ["Individual Defs.' Mot. to Dismiss"].

Turner first brought an action against the defendants in state court. In that action, she named Blank Rome, LLP, the three individual attorney defendants, and Avco. She voluntarily discontinued that action.

Turner then filed this action asserting the same cause of action for wrongful use of civil proceedings. She named Blank Rome, the three individual attorneys, Avco and Textron as defendants. She later amended her complaint, dropping Blank Rome as a defendant.

Invoking the two-dismissal rule in Federal Rule of Civil Procedure 41 (a)(1)(B), the attorney defendants argue that because they are in privity with Blank Rome, the second dismissal of Blank Rome (first in state court and then in this court) operates as a dismissal of the actions against them.[10] Turner argues that dropping a party is not a dismissal.[11]

To decide this issue, we must determine whether dropping Blank Rome in the amended complaint constitutes a dismissal under Rule 41 (a)(1)(A). We conclude it does not.

Rule 41 (a)(1)(A) covers dismissals by the plaintiff without a court order. It speaks to dismissing "an action." It provides a method for doing so—either by filing a motion of dismissal or a stipulation of dismissal. Turner did neither. Nor did she dismiss the action. She did not include Blank Rome in her Second Amended Complaint. Thus, the adjudicatory effect of a second dismissal set forth in Rule 41 (a)(1)(B) does not apply.

---

[10] *Id.* at 12.

[11] Pl.'s Mem. of L. in Opp'n to the Mot. to Dismiss of the Att'y Defs. at 4, ECF No. 39 ["Resp. to Individual Defs.' Mot. to Dismiss"].

Other courts have held that Rule 41(a)(1)(A) governs dismissing an action, not a party or a claim. *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) ("[T]he word "action" refers to an entire lawsuit and not just particular claims within it.") (citing *In re Esteva,* 60 F.4th 664, 675 (11th Cir. 2023)); *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (explaining that Rule 41(a)(1)(A) is limited to dismissal of an entire action); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) (same); *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) (same); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 904 (S.D. Ohio 2013) (same); *Barrientos v. UT–Battelle, LLC*, 284 F. Supp. 2d 908, 916 (S.D. Ohio 2003) (same). The adjudicatory effect of a voluntary dismissal for the purposes of Rule 41(a)(1) is limited to dismissal of an entire action. *Jacksonville Hosp.*, 82 F.4th at 1036. Thus, the dropping of a party that does not terminate the action does not trigger operation of Rule 41(a)(1)(B).

Turner did not voluntarily dismiss this action. She dropped Blank Rome from her amended complaint as permitted by Rule 15(a) as a matter of right. Therefore, we conclude Rule 41(a)(1)(B) does not apply.

*Dragonetti Act*

The defendants argue that Turner fails to state a claim for wrongful use of civil proceedings under the Dragonetti Act. They contend she has not alleged sufficient facts to establish that they pursued the case against her without probable cause or in a grossly negligent manner.[12]

---

[12] Individual Defs.' Mot. to Dismiss at 22; Defs. Avco Corp. and Textron Inc.'s Mem. of L. in Supp. of Their Mot. to Dismiss Pl.'s Second Am. Compl. at 22-27, ECF No. 58-1 ["Avco Mot. To Dismiss"].

The elements of a Dragonetti action are:

(1) The defendant has procured, initiated or continued the civil proceedings against the plaintiff.

(2) The proceedings were terminated in the plaintiff's favor.

(3) The defendant did not have probable cause for the action.

(4) The proceedings were brought not for the primary purpose of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff suffered damages.

42 Pa. Cons. Stat. § 8354.

Although the existence of probable cause is a matter of law, a court cannot make the call without having the facts. *See Schmidt v. Currie*, 217 F. App'x 153, 155-56 (3d Cir. 2007) (citing *Bannar v. Miller*, 701 A.2d 242, 248 (Pa.Super.Ct.1997)) ("The court decides the existence of probable cause, gross negligence, or improper purpose as a matter of law when the facts are not in dispute. If there is a factual dispute as to probable cause, gross negligence, or improper purpose, then the matter is for the fact-finder to determine.").

What the defendants knew, when they knew it, and how they knew it are questions of fact to be developed in discovery. At this stage, we must determine whether Turner has pleaded enough facts, which if proven, would establish that the defendants lacked probable cause for bringing the underlying action.

That Avco lost the case alone does not mean the defendants did not have probable cause. *See Phila. Contributionship Ins. Co. v. Wright*, 237 A.3d 447, *4 (Pa. Super. Ct. 2020) ("When a Pennsylvania court does not find in favor of a claimant, that does not

render the claim so suspect that a Dragonetti action should follow."). One must examine what the defendants knew or should have known to support the allegations that Turner used Avco's confidential information in her representation of its adversary and how her representation related to the work she had done for Avco.

As the Third Circuit held, Avco had the burden to produce evidence that the subject matter of Turner's representation in the *Torres* litigation was "substantially related" to her prior representation of Avco. Affirming the district court's grant of summary judgment in favor of Turner, the Third Circuit agreed that Avco had not met its burden.

The defendants argue that Turner has not overcome her burden of showing an absence of probable cause.[13] Hence, we shall examine Turner's allegations to determine whether they show that the defendants did not have probable cause to bring the underlying action.

Probable cause is defined in the statute. Section 8352 of Pennsylvania's Dragonetti Act provides:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
> (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;
>
> (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or
>
> (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is

---

[13] Individual Defs.' Mot. to Dismiss at 27; Avco Mot. to Dismiss at 15-16.

> not intended to merely harass or maliciously injure the opposite party.

42 Pa. Cons. Stat. § 8352.

A party initiating a Dragonetti action must have a reasonable belief that the facts upon which the claim is based exist. She must also meet one of the conditions in § 8352(1)-(3).

To show that the defendants lacked probable cause, Turner alleges the following. She represented Avco from 2005 until she terminated the relationship in November of 2017.[14] She completed work on a remaining case seven months later.[15] In March of 2020, she was engaged by a plaintiff's law firm to handle *Daubert* motions in an Arizona state court action, *Torres v. Honeywell, et al.*[16] Although Avco had been originally named as a defendant in that case, it had been dismissed when she accepted the *Torres* assignment.[17] The work she performed was limited to drafting *Daubert* motions, responding to *Daubert* motions filed by defendants (not Avco), and examining the experts at an evidentiary hearing.[18] That was it.

Turner further alleges that the defendants knew she did not have any confidential information that she used in the *Torres* action.[19] Yet, they insisted in the underlying action

---

[14] Second Am. Compl. ¶ 43.

[15] *Id.* ¶ 44.

[16] *Id.* ¶ 46.

[17] *Id.* ¶ 47.

[18] *Id.* ¶¶ 48-49.

[19] *Id.* ¶ 69(b).

that she did.[20] She claims that Avco could not identify any case she had worked on for Avco that was related to any issues in the *Torres* action.[21]

The Third Circuit's observation of Avco's basis for brining the action against Turner informs the probable cause analysis. The Court said:

> In fact, Avco's corporate designee could not identify any case that Turner worked on involving the subject matter of the *Torres* litigation. Her testimony amounted to an assumption, that human nature would make it nearly impossible for Turner to stop herself from sharing the information she learned about Avco's engines. But an assumption is not enough to support a breach of fiduciary duty.

*Avco Corp.,* 2024 WL 185678, at *3. These comments bolster Turner's assertion that Avco lacked probable cause to bring the action.

These facts, if proven, would show lack of probable cause to support the action against Turner. As Judge Wolson and the Third Circuit found, the defendants did not prove that the work Turner did with Wolk was substantially related to the work she had done for Avco.

The Dragonetti statute dictates "the plaintiff has the burden of proving, when the issue is *properly raised*," that the defendant did not have probable cause for his action. 42 Pa. Cons. Stat. § 8354 (emphasis added). This section addresses the plaintiff's burden of proving, not alleging, the elements. The plaintiff's burden arises when the issue of probable cause is "properly raised." The plaintiff does not have the burden until the defendant affirmatively raises the issue.

---

[20] *Id.*

[21] *Id.* ¶ 69(c).

11

Subsection three of the probable cause definition provides a good faith defense available only to attorneys of record. To avail himself of the defense, the attorney must believe that the litigation is not intended to "merely harass or maliciously injure the opposite party." 42 Pa. Cons. Stat. § 8352(3).

The attorney's good faith belief is only as good as the information he has. The client may have the intent to harass or injure the plaintiff. The attorney may be misled by the client as to the facts and the client's withholding facts from an expert used to provide a reasonable basis for the action. So, if the client's information is not accurate or complete, the advice is not reliable and rests on a faulty foundation. That the client was not honest about the real motivation for the lawsuit and misrepresented the facts does not relieve the attorney from conducting a due diligence assessment. Certainly, if the lack of factual support for the litigation is apparent or could have reasonably been discovered, the good faith defense would not shield the attorney from liability.

What information Avco gave the Blank Rome attorneys is not known. Was it complete? Was it accurate? One does not know whether there was full disclosure of all relevant facts. Nor does one know what due diligence the attorney defendants performed. Turner is not yet aware of that information.

In any event, reliance upon advice of counsel is a defense. It may ultimately be successful. It cannot be decided at the motion to dismiss stage. Only after discovery can the defense be considered.

In their motion to dismiss, the defendants cite reports and declarations of a legal ethics expert who opined that Turner acted improperly.[22] Undoubtedly, this opinion will provide evidence that supports a finding that Avco reasonably relied on advice of counsel and the attorney defendants had a good faith belief that Avco did not intend to harass or maliciously injure Turner. But, at this stage, we look only to what Turner alleges, not what facts the defendants assert in moving to dismiss.

Accepting the alleged facts as true and drawing all reasonable inferences from them in Turner's favor, we find she has alleged sufficient facts to support her Dragonetti cause of action.

*Civil Conspiracy*

The defendants argue that Turner fails to allege a predicate act to sustain a claim for civil conspiracy.[23] They also argue that she has not alleged facts to show that the defendants acted in "combination, agreement, or confederation."[24] They are wrong. But we do not address these arguments because the cause of action fails for another reason.

The defendants argue that they are shielded from civil conspiracy liability under the intracorporate conspiracy doctrine, which states that an entity cannot conspire with its agent.[25] The defendants contend that Turner has not alleged that the attorneys acted outside the scope of their legal representation of Textron and Avco.[26] So, they conclude, there can be no conspiracy.

---

[22] Individual Defs.' Mot. to Dismiss at 29-32; Avco Mot. to Dismiss at 19-20.

[23] Individual Defs.' Mot. to Dismiss at 45; Avco Mot. to Dismiss at 28.

[24] Individual Defs.' Mot. to Dismiss at 45; Avco Mot. to Dismiss at 30.

[25] Individual Defs.' Mot. to Dismiss at 46-47; Avco Mot. to Dismiss at 31-33.

[26] Individual Defs.' Mot. to Dismiss at 46; Avco Mot. to Dismiss at 32.

The intracorporate conspiracy doctrine stands for the proposition that "there is no unlawful conspiracy when officers within a single corporate entity consult among themselves and then adopt a policy for the entity." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017) (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769–71 (1984)). In other words, a civil conspiracy claim cannot lie against an agent working within the scope of his agency relationship.

The doctrine precludes a conspiracy arising from the attorney's conduct through actions taken during the course of an attorney-client relationship. *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (citations omitted). It permits liability for conspiracy against an attorney acting in concert with a client only where he has "acted for [his] sole personal benefit." *Id.* (quoting *Heffernan v. Hunter*, 189 F.3d 405, 412 (3d Cir. 1999)). Though an attorney may benefit does not remove his conduct from the scope of the relationship.

Turner alleges that Avco, Textron and the attorney defendants intended to intimidate her "because she had accepted work" with an adversary law firm.[27] She alleges they worked individually and collectively to bring the underlying litigation against her "to retaliate against, embarrass and humiliate" her, and "make an example of her as a warning" to other attorneys not to change sides.[28] She alleges that the individual attorneys "filed, entered appearances in, and litigated the meritless case against [her]…to harm [her] and destroy her professionally."[29]

---

[27] Second Am. Compl. ¶ 83.

[28] *Id.* ¶ 84.

[29] *Id.* ¶ 36.

Based on the facts alleged in the Second Amended Complaint, there can be no conspiracy where the attorneys acted on behalf of their clients to prosecute the civil case. See *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999) (holding that conspiracy claims against an attorney and client failed where the allegations were that the attorney, acting on behalf of the client in defense of SEC charges, launched an unlawful publicity campaign against the plaintiff.). What Turner alleges the defendants did acting in concert occurred during the attorney-client relationship. Thus, because the intracorporate conspiracy doctrine applies, we shall dismiss the conspiracy count.

## Conclusion

We conclude that the Second Amended Complaint sufficiently alleges that Avco, Textron and the attorney defendants initiated the underlying action against Turner without probable cause. Turner's civil conspiracy claim fails because it alleges that when the attorneys conspired to bring an unlawful lawsuit against her, they were acting in the course of the attorney-client relationship. Therefore, we shall deny the motions to dismiss Count I for wrongful use of civil proceedings under the Dragonetti Act and grant the motions to dismiss Count II for civil conspiracy as barred by the intracorporate conspiracy doctrine.