**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VERONICA TURNER | : | CIVIL ACTION |
| and KEVIN TURNER | : | |
| | : | NO. 2:24-cv-715 |
| *Plaintiffs,* | : | |
| v. | : | |
| AVCO CORPORATION, | : | |
| | : | |
| TEXTRON, INC., | : | |
| | : | |
| JAMES T. SMITH, ESQUIRE, | : | |
| | : | |
| REBECCA WARD, ESQUIRE and | : | |
| | : | |
| HEIDI G. CRIKELAIR, ESQUIRE | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION SEEKING DISQUALIFICATION OF COUNSEL FOR THE**
**INDIVIDUAL DEFENDANTS AND  SANCTIONS**
**FOR IMPROPER *EX PARTE* CONTACT WITH EXPERT WITNESS**

Plaintiffs, by and through the undersigned counsel, hereby state as follows:

**1.  Statement of Pertinent Facts**

Plaintiffs have moved to disqualify counsel for Individual Defendants James Smith,

Esquire, Rebecca Ward, Esquire, and Heidi Crikelair, Esquire, as well as for an Order entering

sanctions for counsel's deliberate *ex parte* contact and interference with Plaintiffs' psychiatric

expert.

Pursuant to the Court's Scheduling Order (as amended) expert reports and disclosures

were due on Friday, September 13, 2024. On Friday, September 13, 2024, Plaintiffs forwarded

the expert report and *curriculum vitae* of Richard S. Goldberg, MD, LFPFA ("Dr. Goldberg")

to counsel for the several defendants.  Dr. Goldberg was retained in June of 2024, paid a

retainer, and carried out a forensic psychiatric examination of Plaintiff Veronica Turner on July

1

5, 2024.

The several Defendants never sought a Fed. R. Civ. P. 35 examination of Plaintiff during the discovery phase of the instant case and did not produce a psychiatric report by the September 13, 2024 deadline.

On the evening of September 24, 2024, Brian Paszamant, Esquire, counsel for the Individual Defendants transmitted a letter to the Court (attached as Exhibit "1" to Plaintiffs' Motion)  admitting that (a) counsel had contacted Dr. Goldberg and left him a "voicemail" (of which the contents are unknown) on an unspecified date and that (b) counsel had also contacted and spoken directly with Dr. Goldberg's office regarding the status of Plaintiff Veronica Turner's "case file." Counsel for Plaintiffs were not advised of the foregoing contacts before they occurred, and learned of them only after reviewing the letter attached as Exhibit "1" hereto last night.

Defense counsel also served Dr. Goldberg with an invalid short-notice subpoena (allowing only *three days* for compliance) on September 16, 2024.

Counsel for the several Defendants requested that Dr. Goldberg's deposition take place remotely on September 30, 2024 and Plaintiff's counsel has been diligently endeavoring to schedule same.

Despite several communications seeking to schedule his deposition, Dr. Goldberg has now *stopped responding* to Plaintiffs' counsel.

Plaintiffs believe the aforesaid *ex parte* contacts with Dr. Goldberg were intended to intimidate him and to drive him to cease his involvement in the instant case.

They regrettably appear to  have succeeded.

## 2. **Argument**

Federal courts have found that *ex parte* contact with an opposing party's expert witness and attempts to tamper with or retaliate against a witness to be sanctionable. *See, e.g., Proctor & Gamble Co. v. Haugen,* 184 F.R.D. 410, 412 (D. Utah 1999) ("[C]ourts have held an *ex parte* contact by one party of another party's expert while the expert is still employed is a violation of Rule 26(b)(4)(B))" (*citing Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir. 1984)); *United States v. Malik,* No. 15-CV-9092-CM-TJJ, 2017 WL 264544, at *4 (D. Kan. Jan. 20, 2017) (*citing Weibrecht v. Southern Ill. Transfer, Inc.,* 241 F.3d 875 (7th Cir. 2001)).

In *Erickson v. Newmar Corp.,* 87 F.3d 298 (9th Cir. 1996), defense counsel communicated *ex parte* with the plaintiff's expert and sought to hire that expert in a separate matter. The Court found that the Federal Rules of Civil Procedure limit "a lawyer's permissible contact with an opposing party's expert . . . to interrogatories and, upon leave of court, depositions." *Id.* at 302 (citing Fed. R. Civ. P. 26(b)(4)). The *Erickson* Court also noted that *"[e]x parte* communications circumvent the discovery rules and thus violate an attorney's duty to obey the obligations of the tribunal." *Id.* Accordingly, the Court concluded that "the district court abused its discretion by failing to address [the plaintiff's] claim of unethical conduct in the form of witness tampering," *Id.* at 303, and instructed the district court to impose appropriate sanctions and disciplinary action upon defense counsel. *Id*. at 304.

Similarly, in *Ty Inc. v. Softbelly's Inc,* a party's representative called the opposing party's expert witness and expressed surprise that the witness was participating as an expert witness against his company. 2005 U.S. Dist. LEXIS 4509, at *9 (N.D. Ill. Feb. 9, 2005). As a result, the expert withdrew as a witness. *Id.* at *13–14. The court found that the representative "engaged in witness tampering" and ruled that his  actions "require[d] a serious sanction." *Id.* at *17–25.

Fed. R. Civ. P. 26(b)(4) dictates when and how a party or its counsel may contact an opposing party's experts. *See* Fed. R. Civ. P. 26(b)(4)(A)-(C). "Since existing rules of civil procedure carefully provide for limited and controlled discovery of an opposing party's expert witnesses, *all other forms of contact are impliedly prohibited*." *See* 2 Geoffrey Hazard & W. William Hodes, The Law of Lawyering § 3.4:402 (2d ed. Supp.1994)(emphasis added); ABA Comm. on Ethics and Professional Responsibility, Formal Op. 93–378 (1993).

Defense counsel's *ex parte* communications with Dr. Goldberg violated Rule 26. *See, e.g., Procter & Gamble Co, supra,* 184 F.R.D. at 412; *Durflinger, supra,* 727 F.2d at 891 (holding that the defendants' *ex parte* communications with an opposing party's expert "circumvented the discovery process and subverted the principle of fairness that underlies Rule 26(b)(4)(B)"); *Campbell Indus. v. M/V Gemini,* 619 F.2d 24, 26 (9th Cir.1980) (attorney who made *ex parte* contact with opposing party's expert witness committed a "flagrant violation" of Rule 26 meriting sanctions).

The improper contacts with Dr. Goldberg require severe sanctions, particularly if (as it appears at the time of this writing) they have caused Dr. Goldberg to cease his involvement in this matter and left Plaintiff without a psychiatric expert.

The Court possesses the inherent authority to control the conduct of those appearing before it, and the power to sanction misconduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). This power extends to the regulation of attorneys as well. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 181, 189 (3d Cir. 2002).

Moreover, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously

may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 'requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct.'" *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 101 (3d Cir. 2008) (*quoting Prudential,* 278 F.3d at 188). "[T]he principal purpose of sanctions under § 1927 is 'the deterrence of intentional and unnecessary delay in the proceedings.'" *Id.* (*quoting Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996)).

Plaintiffs request that the Court conduct a hearing and, after completion of same, enter an Order providing:

    a.  that Brian Paszamant, Esquire be disqualified as counsel for the Individual Defendants pursuant to Pa. R. Prof. Conduct 8.4 and Eastern District of Pennsylvania Local Rule 83.6 (IV)(b) due to conduct prejudicial to the administration of justice;

    b.  that Jeffrey Rosenthal, Esquire and the firm of Blank Rome LLP (and any of its member or employee attorneys) be disqualified from representing the Individual Defendants pursuant to the imputed disqualification provisions of Pa. R. Prof. Conduct 1.10 and Eastern District of Pennsylvania Local Rule 83.6 (IV) (b);

    c.  that Dr. Goldberg's opinions as to Plaintiff Veronica Turner's psychiatric condition be submitted to the jury via an instruction from the Court and that the jury be instructed that those opinions may not be disputed by the Individual Defendants due to the misconduct of their legal counsel;

    d.  Alternatively, that Plaintiffs be granted a reasonable period of time to obtain a

psychiatric examination of Plaintiff Veronica Turner by a new expert, whose opinions may not be rebutted by the Individual Defendants, that Brian Paszamant, Esquire be ordered to pay the costs of that examination and the fees incurred by Plaintiffs for Dr. Goldberg's examination and report, and that counsel for Defendants may not engage in *ex parte* contact with that expert;

e.   That Brian Paszamant, Esquire be ordered to pay the attorneys' fees incurred as a result of the foregoing misconduct, the instant motion, and any additional legal work required to redress his misconduct, said fees to be determined on separate motion of Plaintiffs;

f.   That the Court grant all such additional sanctions as it deems necessary and proper.

**3.   Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order.

Respectfully submitted,

S/  Wayne A. Ely
Wayne A. Ely
Attorney for Plaintiffs
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

September 25, 2024