IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA TURNER and KEVIN TURNER | : | CIVIL ACTION |
| v. | : | |
| AVCO CORPORATION, TEXTRON, INC., | : | |
| JAMES T. SMITH, ESQ., REBECCA WARD, | : | NO. 24-715 |
| ESQ. and HEIDI CRIKELAIR, ESQ. | : | |

## REPORT AND RECOMMENDATION

Hon. Thomas J. Rueter (Ret.)                         September 30, 2024
Special Master

        The Special Master submits this Report and Recommendation pursuant to the Court's Order June 11, 2024 appointing the undersigned as "Special Master to resolve all discovery disputes." (Doc. No. 66.) As explained below, the Special Master respectfully requests expedited consideration of this Report.

        On September 23, 2024, the Special Master filed an Order of the Special Master dated September 23, 2024 ("Special Master's Order," Doc. No. 126) granting in part Defendants Avco/Textron's[1] Motion to Compel and for Sanctions for Plaintiffs' Failure to Comply with the Special Master's Order (the "Motion," Doc. No. 116)[2]. The Individual Defendants had filed a Motion to Join the Motion to Compel (Doc. No. 117), which the Honorable Timothy J. Savage granted by Order dated September 9, 2024 (Doc. No. 120). Plaintiffs filed a Response in

---

[1]     The parties shall be referred to herein as follows: (1) Veronica and Kevin Turner – the "Plaintiffs;" (2) Avco Corporation and Textron, Inc. – "Avco/Textron;" and (3) James T. Smith Esquire, Rebecca Ward, Esquire and Heidi Crikelair, Esquire – collectively, the "Individual Defendants." Avco/Textron and the Individual Defendants may be collectively referred to herein as the "Defendants."

[2]     As noted in the Special Master's Order, the Special Master provided only a brief explanation for his decisions to reduce the expense to the parties. See Special Master's Order at 1 n.2.

1

opposition to the Motion (Doc. No. 123). Avco/Textron and the Individual Defendants each submitted a Reply on JAMS Access on September 17, 2024.

All Defendants accepted the Special Master's Order by letters dated September 25, 2024. Plaintiffs, by letter dated September 25, 2024, did not accept the Special Master's Order and stated their objections to two distinct matters in full as follows:

> It appears that the Order did not take into consideration Plaintiffs' response of Defendants' replies, which demonstrate that the "Of Counsel" agreement was never requested or required to be produced in the underlying matter and that Plaintiff Veronica Turner was questioned (and provided responses) regarding the Idaho matter during her 18-odd hours of deposition testimony.

(Pls.' Letter dated 9/25/24.) The next day, by letter dated September 26, 2024, Avco/Textron addressed Plaintiffs' assertion that Defendants had an opportunity to examine Plaintiff Veronica Turner regarding the Idaho Lawsuits, as that term is used by the parties, and her declarations made therein. Attached to Avco/Textron's letter are excerpts from Plaintiff Veronica Turner's depositions in which she refused to answer questions on these topics for various reasons.

Plaintiffs' objections are threefold. First, the Special Master did not review their Response or Defendants' Replies. That is inaccurate; I considered all submissions of the parties. Second, Plaintiff Veronica Turner completely answered the questions regarding her statements/declarations in the Idaho Litigation. Ms. Turner did not – she refused to answer many of the questions. Third, the information is irrelevant.

**The Idaho Lawsuits**. Plaintiffs' third objection to the Special Master's Order is based on relevancy. For discovery purposes, relevance is broadly defined and liberally construed. See Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment."). In this litigation, Plaintiffs have placed Ms. Turner's mental state, reputation and employment with The Wolk Law Firm into issue. As a result of the

Underlying Litigation[3], Ms. Turner claims she suffered severe mental distress rendering her unable to enjoy life or to obtain gainful employment as an attorney. In her deposition testimony, Ms. Turner stated that during the pendency of the Underlying Litigation she was "a vegetable." See Avco/Textron's Letter dated 9/26/24 at 2 (citing V. Turner Dep. (8/15/24) at 28). Ms. Turner retained a psychiatric expert, Dr. Richard Goldberg, who opined that Ms. Turner has PTSD symptoms, severe depression, and incapacitating anxiety and panic disorders as a result of Defendants' actions. See Avco/Textron Letter dated 9/20/24 at 1.

In filings in the Court in the District of Idaho, Ms. Turner represented she had several physical conditions that kept her "house bound" starting in March of 2020 (the beginning of the pandemic) continuing through April, 2021, which directly contradicts Ms. Turner's claims in this case that she became agoraphobic in August 2020 because of Avco/Textron's actions and, at the time, feared leaving the house. (V. Turner Dep. (8/15/24) at 132-34.)[4] Ms. Turner's representations filed in response to the motion for contempt in the District of Idaho are highly relevant to assess the credibility of the allegations she makes in this case. Furthermore, information about the contempt proceedings is relevant to Ms. Turner's claim for loss of reputation. Because Plaintiffs have placed Vernica Turner's mental state and reputation into issue in this litigation, the topics Defendants seek to explore in this litigation are relevant.

---

[3]  The term "Underlying Litigation" has been used in this litigation to mean the litigation captioned Avco Corp. v. Turner, C.A. No. 20-4073 (E.D. Pa.).

[4]  As noted above, in her deposition, Ms. Turner stated that from "March '21 until February of 2024 I was a vegetable." (V. Turner Dep. (8/15/24) at 13.) Ms. Turner further stated that during this time period, April to May 2021, she had "good days" and "bad days," and withdrew from the Idaho Litigation on April 19, 2021 "because I was not physically capable, and I started recognizing that my mental ability had declined." (V. Turner Dep. (9/5/24) at 52.) However, in both of her Declarations filed in the Idaho Litigation, dated April 13, 2021 and April 30, 2021, Ms. Turner stated that she was of "sound mind" in April 2021. (Doc. No. 116, Ex. CC.)

**The Of Counsel Agreement.** With respect to the Of Counsel Agreement regarding The Wolk Law Firm, in the Special Master's Order, Plaintiff Veronica Turner was ordered to testify concerning why she failed to disclose her Of Counsel Agreement with The Wolk Law Firm in the Underlying Litigation and to fully and completely answer any related follow-up questions. Plaintiff Veronica Turner refused to answer questions in her deposition regarding the Of Counsel Agreement[5]. This document was produced by third-party Arthur Wolk shortly before his deposition in this litigation. Plaintiffs represent that Ms. Turner did not produce this agreement in discovery in the Underlying Litigation because Defendants did not ask for it. This claim is refuted by counsel for the Individual Defendants who explain that the documents were requested in the Underlying Litigation but not produced by Ms. Turner or Mr. Wolk. See Individ. Defs.' Reply at 3-4. Defendants are entitled to question Ms. Turner as to why the Of Counsel Agreement was not produced. It is relevant to the credibility of her claim of economic loss and whether she purposely concealed an important document in the Underlying Litigation which may have affected the determination made by the District Court in the Underlying Litigation.

Avco/Textron have scheduled the continued deposition of Plaintiff Veronica Turner for October 4, 2024 at 9:00 a.m.. The Scheduling Order in this case has been extended several times to accommodate discovery issues. Expert depositions must be conducted by October 8, 2024 and summary judgment motions are due on October 17, 2024. The Special Master recommends expedited consideration of this Report and Recommendation.

---

[5]   Under Fed. R. Civ. P. 30(c)(2) a deponent must answer all deposition questions whether the deponent believes they are relevant or not. GMAC Bank v. HTFC Corp., 248 F.R.D. 182, 190-91 (E.D. Pa. 2008).

AND NOW, this 30th day of September, 2024, for the reasons set forth above, it is respectfully

**RECOMMENDED**

1. This Report and Recommendation be **APPROVED** and **ADOPTED**.

2. The Order of the Special Master dated September 23, 2024 (Doc. No. 126) be **ADOPTED** as an Order of this Court.

Hon. Thomas J. Rueter (Ret.)
Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Veronica Turner and Kevin Turner<br>Plaintiffs | : | |
| v. | : | CIVIL ACTION |
| Avco Corp. et al.<br>Defendants | : | NO. 24-00715-TJS |

**ORDER**

AND NOW, this ___ day of _____, 2024, upon consideration of the Report and Recommendation of Special Master Hon. Thomas J. Rueter (Ret.) dated September 30, 2024, and any objections thereto, the Report and Recommendation is **APPROVED** and **ADOPTED**, and the Court enters the following

**ORDER**

1. The Order of the Special Master dated September 23, 2024 is hereby **ADOPTED** as an Order of this Court.

2. Plaintiff Veronica Turner's continued deposition shall be held via ZOOM on October 4, 2024 at 9:00 a.m.

_____
TIMOTHY J. SAVAGE, J.