IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERONICA TURNER and KEVIN TURNER : : : *Plaintiffs,* : : v. : AVCO CORPORATION, : TEXTRON, INC., : JAMES T. SMITH, ESQUIRE, : REBECCA WARD, ESQUIRE and : HEIDI G. CRIKELAIR, ESQUIRE : : *Defendants.* : | CIVIL ACTION NO. 2:24-cv-715 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO DISQUALIFY LAWRENCE F. STENGEL, ESQUIRE
AS AN EXPERT WITNESS ON BEHALF OF THE INDIVIDUAL DEFENDANTS**

Plaintiffs, by and through the undersigned counsel, hereby state as follows:

**I.    Statement of Facts**

On September 13, 2024, the Individual Defendants served Plaintiffs' counsel with the Report and *Curriculum Vitae* of Lawrence F. Stengel, Esquire. *See* attached Exhibit "1" (September 13, 2024 Report of Lawrence Stengel, Esquire) and Exhibit "2" (*Curriculum Vitae* of Lawrence F. Stengel, Esquire). The Report submitted by Mr. Stengel asserts that he provides his opinions based on " . . . my fourteen years as a judge of the Lancaster County Court of Common Pleas [and] fourteen years as a judge of the United States District Court for the Eastern District of Pennsylvania (including one year as Chief Judge) . . .". *See* Exhibit "1", p. 1.

Lawrence F. Stengel apparently intends to take the stand at trial and opine that, as a former state and federal judge, it is his opinion that the Individual Defendants did nothing wrong in the underlying case.

But he cannot do so. He is a *sitting federal judicial officer* who is subject to Canon 2 of the Code of Judicial Conduct for United States Judges.

Putting aside the numerous problems with and infirmities in Mr. Stengel's Report and his proposed testimony (and there are many), and putting aside the fact that his proposed opinions are (for lack of a better word), *wrong*, he cannot render expert testimony in this or any other case without violating Canon 2 of the Code of Judicial Conduct for United States Judges.

Mr. Stengel's *Curriculum Vitae* indicates that he has served, and is still serving, as a Special Master for the United States District Court for the Eastern District of Virginia " . . . to oversee the divesture of assets of a $200M company in a Clayton Act case." *See* Exhibit "2" (*Curriculum Vitae* of Lawrence F. Stengel, Esquire), p. 3.  Canon 2 of the Code of Judicial Conduct for United States Judges applies specifically to Special Masters.  *See infra.*

While Mr. Stengel's *Curriculum Vitae* does not identify the case in which he is serving as a Special Master, he is in fact serving as such a Master in the matter of *Steves and Sons, Inc. v. Jeld-Wen,* E.D. Va., No. 3:16-cv-00545-REP, and has so served since his appointment on February 11, 2019 by Senior United States District Judge Robert E. Payne.  He has served as a Special Master for a period of over five (5) years.

Mr. Stengel cannot, while serving as a Special Master for a United States District Court, render expert testimony in this (or any other) case.

## II.  Argument

Mr. Stengel must be disqualified as an expert witness in this case.

The Code of Judicial Conduct for United States Judges applies to Special Masters. "Anyone who is an officer of the federal judicial system authorized to perform judicial functions is a judge for the purpose of this Code."  *See* Code of Judicial Conduct for United States Judges

("Compliance with the Code of Conduct"). It specifically applies to judges *pro tempore* and to special masters, stating that "[a] judge *pro tempore* is a person who is appointed to act temporarily as a judge *or as a special master."* See Code of Judicial Conduct for United States Judges ("Compliance with the Code of Conduct", § B)(emphasis added).

The Federal courts have recognized that the Code of Judicial Conduct for United States Judges applies to Special Masters. "In general a special master or referee *should be considered a judge* for purposes of judicial ethics rules . . .". *In Re Joint Eastern and Southern Districts Asbestos Litigation,* 737 F. Supp. 735, 739 (E.D. & S.D.N.Y. 1990)(emphasis added); *see also Belfiore v. New York Times Co.,* 826 F.2d 177, 185 (2d Cir. 1987) (applying Code of Judicial Conduct for United States Judges to special masters), *cert. denied,* 484 U.S. 1067, 108 S. Ct. 1030, 98 L. Ed. 2d 994 (1988).

The Code of Judicial Conduct has been found to provide " . . . prophylactic protection against bias on the part of " anyone . . . performing judicial functions," *expressly including special masters* . . . . The court's interest in the administration of justice, and the public's confidence in the fairness of our judicial system, require no less." *Jenkins v. Sterlacci,* 849 F.2d 627, 631 (D.C. June 10, 1988)(emphasis added). The *Jenkins* court expressly found there was no basis on which to hold special masters to "a lesser standard of conduct" than judges. *Id.; see also United States v. Conservation Chemical Co.,* 106 F.R.D. 210, 234 (W.D. Mo. 1985)(" . . . the standards to be applied in evaluating the Master's conduct should be similar to those used to examine judicial conduct.")

Canon 2 of the Code of Judicial Conduct provides as follows:

3

> **Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities**
>
> (A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
>
> (B) Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others *nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.*

*See* Code of Judicial Conduct, Canon 2 (emphasis added).

As one state supreme court has noted, "[a]lthough Canon 2[1] specifically restricts judges only from testifying as character witnesses, the underlying principles may apply to other judicial testimony, *especially expert testimony.*" *Joachim v. Chambers,* 815 S.W. 2d 234, 238 (Tx. 1991)(emphasis added). The *Joachim* Court directed a trial judge to strike the expert testimony of a retired judge who continued to sit as a judicial officer by assignment, and to prohibit the defendants from calling him to testify as an expert witness in a pending legal malpractice matter. *Joachim v. Chambers, supra,* 815 S.W. 2d 234, 240 (Tx. 1991).

The *Joachim* court also noted that:

> [a] judge who testifies as an expert witness for a private litigant provides more than evidence; *the judge also confers the prestige and credibility of judicial office to that litigant's position,* just as a judge who testifies to the litigant's character. Expert witnesses, unlike judges, rarely appear impartial; a party does not ordinarily call an expert whose testimony is unfavorable. An expert witness is offered to support a party's position, and if the expert is a judge, the jury may mistake that support for an official endorsement.

*Joachim v. Chambers,* 815 S.W. 2d 234, 238 (Tx. 1991)(emphasis added).

---

[1] The *Joachim* court addressed Canon 2 of the Model Code of Judicial Conduct, which applied in Texas, and which is similar to Canon 2 of the Code of Judicial Conduct for United States Judges.

4

The *Joachim* court also noted that "[t]he issue of whether judges may be limited in testifying as expert witnesses does not frequently arise in reported cases, which perhaps accounts at least partly for the fact that it is not expressly treated in Canon 2." It found that "[w]hen the issue has arisen, courts have generally held that *judges should not ordinarily testify as expert witnesses because of the appearance of impropriety and the threat to the principles of Canon 2.*" *Joachim v. Chambers,* 815 S.W. 2d 234, 238 (Tx. 1991)(emphasis added). "The principles of Canon 2 have been treated not only as ethical precepts but as guidelines for determining whether judges should be permitted to testify in specific cases." *Joachim v. Chambers,* 815 S.W. 2d 234, 238 (Tx. 1991). Given the fact that Canon 2 applies to special masters, *see supra,* and that the Individual Defendants' proposed expert is a sitting special master, the same result should obtain here.

The *Joachim* court cited several state court decisions finding that judges should not testify as witnesses. In *Phillips v. Clancy,* 152 Ariz. 415, 733 P.2d 300, 303-06 (Ariz. Ct. App. 1986), the Arizona Court of Appeals (referring to Canon 2) found that the trial court erred in considering the affidavit of a judge who was familiar with a legal malpractice case because " . . . we are concerned with the appearance of impropriety created when a judge, in effect, sides with one of the litigants in an ongoing proceeding." *Phillips v. Clancy,* 152 Ariz. 415, 420, 733 P.2d 300 (Az. 1986). The court also noted that "[i]n testifying as a witness for either party . . . it may appear that the judge is shedding his cloak of impartiality and 'throwing the weight of his position and authority behind one of two opposing litigants.'" *Id.* (*quoting Merritt v. Reserve Ins. Co.,* 34 Cal.App.3d 858, 883, 110 Cal. Rptr. 511, 528 (Cal. Ct. App. 1973). In *State v. Grimes,* 235 N.J. Super. 75, 561 A.2d 647 (N.J. Super. Ct. App. Div. 1989), the New Jersey Superior Court reversed a criminal conviction based in part on the fact that a sitting judge testified to his opinions on controlling law. The court

noted that Canon 2 prohibited judges from testifying as character witnesses and that "[t]he same considerations would bar a judge's appearing *as an expert witness* . . .". *State v. Grimes,* 235 N.J. Super. 75, 82, 561 A.2d 647, 649-50 (N.J. Super. Ct. App. Div. 1989).  In *Commonwealth v. Connolly,* 217 Pa. Super. 201, 269 A.2d 390 (Pa. 1970).

### III.  Conclusion

For the foregoing reasons and the reasons set forth in the attached Motion, Plaintiffs respectfully request that the Court disqualify Mr. Stengel as an expert witness in this matter.

Respectfully submitted,

S/ Wayne A. Ely
Attorney for Plaintiffs
PA ID 69670
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

October 1, 2024