IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TURNER *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>AVCO CORPORATION *et al.*,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>Case No. 2:24-cv-00715-TJS |

**MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS'
MOTION TO JOIN DEFENDANTS AVCO CORPORATION AND
TEXTRON INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE
THE PROPOSED EXPERT TESTIMONY OF DR. DANIEL YOHANNA**

　　Defendants James T. Smith, Esquire, Rebecca D. Ward, Esquire, and Heidi G. Crikelair, Esquire (collectively, the "Individual Defendants"), hereby join in the *Opposition to Plaintiffs' Motion to Preclude the Proposed Expert Testimony of Dr. Daniel Yohanna* (the "Opposition") (ECF 182) of co-Defendants Avco Corporation ("Avco") and Textron Inc. ("Textron") (collectively "Avco/Textron," and with the Individual Defendants collectively, "Defendants").[1]

　　For the reasons stated in the Opposition, Plaintiffs' Motion to Exclude the Proposed Expert Testimony of Dr. Daniel Yohanna (ECF 161) ("Plaintiffs' Motion") should be denied.

**I.　PRELIMINARY STATEMENT.**

　　The Individual Defendants join in, and hereby adopt, the facts and arguments raised in Avco/Turner's Opposition to Plaintiffs' Motion. As shown, there is no basis whatsoever under *Daubert*/Federal Rule of Evidence 702 to preclude the expert testimony of Dr. Yohanna. Plaintiffs' contrary arguments are meritless; Dr. Yohanna should be permitted to testify as an expert in this case.

---

[1] Capitalized terms used herein shall have the meanings afforded those terms in the Individual Defendants' accompanying motion unless otherwise defined herein.

As Avco/Textron detail in the Opposition, Dr. Yohanna was retained to perform an independent review *of the report* prepared by Plaintiffs' putative expert, Dr. Richard S. Goldberg, M.D., who had examined Ms. Turner. *See* Opp. at 3. Dr. Yohanna was not retained to—and did not—examine Ms. Turner. *Id.* Nor did Dr. Yohanna identify any psychiatric condition Ms. Turner may or may not have suffered from. *Id.* Indeed, the scope of Dr. Yohanna's assignment was strictly "to review the quality of [Dr. Goldberg's] report and not about Ms. Turner's claim." *Id.* (citing Ex. B, ECF 182-2, Yohanna Dep. (Sept. 27, 2024) at 55:6-8). As a result, because Dr. Yohanna's opinions in this action "have nothing to do with any psychiatric disorder Ms. Turner may have," Dr. Yohanna "ha[s] no opinions about [Ms. Turner's] diagnosis." *Id.* (citing Ex. B at 49:9-50:14).

In rendering his opinions, Dr. Yohanna reviewed Dr. Goldberg's report and Curriculum Vitae (ECF 157-2); the operative *Second Amended Complaint* in this case (ECF 44-2); other relevant pleadings from other cases filed by Ms. Turner; as well as numerous deposition transcripts from the instant case and the Underlying Action—including the June 23, 2021, August 14, 2024, and September 5-6, 2024, deposition transcripts of Ms. Turner herself. *Id.* at 3-4. Based on his extensive review of the above-mentioned materials—combined with his decades of training and experience—Dr. Yohanna concluded within a reasonable degree of medical certainty that: (1) Dr. Goldberg's report "does not meet the requirements expected for a forensic evaluation by the American Association of Psychiatry and the Law (AAPL)"; and (2) "the opinions expressed by Dr. Goldberg do not have sufficient evidence or documentation." *Id.* at 4 (citing ECF 182-1, Dr. Yohanna Expert Report at 5).

As the Individual Defendants have an equal interest in Dr. Yohanna's expert opinions being admitted into this case, they too are entitled to the same relief sought in Avco/Textron's Opposition.

## II.   BACKGROUND.

The Individual Defendants hereby adopt and incorporate the background provided by Avco/Textron. *See* Opp. at 1-9.

2

**III.   LEGAL STANDARD.**

The Individual Defendants hereby adopt and incorporate the legal standard provided by Avco/Textron. *See* Opp. at 9-10.

**IV.   ARGUMENT**

The Individual Defendants hereby adopt and incorporate the argument provided by Avco/Textron concerning the admissibility and propriety of Dr. Yohanna's expert testimony. This includes how Dr. Yohanna's expert testimony satisfies the "reliability" and "fit" prongs of Rule 702. *See* Opp. at 10-13. Relatedly, Plaintiffs do not challenge Dr. Yohanna's "qualifications." *Id.* at 10.

Plaintiffs are also mistaken in arguing that Dr. Yohanna needed to examine or diagnose Ms. Turner for this Court to admit his expert opinions, which, again, are limited to addressing Dr. Goldberg's report. *Id.* at 13-16. Instead, Dr. Yohanna's expert testimony appropriately "explains, repels, counteracts, and disproves the contents of the Goldberg Report"—which both comports with Rule 702, and is also expressly permitted by Rule 26(a). *Id.* at 13-16 (collecting cases).

Finally, Plaintiffs' argument that Dr. Yohanna's expert opinions are subject to exclusion under Federal Rule of Evidence 403 is nothing more than a throwaway. *Id.* at 16. There is no risk whatsoever that Dr. Yohanna's rebuttal of Dr. Goldberg's report would "mislead and confuse the jury." *Id.* Dr. Yohanna's report and deposition testimony (ECF 182-1 and 182-2) make abundantly clear exactly what his testimony does (address the deficiencies in Dr. Goldberg's report) and does not do (diagnose or opine on Ms. Turner's alleged psychiatric condition). In fact, as Avco/Textron point out, "the only confusion (actual or potential) surrounding Dr. Yohanna's expert testimony belongs to Plaintiffs." *Id.*

**V.   CONCLUSION.**

For the foregoing reasons, this Court should grant the Individual Defendants request to join in Defendants Avco/Textron's *Opposition to Plaintiffs' Motion to Preclude the Proposed Expert Testimony of Dr. Daniel Yohanna* and award the relief sought within that Opposition.

4

Dated: November 5, 2024

Respectfully submitted,

*/s/ Jeffrey N. Rosenthal*
**BLANK ROME LLP**
Brian S. Paszamant
Jeffrey N. Rosenthal
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: 215.569.5553
Fax: 215.832.5553
brian.paszamant@blankrome.com
jeffrey.rosenthal@blankrome.com

*Attorneys for Defendants James T. Smith, Esquire, Rebecca D. Ward, Esquire, and Heidi G. Crikelair, Esquire*

4