IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| TURNER *et al.*, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| vs. | : | Case No. 2:24-cv-00715-TJS |
| | : | |
| AVCO CORPORATION *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**INDIVIDUAL DEFENDANTS' MOTION FOR RECONSIDERATION
OF THEIR MOTION FOR SUMMARY JUDGMENT (ECF 169)**

Defendants James T. Smith, Esquire, Rebecca G. Ward, Esquire, and Heidi G. Crikelair, Esquire (collectively, the "Individual Defendants"), by their undersigned counsel, respectfully move this Court for reconsideration of its November 25, 2024 *Order* (ECF 279; the "Order") denying the Individual Defendants' *Motion for Summary Judgment* (ECF 169) with respect to a discrete, dispositive question of law.

The Court's Order states that "[m]any of the facts bearing on the essential elements of the sole cause of action are subject to credibility determinations and inferences that are for the jury to make." Order at 1 n.1. However, the Order did not address a threshold question of law providing the Individual Defendants a complete defense: that the Individual Defendants indisputably relied on the advice of *three* experts in verifying Avco's claims before and during the Underlying Action, precluding any finding that the Individual Defendants lacked probable cause and establishing as a matter of law the Individual Defendants' reasonable belief that Avco's claim was valid, 42 Pa. C.S. 8352(1). *See U.S. Bank, Nat'l Ass'n v. Rosenberg*, 2015 WL 13620423, at *9 (E.D. Pa. Sept. 3, 2015) (no lack of probable cause where underlying action was supported by expert witness testimony); *Evans v. Feinman*, 2014 WL 10980150, at *3-4 (Pa. Super. Ct. Feb. 25, 2014) (plaintiff

could not establish lack of probable cause where attorney relied on expert reports); *Keystone Freight Corp. v .Stricker*, 31 A.3d 967, 972-73 (Pa. Super. Ct. 2011) (holding that because *Dragonetti* defendants' case was founded upon accident reconstructionist and medical expert's opinions, "[i]t is clear that [they] believed in the existence of the facts upon which their claim was based and reasonably believed that under those facts their claim was cognizable[.]"); *see also Pendergrass v. Pendergrass*, 518 F. Supp. 3d 839, 849-50 (E.D. Pa. 2021) (granting summary judgment and finding defendants had probable cause in, part, because they "retained a forensic document examiner" who determined "there [was] a good probability" the initiates on a decedent's will were a forgery).

The facts bearing on the question of whether the Individual Defendants relied on the advice and opinions of three experts in initiating and maintaining the Underlying Action are undisputed and are thus not subject to credibility determinations or inferences that are for the jury to make:

- *First*, Plaintiffs do not dispute that the Individual Defendants relied on the advice of Boston University School of Law professor and renowned legal ethics expert, Professor Nancy Moore, regarding the viability of the breach of fiduciary duty claim advanced in Avco's Complaint. *Compare* the Individual Defendants Statement of Undisputed Material Facts (ECF 169-2; "SUMF") ¶¶ 96-123, 174-75, 194-210 (detailing the Individual Defendants' reliance on Professor Moore's advice and opinions), *with* Pls.' Statement of Disputed Facts (ECF 191; "SDF") (failing to dispute ¶¶ 96-123, 174-75, 194-210);

- *Second*, Plaintiffs also do not dispute that the Individual Defendants relied on Michael Kraft, an employee of Lycoming and an MIT-educated expert in aeronautics and astronautics, who attested to the viability of Avco's claims and advised the Individual Defendants that, among other things, the *Spectra* litigation involved a turbocharger, just like *Torres* Arizona. *Compare* SUMF ¶¶ 155-73, 211-14 (detailing the Individual Defendants' reliance on Michael Kraft's advice and opinions), *with* SDF (failing to dispute ¶¶ 155-73, 211-14);

- *Third*, Plaintiffs do not dispute that the Individual Defendants relied on the advice of Michael Everhart, Lycoming's former Vice President of Products and Services Delivery, who worked closely with the engineering department at Avco/Lycoming, on, among other things, Avco's piston engines, and also attested to the viability of Avco's claims. *Compare* SUMF ¶¶ 211, 215-19 (detailing the Individual

2

> Defendants' reliance on Michael Everhart's advice and opinions), *with* SDF (failing to dispute ¶¶ 211, 215-19).

Additionally, every witness who has testified in this action about the Individual Defendants' reliance on experts, has affirmatively and indisputably confirmed the Individual Defendants' reliance on these experts—in particular, Professor Moore—who opined on the viability of Avco's asserted claims. *Compare* SUMF ¶¶ 97-98, 118, 120, 123, *with* SDF (failing to dispute ¶¶ 97-98, 118, 120, 123). Indeed, it is undisputed that Professor Moore advised the Individual Defendants that "yes, this [Complaint] is appropriate to pursue, and that she would support it in a courtroom." *Compare* SUMF ¶ 123, *with* SDF (failing to dispute ¶ 123). It is also undisputed that the Individual Defendants provided Professor Moore with all of the facts and law that she needed for purposes of rendering her opinions in the Underlying Action. *Compare* SUMF ¶¶ 106, 120, *with* SDF (failing to dispute ¶¶ 106, 120).

Based on these facts—entirely undisputed by Plaintiffs—no reasonable jury could conclude that the Individual Defendants lacked probable cause to initiate and maintain the Underlying Action or lacked a belief in the validity of Avco's claims. *See U.S. Bank*, 2015 WL 13620423, at *9; *Evans*, 2014 WL 10980150, at *3-4; *Keystone*, 31 A.3d at 972-73; *see also Pendergrass*, 518 F. Supp. 3d at 849-50.

Accordingly, the Individual Defendants respectfully request that the Court reconsider its Order and address in advance of trial the question of whether their reliance on the advice of three experts is dispositive of Plaintiffs' remaining claims and grant the Individual Defendants' *Motion for Summary Judgment*.

Respectfully submitted,

**DATED:** November 27, 2024

**BLANK ROME LLP**

*s/ Brian S. Paszamant*
Brian S. Paszamant
Jeffrey N. Rosenthal
Jonathan G. Blevins
One Logan Sq., 130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
brian.paszamant@blankrome.com
jeffrey.rosenthal@blankrome.com
jonathan.blevins@blankrome.com

*Attorneys for Defendants James T. Smith, Esquire, Rebecca D. Ward, Esquire, and Heidi G. Crikelair, Esquire*

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that on the 27th day of November, 2024, a true and correct copy of the foregoing "*Motion for Reconsideration*" was filed via the Court's ECF/CM system, which will provide electronic notice to the following individuals:

Wayne A. Ely
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979
wayne@wayneelylaw.com

*Attorney for Plaintiffs*

John Tarantino
Nicole J. Benjamin
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
jtarantino@apslaw.com
Nbenjamin@apslaw.com

Joseph E. O'Neil
Katherin A. Wang
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
610-964-1900
Fax: 610-964-1981
joneil@campbelltriallawyers.com
kwang@campbell-trial-lawyers.com

*Attorneys for Defendants Avco
Corporation and Textron Inc.*

          By: *s/ Brian S. Paszamant*
             Brian S. Paszamant