## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERONICA TURNER and** | : | **CIVIL ACTION** |
| **KEVIN TURNER** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AVCO CORPORATION, TEXTRON,** | : | |
| **INC., JAMES T. SMITH, Esquire,** | : | |
| **REBECCA WARD, Esquire, and** | : | |
| **HEIDI CRIKELAIR, Esquire** | : | **NO. 24-715** |

### ORDER

**NOW**, this 3rd day of December, 2024, upon consideration of Plaintiff's Motion to Strike or Limit the Proposed Expert Testimony of Lawrence F. Stengel (Doc. No. 160), the response, and after argument, it is **ORDERED** that the motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Defense expert Lawrence F. Stengel may testify and opine on the issues identified in the first paragraph on page two of his Report.

2. Mr. Stengel may testify and opine on an attorney's standard of care and whether the individual defendants conformed to that standard of care.

3. Mr. Stengel may not testify or comment on the following:

    a. That the individual defendants had probable cause;

    b. What courts have held regarding the effect of expert witnesses on probable cause;

    c. The individual defendants had no reason to believe that the litigation was brought "to merely harass or maliciously injure" Ms. Turner;

    d. The denial of Avco's motion for a preliminary injunction does not defeat probable cause;

    e. That Ms. Turner ultimately prevailed on summary judgment does not defeat probable cause;

    g. That the plaintiff has a heavy burden; or

    g. The definition of gross negligence or negligence.


                <u>/s/ Timothy J. Savage</u>
                TIMOTHY J. SAVAGE, J.