IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERONICA TURNER and KEVIN TURNER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **AVCO CORPORATION, TEXTRON, INC., JAMES T. SMITH, Esquire, REBECCA WARD, Esquire, and HEIDI CRIKELAIR, Esquire** | : : : : | **NO. 24-715** |

## ORDER

**NOW**, this 27th day of January, 2026, upon consideration of Plaintiffs' Appeal of the Special Master's November 27, 2024 Report and Recommendation (Doc. No. 354), the defendants' response, and after an independent review of the record, it is **ORDERED** as follows:

1. The Special Master's Report and Recommendation of November 27, 2024 (Doc. No. 312) is **APPROVED**, and **ADOPTED IN PART** and **DENIED IN PART**.

2. To the extent the Report and Recommendation addresses Defendants Avco Corporation and Textron Inc.'s Motion to Compel and Motion for Sanctions for Plaintiffs' Failure to Comply with the Special Master's Discovery Order (Doc. No. 116) the Report and Recommendation is **DENIED AS MOOT**.[1]

---

[1] We have already disposed of the Motion to Compel and Motion for Sanctions. *See* Order dated October 9, 2024, ECF No. 152. We granted the motion to the extent it sought the continued deposition of Veronica Turner, and denied it without prejudice to the extent it sought sanctions against the Turners. *See id.* Though Avco and Textron never refiled the motion for sanctions, the Special Master addressed it in his Memorandum and Order dated November 24, 2024 "to confirm that all outstanding issues [were] resolved" before trial. *See* Mem. and Order of the Special Master dated Nov. 24, 2024 ["Nov. 24, 2024 Order"] at 3, ECF No. 278. In his order, the Special Master denied the motion for sanctions. *See id.* at 5. Although we agree with his reasoning, we need not deny the motion again because our prior denial still stands.

3. To the extent the Report and Recommendation addresses Defendants Avco Corporation and Textron Inc.'s Motion for Sanctions for Plaintiffs' Deposition Misconduct (Doc. No. 188), the Report and Recommendation is **APPROVED**, and **ADOPTED IN PART** and **DENIED IN PART.**

4. To the extent it recommends that Veronica Turner's claim for reputational harm be stricken, the Report and Recommendation is **DENIED AS MOOT.**[2]

5. The remainder of the Report and Recommendation is **APPROVED** and **ADOPTED.**

6. Defendants Avco Corporation and Textron Inc.'s Motion for Sanctions for Plaintiffs' Deposition Misconduct is **GRANTED IN PART** and **DENIED IN PART.**

7. To the extent it seeks sanctions against plaintiff Kevin Turner, the motion is **DENIED**.

8. To the extent it seeks sanctions against Veronica Turner, the motion is **GRANTED**.

9. The following sanctions are imposed:

    (a) An award will be entered in favor of the defendants[3] and against Ms. Turner for attorneys' fees and costs incurred by the defendants in (1) pursuing the Motion for Sanctions for Plaintiffs' Deposition Misconduct, including the preparation of all

---

[2] The Special Master recommended that, as an additional sanction against Ms. Turner, her claim for reputational harm be stricken and the Turners be precluded from proceeding at trial on any claim for damages related to Ms. Turner's alleged reputational harm. *See* Nov. 24, 2024 Order at 21. Prior to trial, the defendants moved *in limine* to preclude the Turners from introducing evidence or argument supporting Ms. Turner's claim for reputational harm, *see* ECF Nos. 216, 252, and we granted the motion, *see* ECF No. 348. In any event, the jury found in favor of the defendants on liability and did not reach damages.

[3] After the Motion for Sanctions for Plaintiffs' Deposition Misconduct was filed, it was joined by the remaining defendants, James T. Smith, Rebecca D. Ward, and Heidi G. Crikelair. *See* Nov. 24, 2024 Order at 1; Individual Defs.' Reply in Further Supp. of Defs. Avco Corporation and Textron Inc.'s Mot. for Sanctions for Dep. Misconduct at 1, ECF No. 199.

submissions related to the motion, and preparation for and attendance at the hearing before the Special Master held on October 24, 2024; and (2) preparing for and conducting Ms. Turner's second and third depositions.[4]

10.     No later than **February 6, 2026**, defendants' counsel shall file with the court an application and affidavit for review and approval detailing the attorneys' fees and costs which they claim they are entitled to recover under paragraph 9 of this order.[5]

_____
TIMOTHY J. SAVAGE, J.

---

[4] Ms. Turner's second deposition was conducted on September 5 and 6, 2024. *See* Nov. 24, 2024 Order at 7.  Her third deposition was conducted on October 15, 2024.  *See id.*

[5] This deadline is in accordance with the Special Master's order suspending and extending the defendants' deadline to submit their affidavit "to a date ten (10) days after the District Court rules on Plaintiffs' appeal of the Special Master's Report and Recommendation[.]"  *See* Order dated Dec. 18, 2024 ¶ 2, ECF No. 378.