**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERONICA TURNER and** | : | **CIVIL ACTION** |
| **KEVIN TURNER** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AVCO CORPORATION, TEXTRON, INC.,** | : | |
| **JAMES T. SMITH, Esquire, REBECCA** | : | |
| **WARD, Esquire, and HEIDI CRIKELAIR,** | : | |
| **Esquire** | : | **NO. 24-715** |

**<u>MEMORANDUM OPINION</u>**

**Savage, J.**                                                                                    **June 3, 2026**

After viewing plaintiff Veronica Turner's videotaped depositions, we imposed sanctions against her for repeatedly refusing to answer questions and insulting defense counsel.[1]  We ordered her to pay reasonable attorneys' fees and costs incurred by the defendants in deposing her over several sessions and in seeking sanctions.

The defendants have submitted fee requests with supporting documentation.  After deducting duplicative and excessive charges, we will award Avco Corporation and Textron, Inc. ("Avco") $56,855.85 in fees and costs, and James T. Smith, Rebecca Ward, and Heidi Crikelair (the "Individual Defendants") $38,796.64 in fees and costs.

**Background[2]**

The defendants deposed Turner on August 15, 2024.  Throughout the deposition, she repeatedly insulted defense counsel and refused to answer questions.  Her deposition continued over September 5 and September 6, 2024 (the "second deposition").

---

[1] Sanctions were imposed against Veronica Turner only, not against plaintiff Kevin Turner.

[2] For a detailed account of the factual background relevant to this Opinion, see Memorandum and Order of the Special Master dated Nov. 24, 2024, ECF No. 278.

She continued her aggressive and evasive conduct.  We ordered her to sit for an additional two-hour deposition, which was conducted on October 15, 2024 (the "third deposition").  Her uncivil and disruptive behavior continued.

The defendants moved for sanctions based on Turner's misconduct.  We ordered Turner to pay the defendants' attorneys' fees and costs incurred in (1) preparing for and conducting the second and third depositions; and (2) pursuing the motion for sanctions, including the preparation of all related submissions and preparation for and attendance at the hearing related to the motion before Judge Rueter, the Special Master.[3]

Avco requests $72,799.33 in attorneys' fees and costs incurred by its attorneys John Tarantino and Nicole Benjamin.[4]  The Individual Defendants seek $53,336.02 in fees and costs incurred by their attorneys Brian Paszamant, Jeffrey Rosenthal, and Jack Gilliam.[5]

We conclude the defendants are entitled to some, but not all, of their fees and costs.  After reducing Avco's request by $15,943.48 and the Individual Defendants' by $14,539.38, we will award fees and costs to Avco in the amount of $56,855.85 and to the Individual Defendants in the amount of $38,796.64.[6]

---

[3] *See* Order dated Jan. 27, 2026 ¶ 9(a) ["Jan. 27 Order"], ECF No. 396.

[4] *See* Defs. Avco Corp. and Textron Inc.'s Appl. for Att'ys' Fees ("Avco's Br.") 2, 6, ECF No. 398.

[5] *See* Individual Defs.' Pet. for Att'ys' Fees and Costs in Connection with the Mot. for Sanctions for Pls.' Dep. Misconduct ("Indiv. Defs.' Br.") 2, ECF No. 397; Blank Rome Time Entries (attached as Ex. A to Decl. of Brian S. Paszamant, Esquire in Supp. of the Individual Defs.' Pet. for Att'ys' Fees and Costs in Connection with the Mot. for Sanctions for Pls.' Dep. Misconduct ["Paszamant Decl."]), ECF 397-1 (documenting time recorded by Paszamant, Rosenthal, and Gilliam).

[6] Avco requests $61,623.35 in fees and $11,175.98 in costs.  *See* Avco's Br. 2.  We will reduce its requested fees by $14,251.10 and its requested costs by $1,692.38.  The Individual Defendants request $44,979.00 in fees and $8,357.02 in costs.  *See* Indiv. Defs.' Br. 2.  We will reduce their requested fees by $12,847.00 and their requested costs by $1,692.38.

**Analysis**

*The Defendants' Requests Do Not Warrant Total Denial*

Turner argues we should reject the requested fees and costs entirely because they are "excessive and absurd."[7]  She contends the defendants have asked for so much that they have lost the right to recover any.[8]

We can deny a fee request in its entirety if it "is so outrageously excessive that it shocks the conscience of the court."  *See Young v. Smith*, 905 F.3d 229, 236 (3d Cir. 2018).  A total denial is justified only "in drastic cases," such as those involving "attorney fraud or stupefying negligence and exploitation[.]"  *Pocono Mountain Sch. Dist. v. T.D.*, Civ. A. No. 22-1787, 2023 WL 2983501, at *6 (3d Cir. Apr. 18, 2023).

The defendants' requests do not come close to meeting that standard.  Most of what they ask for is reasonable.  We reduce the requests only to the extent they include fees and costs that are duplicative, excessive, or otherwise unreasonable.

*Attorneys' Fees*[9]

Determining the amount of reasonable attorneys' fees requires a two-part analysis. First, we determine the reasonableness of the hourly rate charged.  *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001).  Second, we assess reasonableness of the time spent.  *Id.*  The party seeking the fees has the burden of establishing the rates and hours are reasonable.  *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018).  Once the reasonable rate and reasonable amount of hours are established,

---

[7] *See* Mem. of L. in Resp. to Defs.' Appls. for Att'ys' Fees and Costs ["Turner's Opp'n"] 12–13, ECF No. 405.

[8] *Id.*

[9] *See* Appendix A for a complete list of counsel's billing entries referenced throughout this Opinion.

3

they are multiplied to yield the "lodestar," which is presumed to be a reasonable fee. *Id*. The burden then shifts to the opposing party to demonstrate that the fee is unreasonable. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).

Objections must be specific. *See id*.; *United States v. Eleven Vehicles, Their Equip. & Accessories,* 200 F.3d 203, 211–12 (3d Cir. 2000). A request cannot be reduced based on factors not raised by the opposing party. *Eleven Vehicles*, 200 F.3d at 11–12; *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). Nevertheless, once the adverse party specifically objects to a fee request, we have considerable discretion to "adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183 (citations omitted).

In determining a reasonable hourly rate, the starting point is the attorney's usual billing rate. *Pub. Int. Rsch. Grp. of N. J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). We also compare the attorney's rates to the market rates in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner*, 260 F.3d at 180 (quoting *Rode*, 892 F.2d at 1183).

Turner does not object to the billing rates.[10] Indeed, they are consistent with, if not lower than, the standard hourly rates charged by attorneys of comparable experience in Philadelphia.[11] Thus, we find they are reasonable.

---

[10] Tarantino's hourly rate for this matter was $581, and Benjamin's was $456.50. *See* Decl. of Joseph E. O'Neil in Supp. of Avco Corp. and Textron Inc.'s Appl. for Att'ys' Fees ["O'Neil Decl."] ¶¶ 8, 9, ECF No. 401. Rosenthal's and Paszamant's hourly rates were $855 and $970, respectively. *See* Decl. of Ashton Batchelor ["Batchelor Decl."] ¶ 9, ECF No. 397-2. Gilliam's was $615. *See id.* ¶ 10.

[11] *See* O'Neil Decl. ¶ 10; Batchelor Decl. ¶¶ 8–11.

Avco claims its attorneys spent 39.2 hours preparing for and conducting the second and third depositions, and 83.3 hours pursuing the sanctions motion.[12] The Individual Defendants recorded 24.4 hours spent on work related to the second and third depositions,[13] and 24.2 hours on the sanctions motion.[14] Turner objects to the time spent. She argues much of it is unnecessary, excessive, or duplicative.

We can reduce hours only if they are excessive, redundant, unnecessary, or are not adequately documented. *See Clemens*, 903 F.3d at 400-01. Hours billed to an adversary are not reasonable if they would not be reasonable when billed to a client. *Maldonado*, 256 F.3d at 184 (citing *Windall*, 51 F.3d at 1188).

Deposition Attendance

Tarantino and Benjamin each billed 9.0 hours attending the second deposition.[15] For their attendance at the third, Tarantino and Benjamin billed 2.1 and 2.4 hours, respectively.[16] In total, Avco seeks $11,653.20 in fees for that time.[17] Turner does not object to the 11.1 total hours Tarantino billed for conducting the depositions. She does object to Benjamin's 11.4 hours as duplicative and unreasonable.[18]

Courts in this district routinely deny fees for more than one attorney at a conference, deposition, or other proceeding. *See Spear v. Optimal Strategix Grp., Inc.*,

---

[12] Avco's Br. 12–16.

[13] *See* App. A rows 5–6, 17–21, 24, 30–32, 94.

[14] *See id.* rows 68–82, 90–93.

[15] *See id.* rows 1–4.

[16] *See id.* rows 22–23. For their respective attendance at the third deposition, Tarantino billed 2.1 hours, Benjamin billed 2.4, and Rosenthal billed 2.5. *See id.* rows 22–24. Turner does not object to those inconsistencies, so we will not alter any of the fees related to those entries.

[17] *See id.* rows 1–4, 22–23.

[18] Turner's Opp'n. 5–6.

No. 2:23-cv-03361-JDW, 2025 WL 1139256, at *2 (E.D. Pa. Apr. 16, 2025) (subtracting fees for "[w]hichever attorney did not defend or depose the witness" at deposition); *Damian J. v. Sch. Dist. of Phila.*, Civ. A. No. 06-3866, 2008 WL 1815302, at *4 (E.D. Pa. 2008) (deducting fees billed by second attorney who attended deposition because "it was only [the first attorney] who actually took" the deposition).  So will we.

The briefing and billing records show that Benjamin "attended" the second and third depositions.[19]  She "assisted [Tarantino] with his areas of inquiry including reference points for potential examination, as well as with the exhibits used during the deposition . . . , and [] took notes for purposes of [Avco's] ongoing defense of the case."[20]  But, she did not "actually take" the depositions.  *See Damian*, 2008 WL 1815302, at *4. Accordingly, we deduct 11.4 hours at Benjamin's rate, reducing the fee award by $5,204.10.[21]

As for the Individual Defendants' attorneys, Paszamant billed 9 hours for his attendance at the second deposition,[22] and Rosenthal billed 2.5 hours for his attendance at the third.[23]  Turner does not object to this time.

Additional Deposition-Related Work

Avco requests $9,080.20 in additional fees for time spent related to the second and third depositions.[24]  Turner argues that none of Benjamin's time billed for deposition-

---

[19] *See* App. A rows 3, 4, 23.

[20] *See* ["Benjamin Decl."] ¶¶ 21, 24, ECF No. 399.

[21] *See* App. A rows 3, 4, 23.

[22] *See id.* rows 5–6.

[23] *See id.* row 24.

[24] *See id.* rows 7–16, 25–29.

related work is reasonable because she did not conduct the depositions.[25]   She also contends the preparation time for both attorneys is excessive given her first deposition lasted a full day, and the second and third were merely continuations of the first.[26]   She argues preparation "had presumably already been done," so it is unreasonable to make her pay for "subsequent preparation that should have taken minimal time."[27]

Some time spent preparing for the second and third depositions was reasonable. Three weeks passed between the first and second, and over five weeks between the second and third.   It was reasonable for the attorneys conducting the depositions to refamiliarize themselves with the facts and remaining lines of questioning.   However, the time to do so is reasonably limited to an hour for each deposition.   Given that the subsequent depositions were meant to allow counsel to ask questions Turner did not answer in her initial deposition,[28] the questions and exhibits for the follow-up depositions presumably had already been developed in preparation for the first deposition.   We will allow two hours for Tarantino's time spent preparing for the second and third depositions, one hour per deposition.   The remaining 9.7 hours of his preparation time is excessive.[29] Accordingly, we deduct $5,635.70 from Avco's fee award.

We will deduct the $1,917.30 in fees for Benjamin's deposition prep, as she did not conduct either deposition.[30]   However, we will not deduct fees for her work incident to the

---

[25] Turner's Opp'n 5–6.

[26] *Id.* at 4–5.

[27] *Id.* at 5 (emphasis omitted).

[28] *See* Order of the Special Master dated Sept. 23, 2024, ECF No. 126; Order dated Oct. 9, 2024, ECF No. 152 (approving and adopting September 23, 2024 Order of the Special Master).

[29] *See* App. A rows 7–9, 25–27.

[30] *See id.* rows 10–11, 13, 16.

depositions such as drafting the deposition notice and corresponding with counsel, the court reporter, and Judge Rueter regarding the depositions.[31] Those fees are not for preparation. They are for tasks incident to the depositions.

We apply the same analysis to the Individual Defendants' attorneys' deposition-related work. Paszamant conducted the second deposition and Rosenthal conducted the third. Paszamant spent 8.5 hours preparing for the second.[32] Rosenthal spent one hour preparing for the second and 0.4 hour preparing for the third.[33] The Individual Defendants are entitled to fees covering one hour of Paszamant's time preparing for the second deposition and Rosenthal's 0.4 hour spent preparing for the third.[34] The remaining $8,130.00 in fees for the deposition prep will be deducted from the Individual Defendants' award.[35] We do not deduct time spent drafting and analyzing correspondence regarding the depositions, which are tasks incident to the depositions.[36]

Avco's Time Spent on the Sanctions Motion

Avco requests $40,889.95 in fees covering Tarantino and Benjamin's combined 83.3 hours spent pursuing the motion for sanctions.[37] It contends the time was devoted to researching relevant case law and briefing the motion, discussing findings and strategy with counsel for Individual Defendants pursuant to their common interest agreement, preparing for and conducting oral argument, and drafting additional related filings with the

---

[31] *See id.* rows 12, 14–15, 28–29.

[32] *See id.* rows 17–19.

[33] *See id.* rows 20, 21, 32.

[34] These fees total $1,312.00.

[35] *See id.* rows 17–21, 32 (totaling $9,442.00 in fees incurred for deposition preparation).

[36] *See id.* rows 30–31.

[37] *See id.* rows 33–67, 83–89; Avco's Br. 1, 13–16.

Special Master and the Court.[38]  Turner argues the time spent on the sanctions motion is excessive and duplicative.[39]

Avco Counsel's Time Spent Briefing the Sanctions Motion

Benjamin and Tarantino spent a collective 73.3 hours preparing the initial memorandum and reply brief in support of the sanctions motion, which together totaled 82 pages.[40]  Additionally, they billed a combined 1.5 hours on other work related to the motion following the issuance of Judge Rueter's Report and Recommendation regarding the requested sanctions.[41]

Turner contends Avco's briefing was unnecessarily lengthy and the time spent on it was unreasonable.[42]  She argues Benjamin's hours alone are "*per se* unreasonable" and "frankly outrageous."[43]

There is no point at which the time spent drafting a brief becomes *per se* unreasonable.  Nor is there a defined "reasonable" ratio of hours to page number, or any other standardized means of calculating the reasonableness of time spent drafting a motion.  The time Avco's counsel spent drafting the briefing is not "*per se* unreasonable."

---

[38] Avco's Br. 13–16.

[39] Turner's Opp'n 3–4, 6–8.

[40] *See* App. A row 33–39, 42–65; Avco's Br. 13–16.  Avco's initial memorandum in support of its motion was 55 pages. *See* Defs. Avco Corp. and Textron Inc.'s Mot. for Sanctions for Pls.' Dep. Misconduct, ECF No. 188.  Its reply brief was 27 pages. *See* Defs. Avco Corp. and Textron Inc.'s Reply Mem. in Supp. of Their Mot. for Sanctions for Pls.' Dep. Misconduct, ECF No. 189.

[41] *See* App. A rows 40–41, 66–67; Avco's Br. 16.

[42] Turner's Opp'n 3–4.

[43] *Id.* at 4.  Turner cites to one case in support of her contention that the time spent drafting the initial memorandum is "*per* se unreasonable."  In that case, the U.S. District Court for the Eastern District of California held the defendant's motion for sanctions did not reasonably require 17.4 hours of preparation. *ACF Western USA, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. CV 12-0182-BAM, 2012 WL 5838865, at *6 (E.D. Cal. 2012).  The case is neither binding nor instructive.  The court did not explain why nine hours, not 17.4, was a reasonable amount of time to draft the sanctions motion at issue other than noting that the sanctions motion was "relatively straightforward."  *Id.* at *6.

Rather than submitting their own motion for sanctions, the Individual Defendants joined Avco's.  Benjamin and Tarantino's comprehensive research and analysis relieved the Individual Defendants' counsel of expending significant time on researching and drafting.  The Individual Defendants' counsel's time spent on the initial memorandum, the reply brief, the joinder motion, and all related filings did not exceed 20 hours.[44]

Recognizing sanctions are not imposed lightly, the defendants knew they had to submit a thorough account of Turner's misbehavior and a compelling analysis of legal authority.  Reviewing the record to document the multiple instances of Turner's misconduct would, alone, have taken significant time.  The briefing was well reasoned, organized, and thoroughly supported by the record.  The defendants obtained almost all of their requested relief.[45]

The memoranda in support of the motion required research, internal strategizing, communications with joint counsel, and drafting.  The time spent was reasonable.  *See In re Atomica Design Grp., Inc.*, 591 B.R. 217, 242 (Bankr. E.D. Pa. 2018) (finding 43 hours spent drafting 16-page memorandum in support of sanctions motion was reasonable).  The time spent briefing the motion is not excessive.

Turner does not specifically object to any of the remaining time spent preparing the sanctions motion.  Nor do we see any reason to reduce it.

Avco Counsel's Time Spent on the Sanctions Motion Hearing

Avco seeks $4,614.80 for the 8.5 total hours spent preparing for and attending the hearing on the motion for sanctions.[46]  Tarantino and Benjamin billed 5.9 and 2.6 hours,

---

[44] *See* App. A rows 68–82.

[45] *See* Jan. 27 Order.

[46] *See* App. A rows 83–89; Avco's Br. 15.

respectively.[47]    Turner argues that Benjamin's hours are duplicative and should be excluded.[48]   She also contests the hours billed by both Benjamin and Tarantino as excessive because they include too much preparation time relative to the length of the hearing.[49]

We disagree that Benjamin's 0.6 hours billed for preparation are duplicative.[50]  She performed the overwhelming majority of the research and drafting for the sanctions motion.  Given her familiarity with the record and her research, it is reasonable that she assisted Tarantino in preparing for the hearing.  But, her attendance at the hearing was not necessary.  The fee petition does not specify what she did during the proceeding. Because Avco has not met its burden of establishing that her attendance was reasonable, we will deduct the two hours she billed for her attendance, reducing the fee request by $913.00.[51]

Turner contends, without explanation, that Tarantino's 5.9 hours billed for preparation and argument "should have been in a more reasonable range of two to three hours[.]"[52]  Subtracting the 1.7 hours of argument leaves 4.2 hours of preparation time.[53] It is not unreasonable for an attorney to spend 4.2 hours preparing to argue a motion that

---

[47] *See* App. A rows 83–89; Avco's Br. 15.

[48] *See* Turner's Opp'n 6.

[49] *See id.*

[50] *See* App. A rows 87, 89.

[51] *See id.* row 88.

[52] Turner's Opp'n 6.

[53] *See* App. A rows 83–86.

comprised 83 pages of briefing and required two hours of oral argument.[54]   Avco is entitled to Tarantino's fees related to the hearing.

Individual Defendants' Counsel's Time Entries[55]

Turner argues that the $44,979.00 in attorneys' fees sought by the Individual Defendants' counsel is "based on vague and insufficiently specific time entries," "so grossly excessive that it should be denied outright," and impermissibly includes fees for "purely clerical" work.[56]   She also claims the Individual Defendants seek fees for work unrelated to the depositions and sanctions motion.[57]

Turner objects to 23 of the Individual Defendants' counsel's billing entries.[58]   She contests them as "problematic for several reasons" but does not state a specific objection for each entry.[59]   She instead makes generic objections to the entries as a group, contending that many are vague and others are excessive.[60]

Vagueness

Although "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted," a fee petition must be specific enough

---

[54] Neither the record nor the parties' briefing establish the exact duration of the hearing.  Paszamant billed 2.0 hours for his attendance.  *See* App. A row 91.  The Special Master and his law clerk each billed 2 hours, which included the hearing and internal debrief. See JAMS Billing Statement (attached as Ex. G to Benjamin Decl.), ECF No. 399-7.  Tarantino billed 1.7 hours for the hearing and Benjamin billed 2 hours. See App. A rows 86, 88.  Because Turner does not object to the discrepancy between time entries for the hearing, we will not alter the hours billed by any attorney for his or her attendance.

[55] The Individual Defendants were represented by their own firm, Blank Rome LLP.  Paszamant Decl. ¶ 7.  They explain that the invoices affixed to their motion were "nevertheless prepared exactly as they would have been had the Individual Defendants' counsels' efforts instead been provided to an external client of Blank Rome LLP charged Blank Rome LLP's standard hourly rates."  *Id.*

[56] *See* Turner's Opp'n 8, 10.

[57] *See* Turner's Opp'n 10.

[58] *See* Turner's Opp'n 8–10.

[59] *See* Turner's Opp'n 10.

[60] *See* Turner's Opp'n 10–12.

12

"to determine if the hours claimed are unreasonable for the work performed. *Rode*, 892 F.2d at 1190 (quoting *Pawlak v. Greenawalt*, 713 F.2d. 972, 978 (3d Cir. 1983)); *Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). Where documentation is inadequate, we may reduce the award accordingly. *See Clemens*, 903 F.3d at 401 (decreasing fee award where "many of the time entries submitted were so vague that there [was] no way to discern whether the hours billed were reasonable").

We may strike entries entirely where they include "no subject matter whatsoever" and we "simply cannot imagine what the lawyers were doing for the time billed[.]" *Victory v. County*, 452 F. Supp. 3d 185, 209–10 (E.D. Pa. 2020) (declining to award fees for work described solely as "misc, consult colleagues," "[c]all w/co-counsel," "[c]orr. w/Matt," "discuss," "[t]alk w/ Matt and Angus," "misc/ motions/strategy," and "discuss next steps").

However, we may consider the general subject matter of the task and the attorney's work product. *Id.* at 213 (reducing rather than completely rejecting fees incurred for tasks described solely as "trial prep" and "trial prep/strategy meeting" because the court "[could] appreciate 'trial' involves a great number of tasks and [it] witnessed counsel prepared and ready to address every issue" at trial). As long as we can "fairly infer[] what the billing lawyer did," no reduction is warranted. *Id.* at 213–14.

Turner contests 16 of the 23 entries as impermissibly vague.[61] Seven of these relate solely to the second and third depositions.[62] Because we have already addressed

---

[61] *See* Turner's Opp'n 8–10; App. A rows 5, 6, 17–21, 30, 31, 68, 69, 71, 74–77, 92, 93. Turner claims the entirety of the Individual Defendants' counsel's fee requests are "inadequately supported" except for "the attendance of one attorney at the two subsequent depositions." Turner's Opp'n 11.

[62] *See* Turner's Opp'n 8–10; App. A rows 5, 6, 17–21, 30, 31.

13

the fees for deposition attendance and related work, we need not assess those entries for vagueness.

Of the remaining entries Turner objects to as vague, she objects to two on the basis that they use the term "strategize," which she contends is "unspecified."[63]  Rather than identifying those entries verbatim in her brief, Turner paraphrases them.  She objects to the first as ".2 hours for [unspecified] 'strategizing'[.]"[64]  But, the entry actually reads, "strategize with B. Paszamant regarding motion practice, oral argument on motion for sanctions and case strategy[.]"[65]  She describes the other as ".8 hours for [unspecified] 'strategizing' with counsel for oral argument."[66]  The actual entry is "strategize with J. Tarantino, N. Benjamin and B. Paszamant regarding oral argument on Avco motion for sanctions, motion practice and case strategy (.8)."[67]

Each entry specifies with whom and about what the billing attorney is strategizing. They sufficiently explain what the lawyers did.  We can determine that the fees are reasonable.

Turner objects to two remaining entries as vague because they use the term "analyze."[68]  These include a 0.4 hour entry for "analyze exchange of correspondence from N. Benjamin, J. Tarantino and B. Paszamant regarding second motion for sanctions

---

[63] Turner's Opp'n 9–10; App. A rows 92, 93.

[64] Turner's Opp'n 10 (alteration in original).

[65] *See* App. A row 92.

[66] Turner's Opp'n 10 (alteration in original).

[67] *See* App. A row 93.

[68] *See* Turner's Opp'n 9.

14

and letter to Judge Rueter regarding prior sanctions motion,"[69] and a half hour entry for "analyze Avco's letters to Judge Rueter regarding motion for sanctions and V. Turner deposition[.]"[70]  Both of these entries identify the subject matter of the task and provide sufficient information to determine whether the amount of time spent is reasonable.  Less than an hour of work was billed for the tasks combined.  These fees are reasonable.

Additional entries that Turner claims are vague are not.  A half-hour entry for "communications w/counsel for Avco/Textron re: various case action items, including contemplated add'l motion for sanctions" specifies the subject matter and to whom the communication is directed.[71]  Although the term "case action items" by itself provides no detail, the entry specifies that the items include the motion for sanctions.  That is enough to determine that the half hour billed for this task was reasonable.  *See Victory*, 452 F. Supp. 3d at 213–14 (reducing awarded fees for "trial preparation," but awarding full fees for "trial preparation; prepare direct examination" because the court could "fairly infer" what the latter "trial preparation" involved).

The 3.1 hour entry for "review and comment on 2nd motion for sanctions" specifies the subject matter of the task.[72]  We do not have to guess how the time was spent.  The same is true of the half-hour entry for "finalize reply in further support of motion for deposition misconduct."[73]  *See Beard v. Ocwen Loan Servs., LLC*, No. 1:14-CV-01162,

---

[69] *See id.* row 76.  This is another entry that Turner mischaracterizes, paraphrasing it as ".4 hours for 'analyzing' an exchange of correspondence with Avco counsel."  Turner's Opp'n 9.  She omits that the entry specifies the subject matter of the correspondence and identifies the attorneys who exchanged it.

[70] *See* App. A row 77.

[71] *See id.* row 68.

[72] *See id.* row 69.

[73] *See id.* row 75.

2024 WL 100245, at *7 (M.D. Pa. Jan. 9, 2024) (finding "Finalization of Brief in Support of Motion for Summary Judgment with attachments" included sufficient detail to determine reasonableness of the related fee).  There is "absolutely no legal basis" for requiring the defendants' attorneys "to document their time with any additional specificity." *See Sec. and Data Techs., Inc. v. Sch. Dist. of Phila.*, Civ. A. No. 12-2393, 2016 WL 7427758, at *15 (E.D. Pa. Dec. 20, 2016) (rejecting argument that "[t]elephone call with John Maloney, economics expert; review file and documents on damages and send to expert" was vague).

Nor are we left guessing as to a 0.4 hour entry for "communications re: motion for further sanctions,"[74] or a 2.8 hour entry for "communications re: replies in further support of motion for sanctions for deposition misconduct; R&R Avco/Textron's motion for sanctions for deposition misconduct[.]"[75]  They specify the subject of the communications. Given the subject matter, we can reasonably conclude the allocated time is reasonable.

### Excessiveness

Turner contends that counsel for the Individual Defendants has failed to exclude hours that are "excessive, redundant, or otherwise unnecessary," precluding a meaningful review of their attorneys' fee request and justifying its "outright denial[.]"[76]

The only time billed by the Individual Defendants that Turner explicitly identifies as excessive are the hours devoted to their motion to join Avco's motion for sanctions.[77]

---

[74] *See id.* row 71.

[75] *See id.* row 74.

[76] Turner's Opp'n 11.

[77] *See id.* at 9, 11.  Turner contends the Individual Defendants' counsel billed 2.8 hours toward the joinder motion. *See id.* at 11.  This presumably refers to two 1.4 hour entries Rosenthal billed for time spent drafting the joinder motion. *See* App. A rows 78 (documenting entry for "draft, edit, and revise joinder motion for second motion for sanctions"), 79 ("continue to draft, edit and revise joinder motion for second motion for sanctions . . . [and] file same with JAMS access"). This overlooks a third entry related to the joinder

16

Turner contends that the joinder motion "should have taken a few minutes at most to prepare[.]"[78]

Neither party provides detail on the joinder motion, such as its length or the arguments the Individual Defendants made.  Nor is the motion on the docket. Consequently, we cannot determine whether the 3.8 hours spent preparing it was reasonable.  We will deduct the 3.8 hours, further reducing the Individual Defendants' fee award by $3,364.00.[79]

Turner objects to three additional entries: 4.2 hours spent on "R&R draft Avco/Textron ltr. to Reuter; R&R draft motion for further sanctions; conference call w/ J. Tarantino and N. Benjamin re: same";[80] 2.3 hours for "prepare letter to special master; conference call w/N. Benjamin re: same";[81] and a half hour for "continue to draft, edit and revise reply in support of motion for deposition misconduct[.]"[82]  She does not explain why these entries are "insufficient."  She does not single out any terms as vague or unspecified.  We are left to infer she objects to them as excessive.  Given the subject matter of each, we find none is unreasonable.

---

motion, a 1 hour entry by Paszamant for additional drafting. *See id.* row 72 (documenting "R&R draft motion to join re: motion for sanctions related to deposition misconduct; R&R joinder in motion re: Turner deposition").  We include the Paszamant entry in the scope of Turner's objection.

[78] Turner's Opp'n 11.

[79] *See* App. A rows 72, 78, 79.

[80] Turner's Opp'n 9; App. A row 70.

[81] Turner's Opp'n 9; App. A row 73.

[82] Turner's Opp'n 10; App. A row 82.

"Purely Clerical" Tasks

Turner argues that the Individual Defendants' requested fees impermissibly include fees for "purely clerical" tasks.[83]  She identifies only one billing entry as purely clerical, citing a 2.4 hour block-billed entry by Gilliam.[84]  Turner states that the 2.4 hours were spent sending documents to a court reporter.[85]  She misreads the entry. The entire block totals 2.4 hours.  Only 0.4 hour is billed for "collect and send to court reporter Individual Defendants' marked exhibits from deposition of plaintiff [V]eronica [T]urner on Thursday, September 5, 2024 (0.4)."[86]

A lawyer may recover attorneys' fees only for "legal services."  *Foley v. Drexel Univ.*, No. 22-1777, 2025 WL 2177808, at *6 (E.D. Pa. Jul. 31, 2025) (citing *Halderman by Halderman v. Pennhurst State Sch. & Hosp*, 49 F.3d 939, 942 (3d Cir. 1995)).  For work that falls between "legal services" and "purely clerical" tasks, such as work that "would be more properly delegated to a paralegal," we may award fees at a reduced rate. *Id.* at *6.

"[P]reparing exhibits for the Court Reporter . . . is a compensable, though delegable, task[.]"  *Id.*  Individual Defendants are entitled to partial recovery of the fees. We will award fees for the 0.4 hour spent on this task at 50% of Gilliam's rate.[87]  Thus, the Individual Defendants' fee award will be further reduced by $123.00.

---

[83] Turner's Opp'n 10–11.

[84] *See* App. A row 94.

[85] *See* Turner's Opp'n 10–11.

[86] *See* App. A row 94.

[87] Gilliam's hourly rate for this matter was $615 per hour. *See* Batchelor Decl. ¶ 10.

The remaining two hours for this entry were spent on "continue[d] clean-up review of documents on system[.]"[88]   The entry does not specify which documents were reviewed, or why.  Because we cannot determine whether the time spent reviewing them was reasonable, we will exclude those hours from the fee award.  Accordingly, the Individual Defendants' award will be reduced by an additional $1,230.00.

Redacted Entries

Turner argues that many of the Individual Defendants' billing entries are "comprised of excerpts from redacted entries where the amount billed is not reduced to eliminate other tasks that counsel for the Individual Defendants have blacked out and which are presumably not related to the sanctions motion or subsequent depositions."[89] She contends it is thus impossible to "separate out the amount actually spent on relevant tasks that are not redacted because they are combined with (presumably irrelevant) tasks that are."[90]

Turner misreads the billing records.  The amount of time listed for redacted entries reflects only the unredacted portions.  For example, the unredacted portion of a September 27, 2024 block entry by Paszamant records one hour of work related to the sanctions motion.[91]  The number of hours listed next to the entry is "1.00" and the total amount billed is $970.00, Paszamant's hourly rate.[92]  No reduction is needed based on redacted block-billed entries.

---

[88] *See* App. A row 94.

[89] Turner's Opp'n 10 (emphasis omitted).

[90] *Id.* (emphasis omitted).

[91] *See* Blank Rome Time Entries 47; App. A row 72.

[92] *See* Blank Rome Time Entries 47.

*Costs*

Avco seeks $11,175.98 for the costs incurred in connection with the sanctions motion and conducting the second and third depositions.[93]  The Individual Defendants seek $8,357.02 in costs.[94]

Turner objects to only two items of costs: those incurred for the video recording of Turner's deposition, and for the expedited delivery of the deposition transcript.[95]  She argues the deposition costs "should be reduced to reflect only the court reporter time[.]"[96]  She contends that the defendants did not use any of the video recordings of Turner's deposition at trial, so there was no need to hire a videographer.[97]  Avco counters that the videos were necessary to allow the Special Master and the Court to observe Turner's tone and demeanor, which are not captured in the written transcript.[98]

Hiring a videographer in addition to a court reporter may not always be a reasonable expense.  It was here.  The video recording was necessary to portray Turner's hostile tone and demeanor warranting sanctions.

As for the expedited delivery of the deposition transcripts, the defendants do not establish those costs are reasonable.  We see nothing in the record that suggests they are.  Therefore, we will deduct $1,692.38 from Avco's costs and $1,692.38 from the Individual Defendants' costs.[99]

---

[93] *See* Avco's Br. 2.

[94] *See* Indiv. Defs.' Br. 2.

[95] *See* Turner's Opp'n 13.

[96] *See id.*

[97] Turner's Opp'n 15.

[98] Avco's Br. 17.

[99] The Individual Defendants incurred costs of $1,012.38 for "4-Day Expedited Delivery" of the September 5 deposition transcript, $319.55 for "Next Day Delivery" of the September 6 deposition

## Conclusion

After reducing certain fees and costs as excessive, we will award attorneys' fees and costs to Avco in the amount of $56,855.85 and to the Individual Defendants in the amount of $38,796.64.

---

transcript, and $360.45 for "Next Day Delivery" of the October 15 deposition transcript. *See* Indiv. Defs.' Magna Legal Servs. Invoices (attached as Ex. B to Paszamant Decl.), ECF No. 397-1, 24, 27, 29. Avco incurred the same costs. *See* Avco's Magna Legal Servs. Invoices (attached as Ex. E to Benjamin Decl.) 2, 4, 6, ECF No. 399-5.

APPENDIX A

| | Date (2024) | Entry | Hours | Fees | Attorney | Task Category[1] |
|---|---|---|---|---|---|---|
| **1** | 9/5 | Prepare for and attend day 2 of VST deposition.<br><br>*See* First AP&S Invoice Set (attached as Ex. A to Declaration of Nicole Benjamin in Support of Avco Corp. and Textron Inc.'s Application for Attorneys' Fees ("Benjamin Decl.")) 4, ECF No. 399-1.[2] | 7.5 | 4,357.50 | Tarantino | Attend Second Deposition |
| **2** | 9/6 | Prepare for and take day 3 of VST deposition.<br><br>*See* First AP&S Invoice Set 5.<br><br>[This billing entry totals 2.9 hours. We allocate 1.5 hours to deposition attendance. The remainder is allocated to Tarantino's preparation for the Second Deposition. *See* Row 9. The fee column reflects the portion of the fee allocated to this part of the entry.] | 1.5 | 871.50 | | |
| **3** | 9/5 | Attend the second day of Veronica Turner's deposition.<br><br>*See* First AP&S Invoice Set 4. | 7.5 | 3,423.75 | Benjamin | |
| **4** | 9/6 | Attend the continuation of Veronica Turner's deposition and the deposition of Kevin Turner's deposition.<br><br>See First AP&S Invoice Set 6.<br><br>[This billing entry records 2.6 total hours. This included 1.1 hours for Mr. Turner's deposition.  Avco properly omitted those fees from its petition. *See* Avco's Br. 12 n.3. The fee column reflects the portion of the fee | 1.5 | 684.75 | | |

---

[1] The task categories designated for Avco's entries align with the categories Avco assigns them in its briefing.  *See* Avco's Br. 12–16 (organizing Benjamin and Tarantino's billed hours into time spent on the second deposition, third deposition, work related to the sanctions motion, and the sanctions motion hearing).  The Individual Defendants did not organize their billing entries by category.  The task categories assigned to their entries in this appendix reflect our own designations.

[2] One of the invoices Avco submitted includes five entries related to work on the motion for sanctions totaling 1.1 hours billed by Benjamin and a half hour billed by Tarantino.  *See* Third AP&S Invoice Set (attached as Ex. C to Benjamin Decl.), 28, 30–31, 33, ECF No. 399-1.  Avco does not appear to have included these fees in its calculation of the total requested fees, or in any of its fee breakdowns by category. *See* Avco's Br. 12–16.  Therefore, they will not be included in the final fee award.

| | | | | | Benjamin cont'd | Attend Second Deposition cont'd |
|---|---|---|---|---|---|---|
| | | allocated to Veronica Turner's deposition.] | | | | |
| 5 | 9/5 | Prepare for and conduct V. Turner's deposition; misc. case action items<br><br>*See* Blank Rome Time Entries 29.<br><br>[This billing entry totals 9.1 hours. We allocate 7.5 hours to Paszamant's attendance at the Second Deposition. The remaining 1.6 hours is allocated to preparation. *See* Row 18. The fee column reflects the portion of the fee allocated to this part of the entry.] | 7.5 | 7,275.00 | Paszamant | |
| 6 | 9/6 | Con't prep for and participation in V. Turner deposition; communications (internal and external) re: various case action items<br><br>*See* Blank Rome Time Entries 30.<br><br>[This billing entry totals 4.3 hours. We allocate 1.5 hours to Paszamant's attendance at the Second Deposition. The remaining 2.8 hours is allocated to preparation. *See* Row 19. The fee column reflects the portion of the fee allocated to this part of the entry.] | 1.5 | 1,455.00 | | |
| 7 | 9/2 | Review audio of oral argument in Idaho case and review decision from Idaho Supreme Court, preparation for VST resumed deposition.<br><br>*See* First AP&S Invoice Set 1. | 2.8 | 1,626.80 | Tarantino | Additional Work Related to Second Deposition |
| 8 | 9/4 | Preparation for V. Turner resumed deposition.<br><br>*See* First AP&S Invoice Set 3. | 1.9 | 1,103.90 | | |
| 9 | 9/6 | Prepare for and take day 3 of VST deposition.<br><br>*See* First AP&S Invoice Set 5.<br><br>[This billing entry totals 2.9 hours. We allocate 1.4 hours to deposition prep. The remainder is allocated to Tarantino's attendance at the Second Deposition. *See* Row 2. The fee column reflects the portion of the fee allocated to this part of the entry.] | 1.4 | 813.40 | | |
| 10 | 9/2 | Prepare for second day of Veronica Turner's deposition, focusing on decision in Idaho Supreme Court, | 2.4 | 1,095.60 | Benjamin | |

| | | | | | Benjamin cont'd | Additional Work Related to Second Deposition cont'd |
|---|---|---|---|---|---|---|
| | | listen to Turner's oral argument before Idaho Supreme Court, review campaign finance records, and discuss the same with Attorney Tarantino.<br><br>*See* First AP&S Invoice Set 2. | | | | |
| 11 | 9/3 | Prepare outline for second day of Veronica Turner's deposition and identify exhibits for use during the same.<br><br>*See* First AP&S Invoice Set 3. | 0.5 | 228.25 | | |
| 12 | 9/4 | Correspond with counsel regarding continuation of Ms. Turner's deposition.<br><br>*See* First AP&S Invoice Set 4. | 0.1 | 45.65 | | |
| 13 | 9/4 | Prepare for second day of deposition of Veronica Turner.<br><br>*See* First AP&S Invoice Set 4. | 1.0 | 456.50 | | |
| 14 | 9/6 | Brief Attorney Tarantino regarding conclusion of Veronica Turner's second day of deposition testimony.<br><br>*See* First AP&S Invoice Set 6. | 0.3 | 136.95 | | |
| 15 | 9/6 | Correspond with court reporter regarding exhibits from second day of Veronica Turner's deposition.<br><br>*See* First AP&S Invoice Set 6. | 0.1 | 45.65 | | |
| 16 | 9/6 | Telephone conference with Brian Paszamant regarding strategy for third day of Veronica Turner's deposition.<br><br>*See* First AP&S Invoice Set 6. | 0.3 | 136.95 | | |
| 17 | 9/4 | Prepare for continued deposition of V. Turner<br><br>*See* Blank Rome Time Entries 28. | 4.1 | 3,977.00 | Paszamant | |
| 18 | 9/5 | Prepare for and conduct V. Turner's deposition; misc. case action items<br><br>*See* Blank Rome Time Entries 29.<br><br>[This billing entry totals 9.1 hours. We allocate 1.6 hours to deposition prep. The remaining 7.5 hours is allocated to Paszamant's attendance at the Second Deposition. *See* Row 5. The fee column reflects the portion of the fee allocated to this part of the entry.] | 1.6 | 1,552.00 | | |

| 19 | 9/6 | Con't prep for and participation in V. Turner deposition; communications (internal and external) re: various case action items<br><br>*See* Blank Rome Time Entries 30.<br><br>[This billing entry totals 4.3 hours. We allocate 2.8 hours to deposition prep. The remaining 1.5 hours is allocated to Paszamant's attendance at the Second Deposition. *See* Row 6. The fee column reflects the portion of the fee allocated to this part of the entry.] | 2.8 | 2,716.00 | Paszamant cont'd | Additional Work Related to Second Deposition cont'd |
| 20 | 9/5 | Strategize with B. Paszamant regarding V. Turner deposition and case strategy<br><br>*See* Blank Rome Time Entries 30. | 0.3 | 256.50 | Rosenthal | |
| 21 | 9/6 | Strategize with B. Paszamant regarding depositions and case strategy<br><br>*See* Blank Rome Time Entries 31. | 0.7 | 598.50 | | |
| 22 | 10/15 | Prepare for and take deposition of VST<br><br>*See* Second AP&S Invoice Set (attached as Ex. B to Benjamin Decl.) 18, ECF No. 399-2.<br><br>[This billing entry totals 3.1 hours. We allocate 2.1 hours to attendance at the Third Deposition. The remaining hour is allocated to preparation. *See* Row 27. The fee column reflects the portion of the fee allocated to this part of the entry.] | 2.1 | 1,220.10 | Tarantino | Attend Third Deposition |
| 23 | 10/15 | Attend fourth day of deposition of Veronica Turner.<br><br>*See* Second AP&S Invoice Set 18. | 2.4 | 1,095.60 | Benjamin | |
| 24 | 10/15 | Attend continued deposition of V. Turner<br><br>*See* Blank Rome Time Entries 59.<br><br>[This is part of a block-billed entry totaling 2.9 hours. The remainder of the entry documents 0.4 hours for preparing for the Third Deposition. *See* Row 32. The fee column reflects the portion of the fee allocated to this part of the entry.] | 2.5 | 2,137.50 | Rosenthal | |

| 25 | 10/12 | Work on preparation for VST continued deposition.<br><br>*See* Second AP&S Invoice Set 15. | 1.9 | 1,103.90 | Tarantino | Additional Work Related to Third Deposition |
|---|---|---|---|---|---|---|
| 26 | 10/14 | Work on VST deposition preparation.<br><br>*See* Second AP&S Invoice Set 17. | 2.7 | 1,568.70 | | |
| 27 | 10/15 | Prepare for and take deposition of VST<br><br>*See* Second AP&S Invoice Set 18.<br><br>[This billing entry totals 3.1 hours. We allocate 1 hour to deposition preparation. The remainder is allocated to Tarantino's attendance at the Third Deposition. *See* Row 22. The fee column reflects the portion of the fee allocated to this part of the entry.] | 1.0 | 581.00 | | |
| 28 | 10/10 | Notice the Deposition of Veronica Turner in accordance with Judge Savage's order.<br><br>*See* Second AP&S Invoice Set 14. | 0.1 | 45.65 | Benjamin | |
| 29 | 10/16 | Draft correspondence to Judge Rueter regarding completion of Veronica Turner's deposition.<br><br>*See* Second AP&S Invoice Set 19. | 0.2 | 91.30 | | |
| 30 | 9/27 | Draft correspondence to Judge Rueter joining Avco's letter concerning V. Turner deposition<br><br>*See* Blank Rome Time Entries 47. | 0.4 | 342.00 | Rosenthal | |
| 31 | 10/14 | Analyze correspondence from N. Benjamin and W. Ely regarding exhibits for V. Turner deposition<br><br>*See* Blank Rome Time Entries 58. | 0.2 | 171.00 | | |
| 32 | 10/15 | Strategize with B. Paszamant regarding V. Turner deposition and case strategy<br><br>*See* Blank Rome Time Entries 59.<br><br>[This is part of a block-billed entry totaling 2.9 hours. The remainder of the entry documents 2.5 hours for attending the Third Deposition. *See* Row 24. The fee column reflects the portion of the fee allocated to this part of the entry.] | 0.4 | 342.00 | | |

| 33 | 9/16 | Work on reply memorandum on motion to compel and for sanctions and work on companion new motion for sanctions.<br><br>*See* First AP&S Invoice Set 13. | 4.5 | 2,614.50 | Tarantino | Prepare Sanctions Motion and Related Filings |
|----|------|---|-----|----------|-----------|---|
| 34 | 9/24 | Work on motions for sanctions and emails with Blank Rome re same<br><br>*See* First AP&S Invoice Set 19. | 3.3 | 1,917.30 | | |
| 35 | 9/25 | Work on revisions to motion for sanctions and emails with Blank Rome and with clients re same.<br><br>*See* First AP&S Invoice Set 20. | 2.2 | 1,278.20 | | |
| 36 | 9/26 | Teleconferences with J. O'Neill re sanctions motions and emails re same.<br><br>*See* First AP&S Invoice Set 21. | 0.4 | 232.40 | | |
| 37 | 9/26 | Work on sanctions motions, teleconferences with Blank Rome and emails with clients.<br><br>*See* First AP&S Invoice Set 21. | 4.6 | 2,672.60 | | |
| 38 | 10/18 | Review Plaintiffs' opposition to motion for sanctions and debriefing with NJB re same.<br><br>*See* Second AP&S Invoice Set 21. | 0.4 | 232.40 | | |
| 39 | 10/19 | Work on reply memorandum re motion for sanctions against Plaintiffs.<br><br>*See* Second AP&S Invoice Set 22. | 0.8 | 464.80 | | |
| 40 | 12/17 | Review and revise letter to Judge Rueter on sanctions motion and emails with Blank Rome re same.<br><br>*See* Fourth AP&S Invoice Set (attached as Ex. D to Benjamin Decl.) 13, ECF No. 399-4. | 0.5 | 290.5 | | |
| 41 | 12/17 | Review and revise response to Plaintiffs' objection to R&R on sanctions.<br><br>*See* Fourth AP&S Invoice Set 13. | 0.4 | 232.40 | | |
| 42 | 9/6 | Begin research on sanctions for deposition misconduct.<br><br>*See* First AP&S Invoice Set 6. | 0.4 | 182.60 | Benjamin | |

| 43 | 9/11 | Telephone conference with Brian Paszamant regarding motion for sanctions.<br><br>*See* First AP&S Invoice Set 9. | 0.5 | 228.25 | Benjamin cont'd | Prepare Sanctions Motion and Related Filings cont'd |
|---|---|---|---|---|---|---|
| 44 | 9/15 | Correspond with Jeff Rosenthal regarding points for Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 13. | 0.1 | 45.65 | | |
| 45 | 9/15 | Begin drafting Motion for Sanctions based on Plaintiffs' deposition misconduct.<br><br>*See* First AP&S Invoice Set 13. | 0.8 | 365.20 | | |
| 46 | 9/16 | Research and analysis of case law to support Motion for Sanctions based on deposition misconduct and continue drafting the same.<br><br>*See* First AP&S Invoice Set 14. | 2.2 | 1,004.30 | | |
| 47 | 9/17 | Continue drafting Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 15. | 1.9 | 867.35 | | |
| 48 | 9/17 | Continue annotating deposition testimony for purposes of categorizing the same in Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 15. | 0.6 | 273.90 | | |
| 49 | 9/17 | Continue drafting Motion for Sanctions<br><br>*See* First AP&S Invoice Set 15. | 2.5 | 1,141.25 | | |
| 50 | 9/18 | Continue drafting Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 16. | 7.7 | 3,515.05 | | |
| 51 | 9/19 | Continue drafting Motion for Sanctions based on Plaintiffs' deposition misconduct.<br><br>*See* First AP&S Invoice Set 16. | 2.9 | 1,323.85 | | |
| 52 | 9/21 | Continue drafting Motion for Sanctions, focusing specifically on the available remedies for Plaintiffs' deposition misconduct and research and analysis of case law addressing the same and edit and revise draft.<br><br>*See* First AP&S Invoice Set 17–18. | 5.1 | 2,328.15 | | |
| 53 | 9/22 | Incorporate edits into draft Motion for Sanctions. | 1.3 | 593.45 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | *See* First AP&S Invoice Set 18. | | | Benjamin cont'd | Prepare Sanctions Motion and Related Filings cont'd |
| 54 | 9/22 | Continue drafting Motion for Sanctions for Plaintiffs' deposition misconduct and circulate the same to Brian Paszamant, Jeff Rosenthal and John Tarantino for their review and comment, incorporate edits received, and correspond with Joe O'Neil regarding the same.<br><br>*See* First AP&S Invoice Set 18. | 5.5 | 2,510.75 | | |
| 55 | 9/22 | Create video clips for incorporation in Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 18. | 1.3 | 593.45 | | |
| 56 | 9/23 | Incorporate video clips in draft motion for sanctions and circulate draft to Beth Murray and Larry La Sala for their review and comment, receipt and review of Court's order granting in part Avco/Textron's Motion to Compel and reserving on Avco/Textron's request for sanctions and correspond with Beth Murray regarding the same.<br><br>*See* First AP&S Invoice Set 19. | 1.2 | 547.80 | | |
| 57 | 9/24 | Revise draft Motion for Sanctions and adjust relief requested in the same in light of Judge Rueter's ruling on Motion to Compel and for Sanctions and discuss the same<br><br>*See* First AP&S Invoice Set 19. | 3.8 | 1,734.70 | | |
| 58 | 9/25 | Receipt and review of edits from Blank Rome on Motion for Sanctions and incorporate the same.<br><br>*See* First AP&S Invoice Set 21. | 0.6 | 273.90 | | |
| 59 | 9/26 | Attention to table of contents and table of authorities in Motion for Sanctions.<br><br>*See* First AP&S Invoice Set 22. | 0.1 | 45.65 | | |
| 60 | 9/26 | Receipt and review of edits received from Beth Murray on Motion for Sanctions and incorporate the same, communicate with JAMS regarding submission of thumb drive and prepare letter to Judge Rueter to accompany the same and finalize letter to Judge Rueter regarding | 2.5 | 1,141.25 | | |

| | | | | | Benjamin cont'd | Prepare Sanctions Motion and Related Filings cont'd |
|---|---|---|---|---|---|---|
| | | Veronica Turner's deposition.<br><br>*See* First AP&S Invoice Set 22. | | | | |
| **61** | 10/20 | Draft Reply Memorandum in further Support of Motion for Sanctions.<br><br>*See* Second AP&S Invoice Set 22. | 12.2 | 5,569.30 | | |
| **62** | 10/21 | Continue editing and revising draft Reply Memorandum in Further Support of Motion for Sanctions.<br><br>*See* Second AP&S Invoice Set 24. | 2.6 | 1,186.90 | | |
| **63** | 10/21 | Continue drafting Reply Memorandum in further support of Motion for Sanctions, send copy of the same to Blank Rome for its review and comment, and send copy of the same to Larry La Sala and Beth Murray and Joe O'Neil.<br><br>*See* Second AP&S Invoice Set 24. | 0.8 | 365.20 | | |
| **64** | 10/22 | Edit and revise draft Reply Memorandum in further support of Motion for Sanctions, incidental to incorporating Larry La Sala's edits.<br><br>*See* Second AP&S Invoice Set 25. | 0.3 | 136.95 | | |
| **65** | 10/22 | Correspond with Lars Nelson, incidental to providing him with courtesy copies of Reply Memorandum in Support of Motion for Sanctions for Judge Rueter.<br><br>*See* Second AP&S Invoice Set 26. | 0.2 | 91.30 | | |
| **66** | 12/17 | Draft letter to Judge Rueter regarding fee/cost petition in accordance with his sanctions order and review the same with Blank Rome.<br><br>*See* Fourth AP&S Invoice Set 13. | 0.2 | 91.30 | | |
| **67** | 12/17 | Draft Objection to Plaintiffs' Appeal of the Special Master's Report and Recommendation regarding sanctions, finalize and file the same.<br><br>*See* Fourth AP&S Invoice Set 13. | 0.4 | 182.60 | | |
| **68** | 9/18 | Communications w/ counsel for Avco/Textron re: various case action items, including contemplated add'l motion for sanctions<br><br>*See* Blank Rome Time Entries 38. | 0.5 | 485.00 | Paszamant | |

| 69 | 9/23 | Review and comment on 2nd motions for sanctions<br><br>*See* Blank Rome Time Entries 42. | 3.1 | 3,007.00 | Paszamant cont'd | Prepare Sanctions Motion and Related Filings cont'd |
|---|---|---|---|---|---|---|
| 70 | 9/25 | R&R draft Avco/Textron ltr. to Rueter; R&R draft motion for further sanctions; conference call w/ J. Tarantino and N. Benjamin re: same<br><br>*See* Blank Rome Time Entries 44. | 4.2 | 4,074.00 | | |
| 71 | 9/26 | Communications re: motion for further sanctions<br><br>*See* Blank Rome Time Entries 45. | 0.4 | 388.00 | | |
| 72 | 9/27 | R&R draft motion to join re: motion for sanctions related to deposition conduct; R&R joinder in motion re: Turner deposition<br><br>*See* Blank Rome Time Entries 47. | 1.0 | 970.00 | | |
| 73 | 10/19 | Prepare letter to special master; conference call w/ N. Benjamin re: same<br><br>*See* Blank Rome Time Entries 63. | 2.3 | 2,231.00 | | |
| 74 | 10/21 | Communications re: replies in further support of motion for sanctions for deposition misconduct; R&R Avco/Textron's motion for sanctions for deposition misconduct<br><br>*See* Blank Rome Time Entries 63. | 2.8 | 2,716.00 | | |
| 75 | 10/22 | Finalize reply in further support of motion for deposition misconduct<br><br>*See* Blank Rome Time Entries 64. | 0.5 | 485.00 | | |
| 76 | 9/25 | Analyze exchange of correspondence from N. Benjamin, J. Tarantino and B. Paszamant regarding second motion for sanctions and letter to Judge Rueter regarding prior sanctions motion<br><br>*See* Blank Rome Time Entries 45. | 0.4 | 342.00 | Rosenthal | |
| 77 | 9/26 | Analyze Avco's letters to Judge Rueter regarding motion for sanctions and V. Turner deposition<br><br>*See* Blank Rome Time Entries 46. | 0.5 | 427.50 | | |
| 78 | 9/26 | Draft, edit and revise joinder motion for second motion for sanctions<br><br>*See* Blank Rome Time Entries 46. | 1.4 | 1,197.00 | | |
| 79 | 9/27 | Continue to draft, edit and revise joinder motion for second motion for | 1.4 | 1,197.00 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | sanctions (1.2); file same with JAMS access (.2)<br><br>Blank Rome Time Entries 47. | | | Rosenthal cont'd | Prepare Sanctions Motion and Related Filings cont'd |
| 80 | 10/18 | Analyze W. Ely response to Avco sanctions motion<br><br>*See* Blank Rome Time Entries 62. | 0.3 | 256.50 | | |
| 81 | 10/19 | Draft, edit and revise response to plaintiffs' October 18 letter regarding sanctions (.7) and exchange correspondence with B. Paszamant, J. Blevins, J. Gilliam and P. Jain regarding Same (.7)<br><br>*See* Blank Rome Time Entries 63. | 1.4 | 1,197.00 | | |
| 82 | 10/22 | Continue to draft, edit and revise reply in support of motion for deposition misconduct<br><br>*See* Blank Rome Time Entries 65. | 0.5 | 427.50 | | |
| 83 | 10/23 | Prepare for hearing with Judge Rueter on discovery sanctions.<br><br>*See* Second AP&S Invoice Set 26. | 2.7 | 1,568.70 | Tarantino | Sanctions Motion Hearing |
| 84 | 10/23 | Teleconference with Blank Rome on strategy for hearing before Judge Rueter on discovery sanctions.<br><br>*See* Second AP&S Invoice Set 26. | 0.5 | 290.50 | | |
| 85 | 10/24 | Prepare for oral argument on pending motions before Special Master.<br><br>*See* Second AP&S Invoice Set 28. | 1.0 | 581.00 | | |
| 86 | 10/24 | Argument on pending motions to compel and for sanctions.<br><br>*See* Second AP&S Invoice Set 28. | 1.7 | 987.70 | | |
| 87 | 10/22 | Telephone conference with Joe O'Neil regarding upcoming hearing before Judge Rueter.<br><br>*See* Second AP&S Invoice Set 26. | 0.1 | 45.65 | Benjamin | |
| 88 | 10/24 | Participate in Hearing on Motion for Sanctions.<br><br>*See* Second AP&S Invoice Set 28. | 2.0 | 913.00 | | |
| 89 | 10/31 | File Avco/Textron's Motion for Sanctions and Reply Memorandum in public court docket per notice provided to the Court.<br><br>*See* Second AP&S Invoice Set 35. | 0.5 | 228.25 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **90** | 10/23 | Conference call w. counsel for Avco/Textron in advance of tomorrow's arguments; prep for arguments<br><br>*See* Blank Rome Time Entries 66. | 0.5 | 485.00 | Paszamant | Sanctions Motion Hearing Cont'd |
| **91** | 10/24 | Participate in argument before special master; debrief<br><br>*See* Blank Rome Time Entries 66. | 2.0 | 1,940.00 | | |
| **92** | 10/23 | Strategize with B. Paszamant regarding motion practice, oral argument on motion for sanctions and case strategy<br><br>*See* Blank Rome Time Entries 66. | 0.2 | 171.00 | Rosenthal | |
| **93** | 10/24 | Strategize with J. Tarantino, N. Benjamin and B. Paszamant regarding oral argument on Avco motion for sanctions, motion practice and case strategy<br><br>*See* Blank Rome Time Entries 67. | 0.8 | 684.00 | | |
| **94** | 9/5 | Continue clean-up review of documents on system (2.0); collect and send to court reporter individual defendants' marked exhibits from deposition of plaintiff Veronica Turner on Thursday, September 5, 2024 (0.4)<br><br>*See* Blank Rome Time Entries 30. | 2.4 | 1,476.00 | Gilliam | Misc. Deposition-Related Work |